UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRESTON MILLION, et al.,

                        Plaintiffs,

      -against-

LOTTERY.COM INC., formerly known as
TRIDENT ACQUISITIONS CORP., et al.,

                        Defendants.

Case No. 1:22-cv-07111 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

On August 19, 2022, Plaintiff Preston Million commenced this action on behalf of himself and all others similarly situated ("Plaintiffs"), against Lottery.com Inc. ("Lottery.com") and individual defendants Anthony DiMatteo,[1] Matthew Clemenson, and Ryan Dickinson ("Individual Defendants") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 *et seq*. *See* ECF No. 1 ("Compl.") ¶¶ 62-77. Now before the Court is the unopposed motion by RTD Bros LLC, Todd Benn, Tom Benn, and Tomasz Rzedian (the "Lottery Investor Group" or the "Investor Group") for appointment as lead plaintiff and approval of lead counsel. ECF No. 27. For the following reasons, the Lottery Investor Group's motion is GRANTED.

## BACKGROUND

Defendant Lottery.com is a Delaware corporation based in Texas, that "operates a business-to-consumer" platform which allows users to electronically "purchase legally sanctioned lottery games in the United States and internationally." Compl. ¶¶ 2, 17. Plaintiffs

---

[1] Mr. DiMatteo has not yet appeared in this action. *See* ECF No. 21 (indicating service occurred on September 30, 2022).

allege that, after Lottery.com's predecessor Trident Acquisitions Corp. ("TDAC") entered into a "Business Combination Agreement" with AutoLotto, Inc., pursuant to which Lottery.com would become a publicly traded company, *id.* ¶¶ 3, 25-29, Defendants issued several public filings that contained materially misleading information about the financial state of Lottery.com, *id.* ¶¶ 30-44.  After an internal investigation, Lottery.com issued a series of statements in July 2022 that allegedly revealed non-compliance with the law and accounting controls, significant issues with its financial statements, and that the company had insufficient financial resources to operate without furloughing employees, causing its stock price to fall.  *Id.* ¶¶ 45-52.

On October 18, 2022, Preston Million, Tim Weisheipl, Stephan de Bernede, Connor Hitt, and Solutions Tabarnapp Inc. (the "Lottery.com Securities Group" or the "Securities Group") filed a motion to be appointed as lead plaintiffs and for the selection of law firms Berger Montague and Kirby McInerney as co-lead counsel.  ECF Nos. 26, 29.  That same day, movants RTD Bros LLC, Todd Benn, Tom Benn, and Tomasz Rzedzian (the "Lottery Investor Group") filed a motion to be appointed as lead plaintiffs, and for the selection of Glancy Prongay & Murray LLP as lead counsel.  ECF Nos. 27, 28.  On November 1, 2022, the Lottery.com Securities Group filed a notice of its non-opposition to the Lottery Investor Group's motion. ECF No. 35.  The Lottery.com Securities Group reasoned that the Lottery Investor Group possesses "the largest financial interest in the relief sought by the class." *Id.* at 2.  On November 2, 2022, the Lottery Investor Group filed a notice that its motion was not opposed, as the deadline to file any opposition to its motion had passed.  ECF No. 36.

## DISCUSSION

### I. Lead Plaintiff

The PSLRA sets forth the process for the appointment of a lead plaintiff in class actions brought pursuant to the Securities Act.  *See* 15 U.S.C. § 78u-4(a).  The statute provides that,

"[n]ot later than 20 days after the date on which the complaint is filed," the first plaintiffs to file a complaint must publish notice to the alleged class members advising them about "the pendency of the action; the claims asserted therein; and the purported class period;" as well as their right to seek to be appointed as lead plaintiff within sixty days of the publication of the notice. 15 U.S.C. § 78u–4(a)(3)(A)(i). Within 90 days after publication of notice, the Court "shall consider any motion made by a purported class member" and shall appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B); *see Carpenter v. Oscar Health, Inc.*, No. 22-cv-03885 (ALC) (VF), 2022 WL 4485276, at *2 (S.D.N.Y. Sept. 27, 2022).

When making this determination, the PSLRA instructs the Court to "adopt a presumption that the most adequate plaintiff in any private action . . . is the person or group of persons that[: (1)] has either filed the complaint or made a motion in response to a notice . . . ; [(2)] in the determination of the court, has the largest financial interest in the relief sought by the class; and [(3)] otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa)-(cc). That presumption may be rebutted if class members offer proof that the "presumptively most adequate plaintiff [ ] will not fairly and adequately protect the interests of the class . . . or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Notably, "[e]ven when a motion to appoint lead plaintiff is unopposed, the Court must still consider the factors under the PSLRA to ensure that the movant is the most adequate plaintiff." *City of Warren Police & Fire Ret. Sys. v. Foot Locker, Inc.*, 325 F. Supp. 3d 310, 314 (E.D.N.Y. 2018) (citing *Springer v. Code Rebel Corp.*, No. 16-cv-3492, 2017 WL 838197, at *1 (S.D.N.Y. Mar. 2, 2017) ("Though [the] motion is now unopposed, the Court nevertheless addresses the

3

requirements under the [PSLRA] . . . for appointment of lead plaintiff.")); *see also Carpenter*, 2022 WL 4485276, at *1 (considering the adequacy of the lead plaintiff even when the motion is unopposed). Even though there are two motions for lead counsel, because both movants agree that the Investor Group is the presumptively adequate lead Plaintiff here, the Court considers the relevant factors as to the Investor Group's motion only.

### A. Timeliness of Motion for Appointment of Lead Plaintiff

Counsel for Plaintiff Million published a notice of the instant lawsuit, in accordance with the PSLRA, on August 19, 2022, the same day the Complaint was filed. *See* ECF No. 31-2, Decl. of T. Elrod in Support of Lottery.com Securities' Motion, Ex. B; *see also* ECF No. 22. The Investor Group timely filed its motion to be appointed lead plaintiff on October 18, 2022. *See* ECF No. 27.

### B. Largest Financial Interest

"The PSLRA does not specify a method for calculating which plaintiff has the largest financial interest." *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008) (internal citations omitted). Courts in the Second Circuit generally consider four factors: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Id.* at 436-37; *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404 (S.D.N.Y. 2004) (collecting cases). Importantly, "[m]ost courts agree that the largest loss is the critical ingredient in determining the largest financial interest and outweighs net shares purchased and net expenditures." *Zawatsky v. Vroom, Inc.*, No. 21-cv-2477 (PGG), 2021 WL 3498191, at *5 (S.D.N.Y. Aug. 6, 2021) (quoting *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011)); *see Kaplan v.*

4

*Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) ("[W]e . . . shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant.") (collecting cases).

The Lottery Investor Group contends that, at least as of the time of its filing, it has the largest financial interest among class members who filed timely applications for appointment as lead counsel. ECF No. 28 at 7. Specifically, the Lottery Investor Group alleges it has lost a total of $8,554,826.37. *See* ECF No. 30-3, Decl. of Gregory B. Linkh in Support of Lottery Investor Group Motion, Ex. C at 2. The Lottery.com Securities Group agrees that this is the largest known financial loss among the movants and filed a notice that it did not oppose the Investor Group's motion for that reason. ECF No. 35 at 2. Indeed, the Securities Group alleged a loss of $1,835,188 – far lower than the loss alleged by the Investor Group. *See* ECF No. 29 at 7. Therefore, the Lottery Investor Group is presumptively the appropriate lead Plaintiff provided it also meets the requirements of Rule 23. *See, e.g.*, *Zawatsky*, 2021 WL 3498191, at *5.

### C. Requirements of Rule 23 of the Federal Rules of Civil Procedure

Rule 23 of the Federal Rules of Civil Procedure provides that a party may serve as a class representative only if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "[T]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination of lead plaintiff under the PSLRA." *Kaplan*, 240 F.R.D. at 94; *see also Carpenter*, 2022 WL 4485276, at *3 (noting that "the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met").

"The typicality requirement 'is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the

5

defendant's liability.'" *Maliarov v. Eros Int'l PLC*, No. 15-cv-8956 (AJN), 2016 WL 1367246, at *6 (S.D.N.Y. Apr. 5, 2016) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he lead plaintiff's claims need not be identical to the claims of the class to satisfy the preliminary showing of typicality." *Zawatsky*, 2021 WL 3498191, at *6 (internal quotation marks omitted). Like all members of the purported class here, the Investor Group alleges that "Defendants' material misstatements and omissions concerning Lottery.com'[s] business, operations, and financial prospects violated the federal securities laws." ECF No. 28 at 8. The Investor Group, like the other class members, allegedly acquired Defendants' securities in reliance on those misstatements. *See id*. Accordingly, the Investor Group has made a preliminary showing of typicality.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 297 (S.D.N.Y. 2010). The Investor Group's counsel – Glancy Prongay & Murray LLP – has "extensive experience in securities class actions on behalf of injured investors," ECF No. 28 at 9, as demonstrated by the significant relevant cases set forth on the firm's resume. *See* ECF No. 30-5, Decl. of Gregory B. Linkh in Support of Lottery Investor Group Motion, Ex. E. Additionally, the Investor Group has alleged a "loss amount suggesting that it will have a strong interest in advocating on behalf of class members." *Zawatsky*, 2021 WL 3498191, at *6. No movant has suggested that there is a conflict, or unique defense, that would make the Investor Group inadequate to represent the class here. Accordingly, the Investor Group has made a preliminary showing of adequacy.

Finally, the PSLRA permits a "group of persons" to be appointed as lead plaintiff. 15 U.S.C. § 78u-4(3)(b)(iii)(I). "In this District, courts have permitted unrelated investors to join together as a group seeking lead-plaintiff status on a case-by-case basis, if such a grouping would best serve the class." *Carpenter*, 2022 WL 4485276, at *4. Here, several members of this "group" of investors appear to have both familial and business connections to one another. *See* ECF No. 30-4, Decl. of Gregory B. Linkh in Support of Lottery Investor Group Motion, Ex. D ¶¶ 2-5 (noting that the Benns are brothers, and that Rzedzian has had a business relationship with the Benns). In addition to these relationships, the members signed a declaration indicating that they have conferred with each other and counsel regarding this motion, understand their responsibilities as lead plaintiff, and have developed a protocol to ensure seamless communication among themselves. *Id.* ¶¶ 7-10. Moreover, RTD Bros LLC's agent, Hutchin Stone, is an experienced investor. *Id.* ¶ 2. In light of these facts, the Court concludes that this group "can effectively work together to vigorously pursue the claims on behalf of the proposed class." *Carpenter*, 2022 WL 4485276, at *4.

The Investor Group's status as presumptively the most adequate plaintiff has not been rebutted by any proof that they will not fairly and adequately protect the interests of the class or that they are subject to unique defenses that render the group unable to adequately represent the class. *See* 15 USC 78u-4(a)(3)(B)(iii)(II); *Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*, 589 F. Supp. 2d 388, 397-98 (S.D.N.Y. 2008).

For the foregoing reasons, the Court concludes that the Lottery Investor Group is the plaintiff "most capable of adequately representing the interest of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

## II. Lead Counsel

Pursuant to the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection." *Zawatsky*, 2021 WL 3498191, at *6. Here, the Investor Group has sought the appointment of Glancy Prongay & Murray LLP as lead counsel. As described above, having reviewed the resume of the firm, the Court finds that it has ample experience in the area of securities class actions and representing injured investors, *see* ECF No. 30-5, Decl. of Gregory B. Linkh in Support of Lottery Investor Group Motion, Ex. E; ECF No. 28 at 9. Additionally, at least one other court has previously found that the firm may adequately serve as lead counsel. *See Elkin v. Walter Inv. Mgmt. Corp.,* No. CV 17-2025, 2017 WL 2547292, at *4 (E.D. Pa. June 13, 2017). Therefore, the Court approves the Investor Group's choice of counsel.

## CONCLUSION

Accordingly, the Lottery Investor Group's unopposed motion is GRANTED, and the Security Group's motion is DENIED.

The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 26 and 27.

Dated: November 18, 2022
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge