UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRESTON MILLION, et al.,<br><br>      Plaintiffs,<br><br>-against-<br><br>LOTTERY.COM INC., formerly known as TRIDENT ACQUISITIONS CORP., et al.,<br><br>      Defendants. | **ORDER**<br><br>Case No. 1:22-cv-07111 (JLR) |
| HAROLD M. HOFFMAN,<br><br>      Plaintiff,<br><br>-against-<br><br>LOTTERY.COM, INC., formerly known as TRIDENT ACQUISITIONS CORP., et al.,<br><br>      Defendants. | Case No. 1:22-cv-10764 (JLR) |

JENNIFER L. ROCHON, United States District Judge:

  The Court is in receipt of a letter-motion from Defendants Lottery.com, Inc., Matthew Clemenson, and Ryan Dickinson (together, "Defendants") – all of the defendants who have so far appeared in this action – requesting that *Hoffman v. Lottery.com, Inc., et al.*, No. 22-cv-10764 (the "*Hoffman* action") be consolidated with the related case before the undersigned, *Million v. Lottery.com, Inc. et al.*, No. 1:22-cv-07111 (the "*Million* action"), pursuant to Federal Rule of Civil Procedure 42(a). ECF No. 24. Plaintiff Harold Hoffman, an attorney who is proceeding *pro se*, opposes this request. ECF No. 26. For the reasons set forth below, the Court GRANTS Defendants' letter motion.

## BACKGROUND

On August 19, 2022, Plaintiff Preston Million filed a complaint in this District on behalf of himself and all others similarly situated, alleging Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 *et seq*. *See Million* action, ECF No. 1. Pursuant to the PSLRA, on November 18, 2022, the Court appointed RTD Bros LLC, Todd Benn, Tom Benn, and Tomasz Rzedzian as Lead Plaintiffs, and Glancy Prongay & Murray LLP as Lead Counsel. *See id.*, ECF No. 39 ("Lead Plaintiff Order"). On December 5, 2022, the Court ordered Plaintiffs to file their Amended Complaint no later than January 21, 2023. *See id.*, ECF No. 46. Plaintiffs complied with that Order, amending their complaint to, among other things, add Kathryn Lever, Marat Rosenberg, Vadim Komissarov, Thomas Gallagher, Gennadii Butkevych, and Ilya Ponomarev as Individual Defendants. ECF No. 52 ("*Million* Compl.").

Plaintiffs allege generally that, after Defendant Lottery.com's predecessor Trident Acquisitions Corp. ("TDAC") entered into a "Business Combination Agreement" with AutoLotto, Inc., pursuant to which Lottery.com would become a publicly traded company, Defendants issued several public filings that contained materially misleading information about the financial state of Lottery.com. *See* Lead Plaintiff Order at 1-2. Plaintiffs claim that Defendants misrepresented and omitted material facts about Lottery.com's financial and operational health. *Million* Compl. ¶ 8. In reality, Lottery.com was non-compliant with legal and accounting controls, had significant issues with its financial statements, and had insufficient financial resources to operate without furloughing employees. Lead Plaintiff Order at 2. The disclosure of this information caused Lottery.com's stock price to fall in July 2022. *Id.* The

Amended Complaint asserts claims on behalf of persons who invested in Lottery.com's stock from November 19, 2020 through July 29, 2022 (the "Class Period"). *See Million* Compl. ¶ 1.

On December 21, 2022, prior to the filing of the Amended Complaint, but after the original complaint was filed, *pro se* Plaintiff Harold Hoffman ("Hoffman") filed the instant action. *Hoffman* action, ECF No. 1 ("*Hoffman* Compl."). That day, he also filed a "Statement of Relatedness," indicating that his claims were related to the *Million* action. *See Hoffman* action, ECF No. 7. He asserts claims against Defendants for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a). *See generally Hoffman* Compl. While Hoffman's complaint does not allege these claims on behalf of a class of investors, he individually purchased 20,000 Lottery.com shares on November 22, 2021. *Id.* ¶ 16. He further alleges that, after the "Business Combination," Defendants made a series of misleading statements to the public. *See id.* ¶¶ 30-44. Hoffman alleges that the truth was "revealed" in July 2022. *Id.* ¶¶ 45-52.

On January 4, 2023, the Court set an Initial Pretrial Conference in the *Hoffman* action for March 22, 2023. *Hoffman* action, ECF No. 13. On March 2, 2023, Defendants moved for consolidation of the *Hoffman* action with the *Million* action, and requested the Initial Pretrial Conference be adjourned without date. *Id.*, ECF No. 24. Defendants argue that the claims in this action and the *Million* action are substantially identical, that consolidation will therefore "permit the efficient coordination and sequencing of any motions to dismiss, and if necessary, discovery, class procedures and trial," and that there is no prejudice to either party because discovery in both cases is automatically stayed under the PSLRA. *Id.* at 1. On March 7, 2023, Hoffman filed a letter in opposition, arguing that consolidation is "inappropriate at this time" because he has not amended his complaint in accordance with the Amended Complaint in *Million*, and because

3

discovery in this action will be more truncated than in a case involving class allegations. *Id.*, ECF No. 26. That same day, Defendants filed a letter in reply. *Id.*, ECF No. 27. Plaintiff Hoffman filed a further letter response on March 8, 2023. *Id.*, ECF No. 28.

## CONSOLIDATION LEGAL STANDARD

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions that "involve a common question of law or fact[.]" Fed. R. Civ. P. 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "Consolidation is 'a valuable and important tool of judicial administration' that should be 'invoked to expedite trial and eliminate unnecessary repetition and confusion.'" *Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 394 (S.D.N.Y. 2014) (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)). "The trial court has broad discretion to determine whether consolidation is appropriate." *Celotex Corp.*, 899 F.2d at 1284. That discretion, however, "is not unfettered." *Id.* at 1285. Courts must consider the facts of each case, as well as equity and judicial economy, to determine if the benefits of consolidation outweigh "potential prejudice to the parties." *Reitan*, 68 F. Supp. 3d at 394. The Second Circuit has instructed that, when determining whether consolidation is appropriate, "efficiency cannot be permitted to prevail at the expense of justice – consolidation should be considered when savings of expense and gains of efficiency can be accomplished *without sacrifice of justice*." *Devlin*, 175 F.3d at 130 (internal quotation marks and citations omitted). "The party moving for consolidation bears the burden of showing the commonality of factual and legal issues in the actions it seeks to consolidate." *Delre v. Perry*, 288 F.R.D. 241, 246 (E.D.N.Y. 2012).

## DISCUSSION

The Court concludes that consolidation of the *Hoffman* action with the *Million* action is warranted because both actions involve substantially identical questions of law and fact. Specifically, both complaints allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and therefore are also subject to the PSLRA. Both complaints are brought on behalf of persons who purchased Lottery.com stock. *See Hoffman* Compl. ¶ 16; *Million* Compl. ¶ 1. Both complaints seek remedies against Lottery.com and several of its senior investors. *See Hoffman* Compl. ¶¶ 17-22; *Million* Compl. ¶¶ 26-32. While the *Million* action does involve claims against additional "TDAC Defendants," *see Million* Compl. ¶¶ 33-39, the substance of the allegations against Defendants in the *Hoffman* action is otherwise largely identical to the class allegations.[1] Indeed, both complaints allege the same wrongdoing, the same misstatements, and the same relief. Put simply, they allege the same fraudulent scheme by Defendants.

Hoffman's arguments that he will be prejudiced by consolidation are unavailing. He contends that his case has "vastly distinct factual and legal issues," but does not provide sufficient examples. *See Hoffman* action, ECF No. 26 at 2. To be sure, the *Million* class action is slightly further along in litigation, and alleges a more expansive scheme; nevertheless, the "time period and statements" alleged by Hoffman appear to be "fully encompassed" in the class action complaint. *Crowe v. JPMorgan Chase & Co.*, No. 08-mdl-01963, 2009 WL 3852381, at *2 (S.D.N.Y. Nov. 18, 2009). Moreover, Hoffman contends that discovery in his case, which does not include class claims, will be "limited" and involve "fewer than five depositions[,]" such

---

[1] According to Defendants, Hoffman is still considering amending his complaint to be consistent with the Amended Complaint in *Million*. *See Hoffman* action, ECF No. 27 at 1.

that discovery can be completed in six months. *Hoffman* action, ECF No. 26 at 2. But this argument fails to account for the stay of discovery that applies to claims for securities law violations under the PLSRA, and motion practice regarding Defendants' likely motion to dismiss. *See id.*, ECF No. 24.[2] Hoffman has not otherwise shown that he will be prejudiced by consolidation, except to assert that he "has no interest in being swept up in class counsel's expansion of their case." *Id.*, ECF No. 26 at 2. This desire alone does not outweigh the substantial benefits to judicial economy that will result from the consolidation of actions that contain identical facts and questions of law related to Defendants' alleged misstatements.

If the Court did not grant the consolidation order, there would be "substantial overlap in pleadings and responses, and in the document discovery and witness testimony sought by Plaintiffs, which would result in inefficiencies, waste of judicial resources, unnecessary confusion, and duplicative discovery, in addition to raising the possibility of inconsistent results." *Crowe*, 2009 WL 3852381, at *2. For these reasons, "[c]ourts have routinely consolidated individual securities actions with class actions, given the obvious benefits in terms of efficiency and judicial economy." *Id.* at *4 (collecting cases); *see also Jakobsen v. Aphria, Inc.*, No. 18-cv-11376 (GBD), 2019 WL 1522598, at *1 (S.D.N.Y. Mar. 27, 2019) ("In securities actions where the complaints are based on the same public statements and reports, consolidation is appropriate if there are common questions of law or fact." (quoting *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001)); *Reitan*, 68 F. Supp. 3d at 394 (consolidating two class actions complaints alleging same fraudulent scheme under Sections 10(b) and 20(a)). Having

---

[2] In his March 8, 2023 letter, Hoffman acknowledges that a stay of discovery is triggered by a motion to dismiss, which Defendants have not yet filed. *Id.*, ECF No. 28. Defendants are currently briefing their motion to dismiss in the *Million* action, and have indicated an intent to keep a similar briefing schedule in the *Hoffman* action. *See id.*, ECF No. 24 at 1.

considered both the equity and judicial economy that may result from consolidation, as well as the prejudice to Hoffman, the Court concludes that consolidation is appropriate here.

Accordingly, the Court exercises its discretion to consolidate *Hoffman v. Lottery.com, Inc., et al.*, Case No. 1:22-cv-10764 with *Million v. Lottery.com, Inc., et. al.*, Case No. 1:22-cv-07111.  Unless otherwise ordered by this Court, future filings in the consolidated case shall be filed and docketed only under docket number 22-cv-07111 (JLR).

The actions shall be referred to collectively as *In re Lottery.com, Inc. Securities Litigation*, Case No. 1:22-cv-07111 (JLR).  Every pleading filed in the consolidated action under 22-cv-07111 (JLR) shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE LOTTERY.COM, INC. SECURITIES LITIGATION | Case No. 1:22-cv-07111 (JLR) |
|---|---|

The Initial Pretrial Conference scheduled for March 22, 2023 is hereby adjourned without date.  Defendants' deadline to respond to Hoffman's complaint is extended to April 3, 2023.  The parties shall otherwise comply with the briefing schedule set forth at 22-cv-07111, ECF No. 60.

Dated: March 10, 2023
       New York, New York

                                      SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge