UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: LOTTERY.COM, INC. SECURITIES LITIGATION | Civil Action No. 1:22-cv-07111 (JLR) <br><br> **Oral Argument Requested** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LOTTERY.COM, INC.'S MOTION TO DISMISS PLAINTIFF HAROLD M. HOFFMAN'S ORIGINAL COMPLAINT**

Lars L. Berg
Texas State Bar No. 00787072
lars.berg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 878-3503
Facsimile: (817) 878-9280
*Admitted Pro Hac Vice*

Steven P. Benenson
New York State Bar No. 5378773
SPBenenson@pbnlaw.com
PORZIO, BROMBERG & NEWMAN, PC
1675 Broadway, Suite 1810
New York, New York  10019-3800
(212) 265-6888

ATTORNEYS FOR LOTTERY.COM, INC.

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF FACTS...................................................................................................2

    A.    The Business Combination ...........................................................................................2

    B.    The alleged misrepresentations concerning financial results and internal controls.........2

    C.    Plaintiff claims "the truth" was disclosed in subsequent SEC filings. ...........................4

III. ARGUMENT.....................................................................................................................5

    A.    Plaintiff has not sufficiently identified the alleged false statements and has not explained with particularity why each statement is false...................................................6

    B.    The Complaint fails to establish contemporaneous falsity. .............................................7

    C.    All of Plaintiff's claims against Lottery.com fail because Plaintiff has not adequately pled scienter. ......................................................................................................10

        1.    Plaintiff has not sufficiently alleged motive and opportunity................................11

        2.    Plaintiff has not alleged "strong circumstantial evidence" of scienter. .................12

        3.    The Complaint's other allegations of scienter are meritless................................14

        4.    Fraud is not remotely the more compelling inference. ..........................................15

    D.    Plaintiff has failed to plead a viable omissions theory. ..................................................16

    E.    Plaintiff has failed to plead with particularity the facts underlying any violation of law. ...................................................................................................................17

    F.    Any purported statement about compliance with laws is an opinion statement subject to *Omnicare*'s pleading standard. ........................................................................18

IV. CONCLUSION...................................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anschutz Corp. v. Merrill Lynch & Co.*,
 690 F.3d 98 (2d Cir. 2012)....................................................................................................5

*Apex Arc, Inc. v. Garvey*,
 104 F. Supp. 2d 326 (S.D.N.Y. 2000)..................................................................................14

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009).............................................................................................................5

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
 493 F.3d 87 (2d Cir. 2007)..............................................................................................1, 10

*In re Bemis Co. Securities Litigation*,
 512 F. Supp. 3d 518 (S.D.N.Y. 2021)..................................................................................8

*In re BISYS Sec. Litig.*,
 397 F. Supp. 3d 430 (S.D.N.Y. 2005).................................................................................15

*Boca Raton Firefighters & Police Pension Fund v. Bahash*, 506 F. App'x 32, 38
 (2d Cir. 2012).................................................................................................................6, 7

*In re Braskem S.A. Sec. Litig.*,
 246 F. Supp. 3d 731 (S.D.N.Y. 2017).................................................................................16

*In re: Bristol-Myers Squibb Company CVR Sec. Litig.*,
 21-CV-8255 (JMF), 2023 WL 2308151 (S.D.N.Y. Mar. 1, 2023)....................................10, 11

C.*D.T.S. v. UBS AG*,
 2013 WL 6576031 (S.D.N.Y. Dec. 13, 2013), *aff'd sub nom. Westchester*
 *Teamsters Pension Fund v. UBS AG*, 604 F. App'x 5 (2d Cir. 2015)....................................15

*City of Coral Springs Police Officers' Retirement Plan v. Fartech Ltd.*,
 565 F. Supp. 3d 478 (S.D.N.Y. 2021).................................................................................15

*Cortina v. Anavax Life Sciences Corp.*,
 15-CV-10162 (JMF), 2016 WL 7480415 (S.D.N.Y. Dec. 29, 2016) ..................................12

*Denny v. Barber*,
 576 F.2d 465 (2d Cir. 1978)..............................................................................................13

*Deutsche Bank Sec. Litig.*,
 16 Civ. 3495 (AT), 2017 WL 4049253 (S.D.N.Y. June 28, 2017).........................................7

*In re DraftKings Inc. Sec. Litig.*,
  21 Civ. 5739 (PAE), 2023 WL 145591 (S.D.N.Y. Jan. 10, 2023) ......................................5, 18

*ECA, Loc. 134 IBEW Joint Penson Tr. of Chi. v. JP Morgan Chase Co.*,
  553 F.3d 187 (2d Cir. 2009)..........................................................................................10, 11, 12

*In re Ferroglobe PLC Sec. Litig.*,
  No. 19 Civ. 629 (RA), 2020 WL 6585715 (S.D.N.Y. Nov. 10, 2020) ...................................13

*Francisco v. Abengoa, S.A.*,
  481 F. Supp. 3d 179 (S.D.N.Y. 2020)......................................................................................8

*Gagon v. Alkermes PLC*,
  368 F. Supp. 3d 750 (S.D.N.Y. 2019).....................................................................................17

*In re Gildan Acivewear, Inc. Sec. Litig.*,
  636 F. Supp. 2d 261 (S.D.N.Y. 2009).....................................................................................14

*Hadar v. Concordia Yacht Builders, Inc.*,
  No. 92 Civ. 3768 (RLC), 1997 WL 436464 (S.D.N.Y. Aug. 4, 1997)....................................17

*Kalnit v. Eichler*,
  85 F. Supp. 2d 232 (S.D.N.Y. 1999)......................................................................................11

*In re Lululemon Sec. Litig.*,
  14 F. Supp. 3d 553 (S.D.N.Y. 2014).................................................................6, 7, 8, 9, 16

*In re Magnum Hunter Res. Corp. Sec. Litig.*,
  26 F. Supp. 3d 278 (S.D.N.Y. 2014)................................................................................15, 16

*In re Marsh & Mclennan Cos., Inc. Sec. Litig.*,
  501 F. Supp. 452 (S.D.N.Y. 2006) ...................................................................................13, 19

*Menaldi v. Och-Ziff Capital Management Group LLC*,
  164 F. Supp. 3d 568 (S.D.N.Y. 2016).....................................................................................16

*In re Nine West LBO Sec. Litig.*,
  482 F. Supp. 3d 187 (S.D.N.Y. 2020).....................................................................................17

*Novak v. Kasaks*,
  216 F.3d 300 (2d Cir. 2000)..............................................................................................12, 13

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund.*
  575 U.S. 175 (2015).......................................................................................................2, 18, 19

*In re PetroChina Co. Ltd. Sec. Litig.*,
  120 F. Supp. 3d 340 (S.D.N.Y. 2015)......................................................................................6

iii

*Plumber & Steamfitters Local 773 Pension Fund v. Danske Bank A/S*,
    11 F.4th 90 (2d Cir. 2021) .................................................................................17, 18

*Ressler v. Liz Claiborne, Inc.*,
    75 F. Supp. 2d 43 (E.D.N.Y. 1998) ......................................................................8, 9

*Richman v. Goldman Sachs Group, Inc.*,
    868 F. Supp. 2d 261 (S.D.N.Y. 2012)......................................................................16

*Rombach v. Chang*,
    355 F.3d 164 (2d Cir. 2004).........................................................................7, 12, 15

*Rothstein v. UBS AG*,
    708 F.3d 82 (2d Cir. 2013)........................................................................................5

*Scott v. Gen. Motors Co.*,
    46 F. Supp. 3d 387 (S.D.N.Y. 2014), *aff'd* 605 F. App'x 52 (2d Cir. 2015)...........19

*Seibert v. Sperry Rand Corp.*,
    586 F.2d 949 (2d Cir. 1978).....................................................................................17

*Singh v. Cigna Corp.*,
    277 F. Supp. 3d 291 (D. Conn. 2017).......................................................................13

*Singh v. Cigna Corp.*,
    918 F.3d 57 (2d Cir. 2019).........................................................................................5

*Slayton v. American Exp. Co.*,
    604 F.3d 758 (2d Cir. 2010).....................................................................................15

*Stratte-McClure v. Morgan Stanley*,
    776 F.3d 94 (2d Cir. 2015).......................................................................................10

*Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*,
    531 F.3d 190 (2d Cir. 2008) ....................................................................................14

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
    551 U.S. 308 (2007).....................................................................................6, 10, 15

*Tongue v. Sanofi*,
    816 F.3d 199 (2d Cir. 2016).....................................................................................18

**Statutes**

15 U.S.C. § 78u-4(b)(1) .............................................................................................6

Defendant Lottery.com, Inc. ("Lottery.com") respectfully submits this memorandum in support its Motion to Dismiss Plaintiff Harold M. Hoffman's Original Complaint [Case No. 1:22-cv-10764, ECF No. 1] pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 78 U.S.C. §78u-4 (the "PSLRA").

## I. INTRODUCTION

Pursuant to Rule 9(b) and the PSLRA, "[s]ecurities fraud claims are subject to heightened pleading requirements that the plaintiff must meet to survive a motion to dismiss." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 89 (2d Cir. 2007). Plaintiff contends Lottery.com violated Rule 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Plaintiff's claim is therefore subject to these heightened pleading standards. Plaintiff claims that beginning on November 15, 2022, Lottery.com made false and/or misleading statements in its SEC filings because it "misrepresented and/or failed to disclose that: (i) the Company lacked adequate internal accounting controls; (ii) the Company lacked adequate internal controls over financial reporting pertaining to revenue recognition and the reporting of cash; [and] (iii) the Company was not in compliance with state and federal laws governing the sale of lottery tickets." Complaint, ¶ 44.

Plaintiff's theories are meritless, and the Complaint should be dismissed, for several reasons. *First*, the Complaint does not specifically identify each purported misrepresentation or failure to disclose and does not explain why each alleged statement was false. *Second*, Plaintiff has not alleged sufficient facts to establish contemporaneous falsity, *i.e.*, facts sufficient to show that the alleged misstatements were false when they were made. *Third*, Plaintiff has made no showing of scienter. There is no evidence of Lottery.com's "motive and opportunity" and there is no "strong circumstantial evidence" of conscious misbehavior or recklessness. The lack of unusual stock sales and that Lottery.com made corrective disclosures and took remedial measures are

1

contrary to any inference of scienter. *Fourth*, Plaintiff has not pled a viable omissions theory because Lottery.com's statements were not misleading when made. *Fifth*, Lottery.com's statements about compliance with laws are not actionable because Plaintiff has not alleged with particularity an underlying violation of law. Finally, any statement by Lottery.com that it was in compliance with laws is an opinion statement subject to the Supreme Court's *Omnicare* pleading requirements, which Plaintiff has not satisfied. For these reasons, the claims against Lottery.com should be dismissed with prejudice.

## II. STATEMENT OF FACTS

The Complaint alleges claims against Lottery.com and certain of Lottery.com's former executives (collectively, the "Individual Lottery Defendants"). A table listing each of the public statements challenged by Plaintiff is attached as Appendix A hereto.[1]

### A.    The Business Combination

TDAC, a special purpose acquisition company, entered into a Business Combination Agreement with AutoLotto, Inc., pursuant to which Lottery.com would become a publicly traded company. Complaint, ¶ 3. Lottery.com operates a proprietary online platform to play official, state-sanctioned lottery games. *Id.* at ¶ 2. The transactions contemplated by the Business Combination Agreement were completed on October 29, 2021, and soon thereafter, Lottery.com began trading on the NASDAQ. *Id.* at ¶ 3. Plaintiff purchased 20,000 shares of Lottery.com on November 22, 2021, for approximately $150,000. *Id.* at ¶ 16.

### B.    The alleged misrepresentations concerning financial results and internal controls

Plaintiff contends that, beginning on November 15, 2021, Lottery.com made additional misrepresentations and/or failed to disclose information about the company's financial

---

[1] The Appendix lists the Complaint paragraph reference, source, date, challenged statement and its number, and a summary of the reasoning why each statement is non-actionable.

performance and its internal controls through various SEC filings and press releases.  On that day, Lottery.com filed a Form 8-K announcing that it had hired Aramino LLP as the company's independent registered public accounting firm and that Marcum LLP had been dismissed as the company's auditing firm.  *Id.* at ¶ 30.  Plaintiff contends the Form 8-K also "reported that there were no issues or concerns with any prior financial statement, for the years ended December 31, 2020 and December 31, 2019."  *Id.*

Also on November 15, 2021, Lottery.com filed a Form 10-Q for the period ending September 30, 2021, in which it disclosed that it had "identified errors made in its historical financial statement" regarding the valuation of its "common stock subject to possible redemption." *Id.* at ¶ 31.  The Form 10-Q also disclosed a material weakness regarding the classification of warrants, which necessitated the company to restate its financials on Form 10-K/A.  *Id.* at ¶ 32. Lottery.com also disclosed that its "disclosure controls and procedures were not effective as of September 30, 2021."  *Id.*  The company assured investors that it intended to "enhance [its] processes to identify and appropriately apply applicable accounting requirements . . . ."  *Id.* at ¶ 33.  The Form 10-Q contained certifications as required by the Sarbanes-Oxley Act of 2002.  *Id.* at ¶¶ 34, 35.

On March 31, 2022, Lottery.com issued a press release and filed a Form 8-K in which it announced financial results for Q4 2021 and full-year 2021.  *Id.* at ¶ 36.  Specifically, Lottery.com reported revenue of $21.5 million for Q4 2021, revenue of $68.5 million for full-year 2021, and $62.6 million in cash for Q4 2021.  *Id.* at ¶ 36.

On April 1, 2022, Lottery.com filed its annual report on Form 10-K for the year ended December 31, 2021.  In the Form 10-K, Lottery.com "identified a material weakness in internal control over financial reporting," and the company announced that it had "commenced measures

to remediate" the material weakness.  *Id.* at ¶ 37.  The Form 10-K also contained certifications as required by the Sarbanes-Oxley Act of 2022.  *Id.* at ¶ 39.

On May 16, 2022, Lottery.com issued a press release and filed a Form 8-K in which it reported financial results for Q1 2022.  *Id.* at ¶ 40.  The Form 8-K reported $21.2 million in Q1 2022 revenues and cash of $50.8 million.  *Id.*  Also on May 16, 2022, Lottery.com filed Form 10-Q for Q1 2022, in which it disclosed the same financial results and also disclosed that its "disclosure controls and procedures were not effective due to the material weakness in our internal control over financial reporting with respect to our financial statement close and reporting process . . . ."  *Id.* at ¶ 41.  The Form 10-Q contained certifications as required by the Sarbanes-Oxley Act of 2022.  *Id.* at ¶ 43.

Critically, Plaintiff claims that *all* of these public filings and certifications "were materially false or misleading" for the exact or substantially same reason: "The statements . . . were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and compliance policies.  Specifically, these statements misrepresented and/or failed to disclose that: (i) the Company lacked adequate internal accounting controls; (ii) the Company lacked adequate internal controls over financial reporting pertaining to revenue recognition and the reporting of cash; (iii) the Company was not in compliance with state and federal laws governing the sale of lottery tickets; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times."  *Id.*, ¶ 44.

C.      **Plaintiff claims "the truth" was disclosed in subsequent SEC filings.**

Plaintiff contends that the "true state of Lottery.com's finances and operations" were revealed beginning on July 6, 2022.  *Id.* at ¶ 45.  That day, Lottery.com disclosed in a Form 8-K that an internal investigation had revealed "issues pertaining to the Company's internal accounting

controls" and "instances of non-compliance with state and federal laws concerning the state in which tickets are procured as well as order fulfillment." *Id.* Moreover, Lottery.com disclosed on July 15, 2022, that its internal investigation had revealed that "it has overstated its available unrestricted cash balance by approximately $30 million and that, relatedly, in the prior fiscal year, it improperly recognized revenue in the same amount." Lottery.com subsequently revealed on July 22, 2022, that its auditor had determined that its financial statements for 2021 and Q1 2022 should no longer be relied upon. *Id.* at ¶ 49. In subsequent disclosures, Lottery.com informed investors that "there is substantial doubt about the Company's ability to continue as a going concern" and that it had furloughed the majority of its employees. *Id.* at ¶ 51.

### III. <u>ARGUMENT</u>

"To avoid dismissal under Section 10(b) and 10b-5, a complaint must plausibly allege: (1) a material misrepresentation (or omission); (2) scienter, *i.e.*, a wrongful state of mind; (3) a connection with the purchase or sale of a security; (4) reliance . . .; (5) economic loss; and (6) loss causation." *Singh v. Cigna Corp.*, 918 F.3d 57, 62 (2d Cir. 2019). While well-pled factual allegations are accepted as true, this Court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 6778 (2009).

Plaintiff's claim against Lottery.com is subject to Rule 9(b) and the PSLRA. *See In re DraftKings Inc. Sec. Litig.*, 21 Civ. 5739 (PAE), 2023 WL 145591, at *15 (S.D.N.Y. Jan. 10, 2023). Rule 9(b) requires Plaintiff to specify the time, place, and contents of each misrepresentation, and "explain why the statements were fraudulent." *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 108 (2d Cir. 2012). The PSLRA similarly requires Plaintiff to allege

with particularity "each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1). These particularized facts must "giv[e] rise to a strong inference that the defendant acted with the required state of mind. *Id.* § 78u-4(b)(2)(A). The PSLRA thus "requires plaintiffs to state with particularity both the facts constituting the alleged violation, and the facts evidencing scienter, *i.e.*, the defendant's intention 'to deceive, manipulate, or defraud.'" *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 313 (2007).

### A. Plaintiff has not sufficiently identified the alleged false statements and has not explained with particularity why each statement is false.

To state a claim, Plaintiff must identify each false statement and state with particularity *why* each of the alleged statements was false. *In re Lululemon Sec. Litig.*, 14 F. Supp. 3d 553, 571 (S.D.N.Y. 2014). "The Second Circuit has commented that district courts should not have to 'search for long quotations in the complaint for particular false statements, and then determine on its own initiative how and why the statements were false and how other facts might show a strong inference of scienter.'" *In re PetroChina Co. Ltd. Sec. Litig.*, 120 F. Supp. 3d 340, 356 (S.D.N.Y. 2015) (quoting *Boca Raton Firefighters & Police Pension Fund v. Bahash*, 506 F. App'x 32, 38 (2d Cir. 2012)). Yet this is precisely the approach taken by Plaintiff. The Complaint contains large block quotations, often spanning multiple paragraphs and pages, which have been copied and pasted from Lottery.com's SEC filings and press releases, without specifically identifying which particular statements in the quotations are alleged to be false. *See, e.g.*, Complaint, ¶¶ 30, 32, 33, 34, 37, 39 (relying on block quote from ¶ 34); 41, 42, and 42 (relying on block quote from ¶ 34). In addition, though Plaintiff claims Lottery.com made misrepresentations about compliance with laws, the Complaint fails to identify a single representation about legal compliance.

In a single boilerplate and conclusory paragraph, Plaintiff makes a fruitless effort to explain why *all* of the statements quoted in the Complaint are false and/or misleading. *Id.* at ¶ 44. That paragraph states:

> The statements referenced in paragraphs 30 - 43, *supra*, were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and compliance policies. Specifically, these statements misrepresented and/or failed to disclose that (i) the Company lacked adequate internal accounting controls; (ii) the Company lacked adequate internal controls over financial reporting pertaining to revenue recognition and the reporting of cash; (iii) the Company was not in compliance with state and federal laws governing the sale of lottery tickets; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

*Id.*

This approach has been squarely rejected by Second Circuit courts multiple times. *See id.*; *Deutsche Bank Sec. Litig.*, 16 Civ. 3495 (AT) (BCM), 2017 WL 4049253, at *5 (S.D.N.Y. June 28, 2017) (holding Plaintiffs failed to adequately plead an actionable misstatement where Complaint was "replete with . . . block quotations" and employed "the same conclusory formula" to explain why "all of the alleged material misrepresentations" were false); *Bahash*, 506 F. App'x at 38. This type of complaint "does not comport with [the Second Circuit's] exhortation that plaintiffs 'must demonstrate with specificity why and how' each statement is materially false or misleading." *Bahash*, 506 F. App'x at 37–38 (quoting *Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004)). On this basis alone, the claims against Lottery.com should be dismissed with prejudice.

### B.      The Complaint fails to establish contemporaneous falsity.

"A violation of Section 10(b) and Rule 10b-5 premised on misstatements cannot occur unless an alleged material misstatement was false *at the time it was made*." *Lululemon*, 14 F. Supp. 3d at 571 (emphasis in original). "A statement believed to be true when made, but later shown to be false, is insufficient." *Id.* "In such a circumstance, there is a lack of actionable

falsity."  *Id.*  Thus, "without *contemporaneous* falsity, there can be no fraud."  *Id.* (emphasis in original).  This same analysis applies to claims under Section 14(a) and Rule 14a-9.  *See In re Bemis Co. Securities Litigation*, 512 F. Supp. 3d 518, 539 (S.D.N.Y. 2021).

Plaintiff alleges that Lottery.com made "materially false or misleading statements and/or failed to disclose . . . that . . . the Company was not in compliance with state and federal laws governing the sale of lottery tickets . . . ."  Complaint, ¶¶ 10, 44.  Though it is not clear from the Complaint, Plaintiff appears to contend that these unspecified statements were proven to be false because Lottery.com, in its Form 8-K filed with the SEC on July 6, 2022, disclosed that an internal investigation had revealed "instances of non-compliance with state and federal laws concerning the state in which tickets are procured as well as order fulfillment."  *Id.* at ¶ 4.  That disclosure, however, makes none of Lottery.com's prior, unspecified statements false.  The "mere disclosure of adverse information shortly after a positive statement does not support a finding that the prior statement was false at the time it was made."  *Ressler*, 75 F. Supp. 2d at 52; *see Francisco v. Abengoa, S.A.*, 481 F. Supp. 3d 179, 210 (S.D.N.Y. 2020) (holding statement that company had "no plans" to "tap the capital markets" was not false simply because the company announced the next business day that it was seeking "a massive capital increase").  "The Second Circuit has emphasized that Rule 9(b)'s particularity requirement demands specific factual allegations demonstrating that a statement was false or misleading when made."  *Ressler v. Liz Claiborne, Inc.*, 75 F. Supp. 2d 43, 52 (E.D.N.Y. 1998).  To satisfy this requirement, "a plaintiff must detail specific contemporaneous data or information known to the defendant that was inconsistent with the representation in question."  *Id.*  No such specific factual allegations exist in the Complaint.

To the extent Plaintiff relies on the internal investigation discussed in Lottery.com's Form 8-K filed on July 6, 2022, an "unsupported general claim of the existence of confidential company . . . reports [containing adverse information] . . . is insufficient to survive a motion to dismiss."  *Id.*

(quoting *Arazie v. Mullane*, 2 F.3d 1456, 1467–68 (7th Cir. 1993)).  Thus, Plaintiff must indicate "who prepared the reports, when the reports were prepared, what the reports said, how firm the data was, and who at the company reviewed the reports and when." *Id.*  Plaintiff has not done so.

Plaintiff also claims Lottery.com made false statements or failed to disclose information about the company's financial performance and its internal controls over financial reporting. Plaintiff primarily asserts that Lottery.com's press releases and SEC filings were rendered false or misleading through its subsequent disclosure that an internal investigation had revealed "issues pertaining to the Company's internal accounting controls," and that the company had "overstated its available unrestricted cash balance by approximately $30 million" and "improperly recognized revenue in the same amount." Complaint, ¶¶ 4–6.  But those subsequent statements alone establish nothing about what information was available to Lottery.com when it made its purported misstatements.  Simply because a statement is later shown to be false does not mean it was false when made. *Lululemon*, 14 F. Supp. 3d at 571 (stating that "a statement believed to be true when made, but later known to be false, is insufficient" and instead requiring "*contemporaneous falsity*").  And although Plaintiff alleges that "the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading," the Complaint sets forth absolutely no facts to evidence contemporaneous falsity or knowledge of such falsity. Complaint, ¶ 22.  Plaintiff points to no specific, contemporaneous information that was known or available to Lottery.com or the Individual Defendants that made Lottery.com's public declarations false at the time they were made.  Failure to establish contemporaneous falsity is fatal to Plaintiff's claims.

### C.     **All of Plaintiff's claims against Lottery.com fail because Plaintiff has not adequately pled scienter.**

The PLSRA also requires a plaintiff plead scienter—the defendant's "intention to deceive, manipulate, or defraud"—with particularity.  *Tellabs*, 551 U.S. at 313.   "To satisfy that requirement, a complaint must, with respect to each defendant and 'with respect to each act or omission alleged to [constitute securities fraud], state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *In re: Bristol-Myers Squibb Company CVR Sec. Litig.*, 21-CV-8255 (JMF), 2023 WL 2308151, at *3 (S.D.N.Y. Mar. 1, 2023) (quoting *ATSI Comms., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007)).  The "strong inference" must be "more than merely plausible or reasonable." *Tellabs*, 551 U.S. at 314.  Using an "inherently comparative" inquiry, the Court "must consider plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff." *Id.* at 323.  A complaint alleging securities fraud will survive a motion to dismiss "only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.*

In the Second Circuit, the scienter pleading requirement may be satisfied in one of two ways: "by alleging facts (1) showing that the defendants had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness." *ATSI Comms.*, 493 F.3d at 99.  To show that defendants had motive and opportunity, the plaintiff must allege that the defendant "benefitted in some concrete and personal way from the purported fraud." *ECA, Loc. 134 IBEW Joint Penson Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009) (internal quotation marks omitted).  To establish "strong circumstantial evidence of conscious misbehavior or recklessness," the plaintiff must allege either actual intent or "conscious recklessness — *i.e.*, a state of mind approximating actual intent, and not merely a heightened form of negligence." *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94,

10

106 (2d Cir. 2015). "More specifically, a plaintiff must allege, 'at the least,' that the defendant engaged in 'conduct which was highly unreasonable and which represents an extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it.'" *Bristol-Meyers*, 2023 WL 2308151, at *4 (quoting *Kalnit v. Eichler*, 264 F.3d 131, 142 (2d Cir. 2001)). Measured against these demanding standards, Plaintiff's allegations of scienter fall far short.

### 1.    Plaintiff has not sufficiently alleged motive and opportunity.

As an initial matter, Plaintiff has not sufficiently alleged that Lottery.com had both motive and opportunity to commit the alleged fraud. Although Plaintiff alleges that the Individual Defendants "possessed the power and authority to control the contents of Lottery.com's SEC filings, press releases, and other market communications" and that the Individual Defendants "had the ability and opportunity to prevent their issuance or to cause them to be correct," such allegations only establish that the Individual Defendants had *opportunity* to commit fraud. These allegations do not, however, establish any motive. *See Kalnit v. Eichler*, 85 F. Supp. 2d 232, 243 (S.D.N.Y. 1999) (holding plaintiff had adequately pled opportunity but not motive through allegations about the individual defendant's power and authority within the company).

"Motives that are common to most corporate officers, such as the desire for the corporation to appear profitable and the desire to keep stock prices high to increase officer compensation, do not constitute 'motive' for purposes of this inquiry." *ECA*, 553 F.3d at 198. Instead, motive is sufficiently pleaded "when corporate insiders allegedly make a misrepresentation in order to sell their own shares at a profit." *Id.* Here, "[n]owhere in the Complaint does plaintiff allege that defendants benefitted from the alleged misrepresentations and omissions. Nor are there any facts from which an inference of motive can be drawn. Put simply, there is no indication that defendants profited from their alleged material omissions." *Kalnit*, 85 F. Supp. 2d at 243. As a result, Plaintiff

11

has not sufficiently pleaded scienter through the "motive and opportunity" prong.  *See Cortina v. Anavax Life Sciences Corp.*, 15-CV-10162 (JMF), 2016 WL 7480415, at *6 (S.D.N.Y. Dec. 29, 2016) (holding that plaintiffs failed to demonstrate motive and opportunity because they made "no allegation that any Defendant sold shares during the Class Period.").

### 2.  Plaintiff has not alleged "strong circumstantial evidence" of scienter.

In addition, Plaintiff cannot satisfy the "strong circumstantial evidence" prong of the scienter analysis.  Failing to sufficiently establish motive and opportunity is not fatal, the "strength of the circumstantial allegations must be correspondingly greater" if there is no motive.  *ECA*, 553 F.3d at 199.  "At least four circumstances may give rise to a strong inference of the requisite scienter: where the complaint sufficiently alleges that the defendants (1) benefitted in a concrete and personal way from the purported fraud; (2) engaged in deliberately illegal behavior; (3) knew facts or had access to information suggesting that their public statements were not accurate; or (4) failed to check information they had a duty to monitor."  *Id.*

None of these four circumstances are present here.  First, Plaintiff has not pleaded that Defendants "benefitted in a concrete and personal way from the purported fraud."  The Complaint contains no allegation that any Defendant personally profited from the alleged fraud.  Since Plaintiff "do[es] not allege that defendants sold stock or profited in any way during the relevant period," any inference of scienter is undermined since Defendants "shared the pain" when Lottery.com's stock collapsed.  *Rombach*, 355 F.3d at 177.

Second, the Complaint likewise contains no pleading of any deliberate, illegal behavior. Examples of deliberate, illegal behavior include "securities trading by insiders privy to undisclosed and material information," and "knowing sale of a company's stock at an unwarranted discount." *Novak v. Kasaks*, 216 F.3d 300, 308 (2d Cir. 2000).  No such behavior is pleaded in the Complaint.

12

Third, the Complaint does not contain sufficient allegations to establish that Defendants knew facts or had access to information suggesting that their public statements were not accurate. When "plaintiffs contend defendants had access to contrary facts, they must specifically identify the reports or statements containing this information." *Id.* at 309. In boilerplate fashion, Plaintiff contends that "Because of their positions with Lottery.com, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading." Complaint, ¶ 22. This bare allegation falls far short of establishing that "*specific* contradictory information was available to the defendants *at the same time* they made their misleading statements," as required in the Second Circuit. *In re Marsh & Mclennan Cos., Inc. Sec. Litig.*, 501 F. Supp. 452, 484 (S.D.N.Y. 2006) (emphasis added); *see also Singh v. Cigna Corp.*, 277 F. Supp. 3d 291, 321 (D. Conn. 2017) ("[B]y merely alleging that Defendants had *access* to information, the Court cannot then conclude there exists circumstantial evidence of conscious misbehavior reckless disregard.").

Similarly, the Complaint references Lottery.com's corrective SEC disclosures, but those disclosures do not demonstrate that Lottery.com or the Individual Defendants had contradictory information *at the time* they made the original, allegedly fraudulent disclosure. The corrective disclosures resulted from an internal investigation conducted *after* the original disclosures. As Courts in the Second Circuit have held often, "Plaintiffs are not permitted . . . to proceed with allegations of 'fraud by hindsight,' in which statements are proven false on the basis of subsequent information." *In re Ferroglobe PLC Sec. Litig.*, No. 19 Civ. 629 (RA), 2020 WL 6585715, at *6 (S.D.N.Y. Nov. 10, 2020); *see also Denny v. Barber*, 576 F.2d 465, 470 (2d Cir. 1978) (rejecting plaintiff's securities fraud claim as "fraud by hindsight" where the plaintiff "seized upon

disclosures made in later annual reports and alleged that they should have been made in earlier ones.").

Finally, the Complaint falls short of alleging sufficient facts to establish that Defendants "failed to check information they had a duty monitor."  Where plaintiffs rely on "duty to monitor" allegations to establish scienter, they must specifically identify "any reports or statements that would have come to light in a reasonable investigation and that would have demonstrated the falsity of the allegedly misleading statements."  *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 196 (2d Cir. 2008).  The Complaint identifies no such "duty to monitor" and no such reports or statements.

### 3.    The Complaint's other allegations of scienter are meritless.

The Complaint contains other bare-bones allegations of scienter, including general allegations that "defendants knew or recklessly disregarded that material facts were being misrepresented or omitted . . . ."  Complaint, ¶ 57.  As a matter of law, these allegations do not give rise to a "strong inference" that Lottery.com acted with the required state of mind and do not satisfy the PSLRA's heightened pleading requirements.  *See In re Gildan Acivewear, Inc. Sec. Litig.*, 636 F. Supp. 2d 261, 273 (S.D.N.Y. 2009) (holding that a Complaint's "general allegations that, by virtue of their senior positions . . ., the Individual Defendants necessarily had access to nonpublic information, are insufficient to show recklessness"); *Apex Arc, Inc. v. Garvey*, 104 F. Supp. 2d 326, 328 (S.D.N.Y. 2000) (allegation that "defendants knew or should have known that the representations were inaccurate" were held to be "merely conclusory allegations that do not suffice to create a proper pleading of scienter").

The Complaint also references the departure of certain Lottery.com executives and board members.  Complaint, ¶¶ 45, 47, 49.  As a matter of law, those allegations do not establish scienter because "there are any number of reasons that an executive might resign, most of which are not

14

related to fraud." *In re BISYS Sec. Litig.*, 397 F. Supp. 3d 430, 446–47 (S.D.N.Y. 2005).  Even a temporal connection between the alleged fraud and the resignation of executives is insufficient without other "facts linking the resignation" to the alleged fraud.  *Id.* (rejecting scienter claim based on resignation of executives "shortly before and/or coterminous" with the disclosure of financial shortfalls); *see also* C.*D.T.S. v. UBS AG*, 2013 WL 6576031, at *7 (S.D.N.Y. Dec. 13, 2013), *aff'd sub nom. Westchester Teamsters Pension Fund v. UBS AG*, 604 F. App'x 5 (2d Cir. 2015) (holding that defendants' resignations did not show scienter).

### 4.    Fraud is not remotely the more compelling inference.

"A complaint will survive . . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs*, 551 U.S. at 324.  That is not the case here. First, Plaintiff has not alleged any concrete, personal benefit to Lottery.com or the Individual Defendants, and the lack of unusual stock sales contradicts any inference of scienter. *Rombach*, 355 F.3d at 177.  Second, Lottery.com made extensive disclosures about the uncertain state of its ability to comply with complex lottery laws and regulations and about its lack of adequate internal controls.  "[A] defendant's decision to make significant disclosures about the exact risk he or she is purportedly trying to hide is inconsistent with" scienter.  *City of Coral Springs Police Officers' Retirement Plan v. Fartech Ltd.*, 565 F. Supp. 3d 478, 490 (S.D.N.Y. 2021). Third, Lottery.com announced its accounting errors and weaknesses in its internal controls and took remedial measures.  The Second Circuit has consistently held that remedial measures are "a prudent course of action that weakens rather than strengthens an inference of scienter." *Slayton v. American Exp. Co.*, 604 F.3d 758 (2d Cir. 2010). The revelation of internal control weaknesses in "dribs and drabs, as it were, over the relevant period," does not allow an inference of scienter.  *In re Magnum Hunter Res. Corp. Sec. Litig*, 26 F. Supp. 3d 278 (S.D.N.Y. 2014). "Rather, it is equally plausible that defendants were in a constant

15

game of 'Catch Up'—acknowledging the company's material weaknesses and disclosing their continued efforts to resolve them, only to learn of yet more. While this pattern supports an inference of potentially poor accounting management, it does not support fraud." *Id.* In short, the Complaint does not give rise to a "strong inference" of scienter.

### D.    Plaintiff has failed to plead a viable omissions theory.

"An omission is actionable only when the disclosure of information in question is necessary to make . . . statements made, in the light of the circumstances under which they were made, not misleading." *In re Braskem S.A. Sec. Litig.*, 246 F. Supp. 3d 731, 752 (S.D.N.Y. 2017) (internal quotation marks omitted). Moreover, "revealing one fact about a subject does not trigger a duty to reveal all facts on the subject, so long as what was revealed would not be so incomplete as to mislead." *Richman v. Goldman Sachs Group, Inc.*, 868 F. Supp. 2d 261, 273–74 (S.D.N.Y. 2012). Although the Complaint attempts to state a claim for fraud by omission by stating that Lottery.com "failed to disclose that . . . the Company was not in compliance with state and federal laws governing the sale of lottery tickets," the Complaint fails to explain why any such disclosure was necessary. "Corporations do not . . . have a duty to 'disclose uncharged, unadjudicated wrongdoing.'" *Menaldi v. Och-Ziff Capital Management Group LLC*, 164 F. Supp. 3d 568, 580 (S.D.N.Y. 2016) (holding defendant had no duty to disclose "illegal conduct" and "no duty to announce to investors that it was violating the law").

Plaintiff has not pled a viable omissions claim. First, Plaintiff has identified no duty Lottery.com had to make any purported disclosure. "Silence, absent a duty to disclose, is not misleading under Rule 10b-5." *Lululemon*, 14 F. Supp. 3d at 572. Second, none of Lottery.com's statements were misleading such that any further disclosure was required. Lottery.com advised investors that it cannot assure them that it's business would not be in violation of one or more laws. For example, the Form 10-K filed on April 1, 2022, stated that although Lottery.com is "committed

16

to full compliance with all applicable laws . . . [it] cannot ensure that [its] compliance program will prevent the violation of one or more laws or regulations . . . ." Dec. of Amar Ali, Ex. 1, p. 42.[2]  It also advised investors that one of the risk factors associated with investing in the Company is its potential "inability to comply with complex, ever-changing and multi-jurisdictional regulatory regimes and other legal requirements applicable to the gaming and lottery industries." *Id.* at pp. ii–iii.  Moreover, as the Complaint acknowledges, Lottery.com disclosed issues and material weaknesses in its internal accounting controls on several occasions. *See e.g.*, Complaint, ¶¶ 37, 41.  Plaintiff fails to explain why even further disclosures were required.  A company has no duty to re-disclose what it has already disclosed once. *See Seibert v. Sperry Rand Corp.*, 586 F.2d 949, 952 (2d Cir. 1978) (holding there is no duty to disclose "information to one who reasonably should already be aware of it" and no duty to disclose "where information is equally available to both parties").  Third, Plaintiff's omission theory lacks merit because Plaintiff has not alleged any specific facts to establish that the purported "true facts" were known to Lottery.com when it made the alleged false or misleading statements.  "No liability accrues for failing to disclose what one does not know." *Hadar v. Concordia Yacht Builders, Inc.*, No. 92 Civ. 3768 (RLC), 1997 WL 436464, at *5 (S.D.N.Y. Aug. 4, 1997).

> **E.**    **Plaintiff has failed to plead with particularity the facts underlying any violation of law.**

"When a securities fraud claim is premised on the defendant's predicate violations of law[,] . . . the facts of that underlying violation must be pled with particularity." *Plumber & Steamfitters*

---

[2] In ruling on this motion, the Court may consider documents referenced in the ACAC or any other document "upon which [plaintiffs] relied in bringing the suit." *Gagon v. Alkermes PLC*, 368 F. Supp. 3d 750, 762 (S.D.N.Y. 2019). Lottery.com includes as an Exhibit to the accompanying Declaration of Amar Ali the Form 10-K relied upon by Plaintiff in the Complaint.  The Form 10-K attached to the Declaration of Amar Ali was downloaded from Lottery.com's website because it is easier to read that the copy of that filing available from the SEC's website.  In all material respects, the documents are identical. The Court can take judicial notice of Lottery.com's SEC filings. *In re Nine West LBO Sec. Litig.*, 482 F. Supp. 3d 187, 203 fn. 20 (S.D.N.Y. 2020) (holding Court can take judicial notice of SEC filings).

*Local 773 Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 99 (2d Cir. 2021).  "In other words, the plaintiff must specify *what* law or standard the defendant violated and *how* the alleged violation occurred."  *Id.*  For example, in *In re DraftKings*, the plaintiffs alleged that DraftKings made misrepresentations about its compliance with laws because the company allegedly "operated directly in Malaysia," which prohibits "all forms of sports betting . . . and online gambling."  2023 WL 145591, at *20.  The Court, however, held that this allegation was insufficient because the complaint did not identify what specific laws were violated and how those violations occurred.  *Id.*

Here, Plaintiff's claims related to legal compliance rely entirely on Lottery.com's disclosure of "instances of non-compliance with state and federal laws concerning the state in which tickets are procured as well as order fulfillment." Complaint, ¶¶ 10, 44.  The Complaint does not identify which federal laws were violated.  Nor does the Complaint identify which state's laws and which specific laws of that state were not complied with.  The Complaint also does not explain how those violations occurred.  As a matter of law, Plaintiff has failed to sufficiently plead that Lottery.com violated any laws and thereby committed securities fraud.

**F.    Any purported statement about compliance with laws is an opinion statement subject to *Omnicare*'s pleading standard.**

Statements by a company that it is in compliance with applicable laws and regulations are statements of opinion that must satisfy the pleading standards in *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*.  575 U.S. 175 (2015) (holding that company's statement to the effect that "we believe we are obeying the law" were "pure statements of opinion"). Under *Omnicare*, a statement of opinion or belief is not actionable unless "either 'the speaker did not hold the belief she professed' or 'the supporting fact[s] she supplied were untrue.'"  *Tongue v. Sanofi*, 816 F.3d 199, 210 (2d Cir. 2016) (quoting *Omnicare*, 575 U.S. at 186).  To avoid dismissal, a complaint challenging opinion statements must include factual allegations supporting an inference that the speaker did not believe the opinions or that they did not "fairly align[]" with

18

information available *at the time*. *Tongue*, 816 F.3d at 212 (quoting *Omnicare*, 575 U.S. at 189). Truth or falsity must be "assessed in light of the information available at the time [it was] published." *Scott v. Gen. Motors Co.*, 46 F. Supp. 3d 387, 394 (S.D.N.Y. 2014), *aff'd* 605 F. App'x 52 (2d Cir. 2015).

Even if Plaintiff were to identify a specific statement made by Lottery.com that it was in compliance with laws (which Plaintiff failed to do in the Complaint), Plaintiff would need to satisfy *Omnicare*'s requirements. Plaintiff has not done so here because Plaintiff has not alleged that any opinion by Lottery.com about being in compliance with laws was not honestly held when such statement was made. Moreover, Plaintiff has not alleged that Lottery.com's opinion about legal compliance did not "fairly align[]" with information Lottery.com had in its possession at the time. The Complaint falls far short of establishing that "*specific* contradictory information was available to the defendants *at the same time* they made their misleading statements," as required in the Second Circuit. *In re Marsh & Mclennan Cos., Inc. Sec. Litig.*, 501 F. Supp. 452, 484 (S.D.N.Y. 2006) (emphasis added). That Lottery.com subsequently disclosed "instances of non-compliance with state and federal laws" does not give rise to an actionable claim under *Omnicare*. 575 U.S. at 186 ("[A] sincere statement of pure opinion is not an 'untrue statement of material fact,' regardless whether an investor can ultimately prove the belief wrong.").

## IV. <u>CONCLUSION</u>

Plaintiff has failed to state a claim against Lottery.com. Merely block quoting Lottery.com's SEC filings and attaching labels and conclusions is not enough to allege securities fraud under Rule 9(b) or the PSLRA. Plaintiff has not specifically identified the purported misrepresentations nor alleged with particularity why each such statement was false. The Complaint also fails to establish contemporaneous falsity. In addition, Plaintiff has not established scienter. There is no evidence of motive and opportunity, and Plaintiff has not put forth strong

circumstantial evidence of conscious misbehavior or recklessness. Plaintiff has also failed to establish a viable omissions claim because Plaintiff has not alleged any duty to disclose and has not established that Lottery.com's statements were misleading. Moreover, Lottery.com's statements about compliance with laws is not actionable because Plaintiff has not alleged with particularity an underlying violation of law. Finally, any statement by Lottery.com that it was in compliance with laws is an opinion statement that is subject to *Omnicare*'s pleading requirements, which Plaintiff has not satisfied. The claims against Lottery.com should be dismissed with prejudice.

Respectfully submitted,

*/s/ Lars L. Berg*
Lars L. Berg
Texas State Bar No. 00787072
lars.berg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 878-3503
Facsimile: (817) 878-9280
*Admitted Pro Hac Vice*

*/s/ Steven P. Benenson*
Steven P. Benenson
New York State Bar No. 5378773
SPBenenson@pbnlaw.com
PORZIO, BROMBERG & NEWMAN, PC
1675 Broadway, Suite 1810
New York, New York  10019-3800
(212) 265-6888

ATTORNEYS FOR LOTTERY.COM, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April, 2023, a true and correct copy of the foregoing document was transmitted to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Steven P. Benenson*
Steven P. Benenson

21