UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LOTTERY.COM, INC. SECURITIES LITIGATION | Case No. 1:22-cv-07111 (JLR)<br>***ORAL ARGUMENT REQUESTED*** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ANTHONY DIMATTEO'S MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

Plaintiffs rely on conjecture and misdirection to conceal that they fail to articulate the particularized facts necessary to plead securities fraud against Defendant Anthony DiMatteo. A plaintiff alleging securities fraud faces a demanding burden to describe specific facts to demonstrate that the defendant intentionally or recklessly made material misstatements or omissions. Rather than present the requisite compelling narrative with concrete facts, Plaintiffs ask the Court to assume that Lottery.com and certain officers and directors (the "Individual Lottery Defendants"), including Mr. DiMatteo, must have intentionally or recklessly concealed the true condition of Lottery.com. Plaintiffs misleadingly regurgitate a series of public disclosures in which Lottery.com sought to clarify its compliance history and financial condition after the company investigated its legal and financial compliance. Without explaining how and why each Defendant purportedly made material misstatements or omissions, Plaintiffs ask the Court to infer that the Defendants must have known the true condition of the company, and therefore must have acted deceitfully. Such generalized speculation cannot support a fraud claim against Mr. DiMatteo.

First, Plaintiffs fail to plead any actionable misstatement or omission. Lottery.com combined with Trident Acquisitions Corporation (TDAC) in late October 2021. Lottery.com subsequently made a series of public disclosures to clarify its legal and financial condition following an internal investigation. Plaintiffs fail to identify any specific information available to

1

Mr. DiMatteo, or any Defendant, that contradicts any statement or representation that Lottery.com made in support of the merger or following the merger. Instead, Plaintiffs presume that Mr. DiMatteo and the other Defendants must have known and concealed the true operational and financial condition of Lottery.com. Plaintiffs rely on speculation rather than particularized facts to explain how or why any statement or purported omission was false or misleading.

Moreover, Plaintiffs offer no particularized allegations supporting a strong inference that Mr. DiMatteo, or any other Defendant, acted with the requisite state of mind to deceive or defraud. Plaintiffs must present specific facts demonstrating a "cogent" and "compelling" inference that Mr. DiMatteo intended to deceive or defraud. *Tellabs, Inc.* v. *Makor Issues & Rights, Ltd*., 551 U.S. 308, 323-24 (2007). Instead, Plaintiffs ask this Court to accept the unsupported inference that each Defendant, including Mr. DiMatteo, must have acted deceitfully.

Because Plaintiffs fail to adequately allege any consciously fraudulent misstatement or omission, they cannot establish that any Defendant, including Mr. DiMatteo, caused their purported losses or that Mr. DiMatteo is personally liable as a controlling officer of Lottery.com.

For the reasons detailed in this memorandum, Defendant Anthony DiMatteo respectfully requests that this Court dismiss Plaintiffs' Amended Class Action Complaint (ECF No. 52) against him pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u-4.[1]

## ARGUMENT

**A. A plaintiff alleging securities fraud must present a cogent and compelling narrative supported by particularized facts to demonstrate that each defendant intentionally or recklessly made material misstatements or omissions.**

Any prospective plaintiff must plead more than "labels and conclusions," "naked

---

[1] Defendant DiMatteo hereby adopts and incorporates by reference the motions filed by the other Defendants in this action to dismiss Plaintiffs' Amended Class Action Complaint.

2

assertions," or "formulaic recitation[s]" of the elements a cause of action for his complaint to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Niquan Wallace v. Crab House, Inc. et al.*, No. 21-CV-5757 (LJL), 2023 WL 2477819, at *3 (S.D.N.Y. Mar. 13, 2023); *Edgar Fernandez, et al. v. Pinnacle Group NY LLC, et al.*, No. 21 CIV. 10702 (AT), 2023 WL 2525996, at *3 (S.D.N.Y. Mar. 15, 2023) (both citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, a plaintiff must support his complaint with enough facts to create a **plausible** claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A claim is only plausible if the plaintiff pleads sufficient facts that allow the Court to **reasonably** infer, considering its experience and common sense, that the defendant is liable for the alleged misconduct. *Id*. Plausibility demands more than the "possibility" that a defendant acted unlawfully. *Id*. (emphasis added). Speculation and unsupported facts cannot bolster a factually unsupported claim. *Id*. Courts have no obligation to entertain pure speculation and conjecture. *Gallop v. Cheney*, 642 F.3d 364, 368–69 (2d Cir. 2011). Instead, a plaintiff bears the burden to plead enough facts to elevate his purported right to relief beyond the speculative level and "nudge" his claims "across the line from conceivable to plausible." *S.E.C. v. Gruss*, 859 F. Supp. 2d 653, 660 (S.D.N.Y. 2012) (citing *Twombly*, 550 U.S. at 570)). A complaint must show that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Where allegations support only the **possibility** of misconduct, the plaintiff has alleged, but not shown, that he is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

A plaintiff alleging securities fraud faces "heightened pleading requirements" that require his complaint to be specific and particularized, not just plausible. *In re DraftKings Inc. Sec. Litig.*, No. 21 CIV. 5739 (PAE), 2023 WL 145591, at *14-15 (S.D.N.Y. Jan. 10, 2023) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007); *Tellabs*, 551 U.S. 308 (2007)).

If securities fraud lawsuits are not "adequately constrained," such claims can be employed "abusively to impose substantial costs on companies and individuals whose conduct conforms to the law." *Tellabs,* 551 U.S. at 313 (citing *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 81 (2006)). Congress enacted the Private Securities Litigation Reform Act as "a check against abusive litigation." *Tellabs,* 551 U.S. at 313. Any private securities fraud complaint must meet the "[e]xacting pleading requirements" d fined in the PSLRA. *See In re DraftKings Inc.*, 2023 WL 145591 at *15 (citations omitted); *ATSI*, 493 F.3d at 99 (citations omitted).

First, the plaintiff must plead ***with particularity*** the facts constituting the alleged securities fraud violation. *Tellabs*, 551 U.S. at 313. Section 10(b) of the Securities Exchange Act makes it unlawful to "use or employ, in connection with the purchase or sale of any security" any "manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commission [(SEC)] may prescribe." *In re DraftKings Inc.*, 2023 WL 145591 at *15 (citing 15 U.S.C. § 78j(b)). SEC Rule 10b-5 makes it unlawful to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading." *Id*. (citing17 C.F.R. § 240.10b-5). To state a claim and avoid dismissal under Section 10(b) and Rule 10b-5, a complaint must plead with particularity facts sufficient to show "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Id*. (citing *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37-38 (2011)). Where the plaintiff alleges that the defendant made fraudulent or deceitful statements in connection with the purchase or sale of securities, he "must do more than say that the [purportedly untrue] statements […] were false and

4

misleading," he must "demonstrate with particularity why and how that is so." *Id.* (citing *Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004)).

Section 10(b) and Rule 10b-5 "do not create an affirmative duty to disclose any and all material information." *In re DraftKings Inc.*, 2023 WL 145591 at *15 (citations omitted). A company is not required to disclose information merely because it may be relevant or interesting to reasonable investors. *Resnik v. Swartz*, 303 F.3d 147, 154 (2d Cir. 2002). "Silence, absent a duty to disclose, is not misleading." *Basic Inc. v. Levinson*, 485 U.S. 224, 239 n.17 (1988). A duty to disclose arises under federal securities laws ***only*** when the information is subject to an "affirmative legal disclosure obligation" or when necessary "to prevent existing disclosures from being misleading." *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 360-66 (2d Cir. 2010).

Moreover, a plaintiff must plead particularized facts giving rise to a ***strong inference*** that the defendant acted with the required state of mind or scienter to deceive, manipulate, or defraud. *In re DraftKings Inc.*, 2023 WL 145591 at *15; *Tellabs*, 551 U.S. at 313-14 (both cases citing 15 U.S.C § 78u-4(b)(2)). A plaintiff must plead with particularity "facts to show either (1) that defendants had the motive and opportunity to commit fraud, or (2) strong circumstantial evidence of conscious misbehavior or recklessness." *ECA, Loc. 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009).

The inference of scienter must be more than plausible, it must be strong enough that a reasonable person would deem it cogent and ***at least as compelling*** as any opposing inference. *In re DraftKings Inc.*, 2023 WL 145591 at *15; *Tellabs*, 551 U.S. at 313-14. The Court must consider plausible opposing inferences. *Id*. Where, as here, a "plausible, nonculpable" explanation is more likely than fraud, the plaintiff has failed to establish scienter. *Id*.

To plead motive, the Second Circuit requires particularized allegations of a "concrete and

5

personal benefit to the individual defendants resulting from the fraud." *Kalnit v. Eichler*, 264 F.3d 131, 139 (2d Cir. 2001). Where motive is not apparent, a plaintiff must plead scienter by identifying "circumstances indicating conscious behavior by the defendant, though the strength of the circumstantial allegations must be correspondingly greater." *Kalnit*, 264 F.3d at 142 (2d Cir. 2001). At a minimum, the requisite state of mind is "conscious recklessness." *S. Cherry St., LLC v. Hennessee Grp.*, 573 F.3d 98, 109 (2d Cir. 2009).

Under either standard, plaintiff must set forth detailed allegations that specific contradictory information was available to the defendants at the time they made their purportedly misleading statements or omissions. *In re PXRE Grp., Ltd., Sec. Litig.*, 600 F. Supp. 2d 510, 536 (S.D.N.Y. 2009). The plaintiff "'must specifically identify the reports or statements that are contradictory to the statements made,' or must 'provide specific instances in which Defendants received information that was contrary to their public declarations.'" *See Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 588 (S.D.N.Y. 2011); *Novak v. Kasaks*, 216 F.3d 300, 308-9 (2d Cir. 2000) ("Where plaintiffs contend defendants had access to contrary facts, they must specifically identify the reports or statements containing this information.").

Further, a complaint alleging securities fraud must meet the heightened requirements for fraud claims defined in Federal Rule of Civil Procedure 9(b), which mandates that a party alleging fraud must "state with particularity the circumstances constituting fraud." *See In re DraftKings Inc.*, 2023 WL 145591 at *14 (citing *ECA & Loc. 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009)). Conclusory allegations and unsupported factual assertions are insufficient. *Id*. (citing *ASTI*, 493 F.3d at 99).

This constraint "serves to provide a defendant with fair notice of a plaintiff's claim, safeguard his reputation from improvident charges of wrongdoing, and protect him against strike

6

suits." *ATSI*, 493 F.3d at 99 (citation omitted). Rule 9(b) requires Plaintiffs to specify the time, place, and contents of each misrepresentation, and "explain why the statements were fraudulent." *Anschutz Corp.* v. *Merrill Lynch & Co.*, 690 F.3d 98, 108 (2d Cir. 2012).

**B. Plaintiffs fail to carry their burden to plead particularized facts giving rise to a strong inference that Lottery.com or Mr. DiMatteo intentionally or recklessly made material misstatements or omissions about Lottery.com.**

First, Plaintiffs allege that Defendants promoted and facilitated the merger between TDAC and Lottery.com by emphasizing that Lottery.com (1) believed it was in compliance with all applicable laws and regulations, (2) enjoyed strong relationships with regulators, and (3) expected strong revenue growth. *See* Amended Complaint, ECF No. 52 at ¶¶ 3-8, 58-67. Plaintiffs fail to identify any specific information available to Mr. DiMatteo or any Defendant at the time Lottery.com made the purported representations in support of the merger that would contradict anything Lottery.com or Mr. DiMatteo said or represented in support of the merger. Plaintiffs offer no specific facts to allege that any Defendant was aware of any specific information before the merger that rendered anything Lottery.com or Mr. DiMatteo said in support of the merger false or misleading. Additionally, Plaintiffs provide no particularized facts to allege that any Defendant, including Mr. DiMatteo, had a concrete and personal incentive to offer false or misleading information in support of the merger. Instead, Plaintiffs vaguely and generally speculate that the Defendants, including Mr. DiMatteo, must have known and concealed the true operational and financial health of Lottery.com because they stood to benefit financially from the merger.

Next, Plaintiffs allege that Defendants overstated the revenue and cash balance of Lottery.com after the merger. *See* Amended Complaint, ECF No. 52 at ¶¶ ¶¶ 3-8 and 58-67. Plaintiffs identify no specific information available to Mr. DiMatteo or any other Defendant that would contradict any statement or representation Lottery.com made about its operational and

7

financial condition. On July 6, 2022, Lottery.com disclosed that it had investigated its legal compliance and financial condition. The company then made a series of public disclosures to clarify its operational and financial condition. Plaintiffs offer no specific facts to allege that any Defendant was aware of any information before the investigation that rendered anything Lottery.com said about its operational and financial condition false or misleading.

Additionally, Plaintiffs offer no particularized facts to demonstrate that the Defendants, including Mr. DiMatteo, acted recklessly or with an intent to mislead, deceive, or defraud. Instead, Plaintiffs vaguely and generally speculate that the Defendants must have known and concealed the true operational and financial health of Lottery.com.

First, Plaintiffs speculate that the cash balance and revenue for Lottery.com were so overstated that the Individual Lottery Defendants, including Mr. DiMatteo, must have purposefully or recklessly misrepresented the financial condition of Lottery.com. *See* Amended Complaint ECF No. 52 at ¶¶ 108-109. Specifically, Plaintiffs allege that the overstated cash balance and revenue constituted such a substantial amount of the company's revenue that "knowledge or extreme recklessness on the part of Defendants is the only reasonable inference." *See* Amended Complaint, ECF No. 52 at Page 38 and ¶¶ 108-109.

Next, Plaintiffs speculate that the Individual Lottery Defendants, including Mr. DiMatteo, must have purposefully or recklessly misrepresented the legal compliance history and financial condition of Lottery.com because certain senior executives and an auditor later departed from Lottery.com. *See* Amended Complaint, ECF No. 52 at ¶¶ 111-117. Specifically, Plaintiffs state that "[t]he most logical inference from the firing of the CFO after an independent investigation, followed by a mass departure of Lottery's executives and officers – and relatively new accounting firm – is that Lottery's management, including the Individual Lottery Defendants, had knowledge

of the conduct alleged herein or acted recklessly in not knowing. *See* Amended Complaint, ECF No. 52 at ¶ 117.

Further, Plaintiffs speculate that that the Individual Lottery Defendants, including Mr. DiMatteo, must have purposefully or recklessly misrepresented the legal compliance history and financial condition of Lottery.com because they stood to benefit financially if certain share price targets were achieved. *See* Amended Complaint, ECF No. 52 at ¶¶ 139-141. Specifically, Plaintiffs state that "the Individual Lottery Defendants received far more shares than they would have been entitled to had the true value of Lottery been disclosed in connection with the Business Combination. Moreover, these executives received lucrative pay and benefit packages to the extent they remained employees of Lottery following the Business Combination. Additionally, the Individual Defendants stood to receive millions more shares as "earnout" awards and compensation in the event the Business Combination was completed, and certain share price targets were achieved." *See* Amended Complaint, ECF No. 52 at ¶ 140. Plaintiffs ask this Court to assume that "[t]hese various financial incentives" bolster an "inference of scienter." *Id*. at ¶ 141.

Plaintiffs fail to present the cogent and compelling narrative supported by particularized facts necessary to create the requisite "strong inference" that any Defendant, including Mr. DiMatteo, acted with the requisite state of mind to deceive, mislead, or defraud. Plaintiffs provide no particularized facts to allege that any Defendant, including Mr. DiMatteo, had a concrete and personal incentive to offer false or misleading information about the company's operational and financial condition. Instead, Plaintiffs allege that the Defendants would financially benefit if the company hit certain stock price targets. This is true of any business. Plaintiffs offer no concrete facts to demonstrate that any Defendant purposely or recklessly offered misleading or incomplete information about Lottery.com. Instead, Plaintiffs speculate that the Defendants, considering their

positions within Lottery.com and the amount by which the revenue and cash were ultimately discovered to be overstated, surely must have known and concealed the true operational and financial condition of the company. To state an actionable securities fraud claim, Plaintiffs must point to particularized facts that create a cogent and convincing inference that each Defendant acted intentionally or recklessly. The facts suggesting that each Defendant acted with the requisite state of mind must be more than plausible or reasonable. They must be ***at least as compelling*** as any opposing inference. Plaintiffs present no facts that create a compelling inference that any Defendant intentionally or recklessly deceived, manipulated, or defrauded anyone before, during, or after the merger. Plaintiffs offer conjecture instead of concrete evidence of fraud or deceit. The facts alleged by Plaintiffs support the equally compelling inference that Defendants learned the true operational and financial condition of Lottery.com through an internal investigation and then publicly disclosed the results of that investigation beginning in July 2022. Because Plaintiffs fail to plead fraud, they also fail to establish that any Defendant caused their purported losses.

Plaintiffs also ask this Court to hold Mr. DiMatteo personally liable pursuant to Section 20(a) of the Securities Exchange Act, which requires Plaintiffs to show that Lottery.com committed an underlying securities fraud violation, that Mr. DiMatteo controlled Lottery.com, and that Mr. DiMatteo meaningfully and culpably participated in the underlying fraud. *See ATSI*, 493 F.3d at 108 (citations omitted). Plaintiffs have not plead sufficient facts to allege securities fraud. Therefore, Plaintiffs have not adequately plead the requisite underlying fraud. Further, Plaintiffs fail to present any specific and particularized facts to explain why or how Mr. DiMatteo personally made any material misstatement or omission. Accordingly, Plaintiffs have failed to plead sufficient facts to hold Mr. DiMatteo individually liable as an officer of Lottery.com.

## **CONCLUSION**

Plaintiffs fail to plead a sufficiently particularized securities fraud claim against Defendant Anthony DiMatteo. Accordingly, Mr. DiMatteo respectfully requests that this Court dismiss the Amended Complaint (ECF No. 52) with prejudice.

Dated: April 3, 2023                                      Respectfully Submitted,

/s/ *Tara N. Tighe*
Tara N. Tighe (*pro hac vice*)
Danny C. Onorato (*pro hac vice*)
Schertler Onorato Mead & Sears
555 13th Street, N.W. | Suite 500 West
Washington, DC 20004
ttighe@schertlerlaw.com
donorato@schertlerlaw.com
Phone: (202) 628-4199
Fax: (202) 628-4177
*Counsel for Defendant Anthony DiMatteo*

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify as follows:

I am not a party to the above case, and I am over 18 years old.

On April 3, 2023, I filed the foregoing document with the Clerk of this Court using the Court's CM/ECF electronic filing system, which will serve automatic electronic notice to all counsel of record in this case.

I affirm under penalty of perjury that the foregoing is true and correct.

/s/ *Tara N. Tighe*
Tara N. Tighe