**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LOTTERY.COM, INC. SECURITIES LITIGATION | Case No. 1:22-cv-07111 (JLR) *ORAL ARGUMENT REQUESTED* |

## MEMORANDUM IN SUPPORT OF DEFENDANT ANTHONY DIMATTEO'S MOTION TO DISMISS PLAINTIFF HAROLD HOFFMAN'S COMPLAINT

Plaintiff Harold M. Hoffman, Esq.'s threadbare Complaint relies on conjecture and speculation because his Complaint fails to present the requisite compelling narrative supported by concrete facts necessary to plead a securities fraud claim. Accordingly, Defendant Anthony DiMatteo respectfully moves this Court to dismiss Mr. Hoffman's Complaint with prejudice.[1]

### INTRODUCTION

Mr. Hoffman is both an attorney and the sole Plaintiff in his Complaint. *See* Hoffman Complaint (ECF No. 1 in Case No. 1:22-cv-10764). Rather than retain counsel, Mr. Hoffman represents himself *pro se*. *Id*. On August 19, 2022, Plaintiff Preston Million filed a class action securities fraud complaint against Mr. DiMatteo and others. *See* Class Action Complaint (ECF No. 1 in Case No. 1:22-cv-07111). On December 21, 2022, Mr. Hoffman filed his own securities fraud complaint in a separate case. *See* Hoffman Complaint (ECF No. 1 in Case No. 1:22-cv-10764). Mr. Hoffman largely parroted the allegations in the class action complaint. *Id*. Additional Plaintiffs later joined the class action and filed an Amended Complaint on January 31, 2021. *See* Amended Class Action Complaint (ECF No. 52 in Case No. 1:22-cv-07111). Because Mr. Hoffman never served Mr. DiMatteo with his Complaint, Mr. DiMatteo never appeared in Case No. 1:22-cv-10764. However, the Court ultimately consolidated the Hoffman case into the class action and

---

[1] Defendant DiMatteo hereby adopts and incorporates by reference the motions filed by the other Defendants in this action to dismiss Mr. Hoffman's Complaint.

ordered the parties to adhere to the briefing schedule in the class action. *See* Consolidation Order, ECF No. 71. Accordingly, to promote expediency, economy, and preservation of judicial resources, Mr. DiMatteo hereby responds to Mr. Hoffman's Complaint and respectfully asks this Court to dismiss the Hoffman Complaint with prejudice because it fails to state a claim.

A plaintiff alleging securities fraud faces a demanding burden to describe specific facts to demonstrate that the defendant intentionally or recklessly made material misstatements or omissions. Rather than present the requisite compelling narrative with concrete facts, Mr. Hoffman asks the Court to assume that Lottery.com and certain officers and directors (the "Individual Defendants"), including Mr. DiMatteo, must have intentionally or recklessly concealed the true condition of Lottery.com. Mr. Hoffman misleadingly regurgitates a series of public disclosures in which Lottery.com sought to clarify its compliance history and financial condition after the company investigated its legal and financial compliance. Without explaining how and why any Defendant purportedly made material misstatements or omissions, Mr. Hoffman asks the Court to infer that the Defendants must have known the true condition of the company because they had leadership positions within the company, and therefore must have acted deceitfully. Such generalized speculation cannot support a fraud claim against Mr. DiMatteo.

First, Mr. Hoffman fails to plead any actionable misstatement or omission. Lottery.com combined with Trident Acquisitions Corporation (TDAC) in late October 2021. Lottery.com subsequently made a series of public disclosures to clarify its legal and financial condition following an internal investigation. Mr. Hoffman fails to identify any specific information available to Mr. DiMatteo, or any Defendant, that contradicts any statement or representation that Lottery.com made in support of the merger or following the merger. Instead, Mr. Hoffman presumes that Mr. DiMatteo and the other Defendants must have known and concealed the true

condition of Lottery.com. Mr. Hoffman relies on speculation rather than particularized facts to explain how or why any statement or purported omission was false or misleading.

Moreover, Mr. Hoffman offers no particularized allegations supporting a strong inference that Mr. DiMatteo, or any other Defendant, acted with the requisite state of mind to deceive or defraud. Mr. Hoffman must present specific facts demonstrating a "cogent" and "compelling" inference that Mr. DiMatteo intended to deceive or defraud. *Tellabs, Inc*. v. *Makor Issues & Rights, Ltd*., 551 U.S. 308, 323-24 (2007). Instead, he asks this Court to accept the unsupported inference that each Defendant, including Mr. DiMatteo, must have acted deceitfully.

Because Mr. Hoffman fails to adequately allege any consciously fraudulent misstatement or omission, he cannot establish that any Defendant, including Mr. DiMatteo, caused his purported losses or that Mr. DiMatteo is personally liable as a controlling officer of Lottery.com.

For the reasons detailed herein, Defendant DiMatteo respectfully requests that this Court dismiss Mr. Hoffman's Complaint against him pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u-4.[2]

## <u>ARGUMENT</u>

**A. A plaintiff alleging securities fraud must present a cogent and compelling narrative supported by particularized facts to demonstrate that each defendant intentionally or recklessly made material misstatements or omissions.**

Any prospective plaintiff must plead more than "labels and conclusions," "naked assertions," or "formulaic recitation[s]" of the elements a cause of action for his complaint to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Niquan Wallace v. Crab House, Inc. et al.*, No. 21-CV-5757 (LJL), 2023 WL 2477819, at *3 (S.D.N.Y. Mar. 13, 2023); *Edgar Fernandez, et al. v. Pinnacle Group NY LLC, et al.*, No. 21 CIV. 10702 (AT), 2023

---

[2] Defendant DiMatteo hereby adopts and incorporates by reference the motions filed by the other Defendants in this action to dismiss Plaintiffs' Amended Class Action Complaint.

WL 2525996, at *3 (S.D.N.Y. Mar. 15, 2023) (both citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, a plaintiff must support his complaint with enough facts to create a ***plausible*** claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A claim is only plausible if the plaintiff pleads sufficient facts that allow the Court to ***reasonably*** infer, considering its experience and common sense, that the defendant is liable for the alleged misconduct. *Id*. Plausibility demands more than the "possibility" that a defendant acted unlawfully. *Id*. (emphasis added). Speculation and unsupported facts cannot bolster a factually unsupported claim. *Id*. Courts have no obligation to entertain pure speculation and conjecture. *Gallop v. Cheney*, 642 F.3d 364, 368–69 (2d Cir. 2011). Instead, a plaintiff bears the burden to plead enough facts to elevate his purported right to relief beyond the speculative level and "nudge" his claims "across the line from conceivable to plausible." *S.E.C. v. Gruss*, 859 F. Supp. 2d 653, 660 (S.D.N.Y. 2012) (citing *Twombly*, 550 U.S. at 570)). A complaint must show that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Where allegations support only the ***possibility*** of misconduct, the plaintiff has alleged, but not shown, that he is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

A plaintiff alleging securities fraud faces "heightened pleading requirements" that require his complaint to be specific and particularized, not just plausible. *In re DraftKings Inc. Sec. Litig.*, No. 21 CIV. 5739 (PAE), 2023 WL 145591, at *14-15 (S.D.N.Y. Jan. 10, 2023) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007); *Tellabs,* 551 U.S. 308 (2007)).

If securities fraud lawsuits are not "adequately constrained," such claims can be employed "abusively to impose substantial costs on companies and individuals whose conduct conforms to the law." *Tellabs,* 551 U.S. at 313 (citing *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 81 (2006)). Congress enacted the Private Securities Litigation Reform Act as "a check

against abusive litigation." *Tellabs,* 551 U.S. at 313. Any private securities fraud complaint must meet the "[e]xacting pleading requirements" d fined in the PSLRA. *See In re DraftKings Inc.*, 2023 WL 145591 at *15 (citations omitted); *ATSI*, 493 F.3d at 99 (citations omitted).

First, the plaintiff must plead ***with particularity*** the facts constituting the alleged securities fraud violation. *Tellabs*, 551 U.S. at 313. Section 10(b) of the Securities Exchange Act makes it unlawful to "use or employ, in connection with the purchase or sale of any security" any "manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commission [(SEC)] may prescribe." *In re DraftKings Inc.*, 2023 WL 145591 at *15 (citing 15 U.S.C. § 78j(b)). SEC Rule 10b-5 makes it unlawful to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading." *Id*. (citing17 C.F.R. § 240.10b-5). To state a claim and avoid dismissal under Section 10(b) and Rule 10b-5, a complaint must plead with particularity facts sufficient to show "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Id*. (citing *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37-38 (2011)). Where the plaintiff alleges that the defendant made fraudulent or deceitful statements in connection with the purchase or sale of securities, he "must do more than say that the [purportedly untrue] statements […] were false and misleading," he must "demonstrate with particularity why and how that is so." *Id.* (citing *Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004)).

Section 10(b) and Rule 10b-5 "do not create an affirmative duty to disclose any and all material information." *In re DraftKings Inc.*, 2023 WL 145591 at *15 (citations omitted). A

company is not required to disclose information merely because it may be relevant or interesting to reasonable investors. *Resnik v. Swartz*, 303 F.3d 147, 154 (2d Cir. 2002). "Silence, absent a duty to disclose, is not misleading." *Basic Inc. v. Levinson*, 485 U.S. 224, 239 n.17 (1988). A duty to disclose arises under federal securities laws ***only*** when the information is subject to an "affirmative legal disclosure obligation" or when necessary "to prevent existing disclosures from being misleading." *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 360-66 (2d Cir. 2010).

Moreover, a plaintiff must plead particularized facts giving rise to a ***strong inference*** that the defendant acted with the required state of mind or scienter to deceive, manipulate, or defraud. *In re DraftKings Inc.*, 2023 WL 145591 at *15; *Tellabs*, 551 U.S. at 313-14 (both cases citing 15 U.S.C § 78u-4(b)(2)). A plaintiff must plead with particularity "facts to show either (1) that defendants had the motive and opportunity to commit fraud, or (2) strong circumstantial evidence of conscious misbehavior or recklessness." *ECA, Loc. 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009).

The inference of scienter must be more than plausible, it must be strong enough that a reasonable person would deem it cogent and ***at least as compelling*** as any opposing inference. *In re DraftKings Inc.*, 2023 WL 145591 at *15; *Tellabs*, 551 U.S. at 313-14. The Court must consider plausible opposing inferences. *Id*. Where, as here, a "plausible, nonculpable" explanation is more likely than fraud, the plaintiff has failed to establish scienter. *Id*.

To plead motive, the Second Circuit requires particularized allegations of a "concrete and personal benefit to the individual defendants resulting from the fraud." *Kalnit v. Eichler*, 264 F.3d 131, 139 (2d Cir. 2001). Where motive is not apparent, a plaintiff must plead scienter by identifying "circumstances indicating conscious behavior by the defendant, though the strength of the circumstantial allegations must be correspondingly greater." *Kalnit*, 264 F.3d at 142 (2d Cir.

6

2001). At a minimum, the requisite state of mind is "conscious recklessness." *S. Cherry St., LLC v. Hennessee Grp.*, 573 F.3d 98, 109 (2d Cir. 2009).

Under either standard, plaintiff must set forth detailed allegations that specific contradictory information was available to the defendants at the time they made their purportedly misleading statements or omissions. *In re PXRE Grp., Ltd., Sec. Litig.*, 600 F. Supp. 2d 510, 536 (S.D.N.Y. 2009). The plaintiff "'must specifically identify the reports or statements that are contradictory to the statements made,' or must 'provide specific instances in which Defendants received information that was contrary to their public declarations.'" *See Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 588 (S.D.N.Y. 2011); *Novak v. Kasaks*, 216 F.3d 300, 308-9 (2d Cir. 2000) ("Where plaintiffs contend defendants had access to contrary facts, they must specifically identify the reports or statements containing this information.").

Further, a complaint alleging securities fraud must meet the heightened requirements for fraud claims defined in Federal Rule of Civil Procedure 9(b), which mandates that a party alleging fraud must "state with particularity the circumstances constituting fraud." *See In re DraftKings Inc.*, 2023 WL 145591 at *14 (citing *ECA & Loc. 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009)). Conclusory allegations and unsupported factual assertions are insufficient. *Id*. (citing *ASTI*, 493 F.3d at 99).

This constraint "serves to provide a defendant with fair notice of a plaintiff's claim, safeguard his reputation from improvident charges of wrongdoing, and protect him against strike suits." *ATSI*, 493 F.3d at 99 (citation omitted). Rule 9(b) requires Plaintiffs to specify the time, place, and contents of each misrepresentation, and "explain why the statements were fraudulent." *Anschutz Corp.* v. *Merrill Lynch & Co.*, 690 F.3d 98, 108 (2d Cir. 2012).

7

**B. Mr. Hoffman fails to carry his burden to plead particularized facts giving rise to a strong inference that Lottery.com or Mr. DiMatteo intentionally or recklessly made material misstatements or omissions about Lottery.com.**

Mr. Hoffman alleges that the Defendants, including Mr. DiMatteo, misrepresented the legal compliance and financial health of Lottery.com both before and after Lottery.com combined with TDAC. *See* Hoffman Complaint at ¶¶ 30-52, 55-58, 66-67.

First, Mr. Hoffman fails to identify any specific information available to Mr. DiMatteo or any Defendant at the time Lottery.com made the purported representations in support of the merger that would contradict anything Lottery.com or Mr. DiMatteo said or represented in support of the merger. Mr. Hoffman offers no specific facts to allege that any Defendant was aware of any specific information before the merger that rendered anything Lottery.com or Mr. DiMatteo said in support of the merger false or misleading. Additionally, Mr. Hoffman provides no particularized facts to allege that any Defendant, including Mr. DiMatteo, had a concrete and personal incentive to offer false or misleading information in support of the merger. Instead, he vaguely and generally speculates that the Defendants, including Mr. DiMatteo, must have known and concealed the true operational and financial health of Lottery.com because they led the company.

Second, Mr. Hoffman identifies no specific information available to Mr. DiMatteo or any other Defendant that would contradict any statement or representation Lottery.com made about its operational and financial condition after the merger. On July 6, 2022, Lottery.com disclosed that it had investigated its legal compliance and financial condition. The company then made a series of public disclosures to clarify its operational and financial condition. Mr. Hoffman offers no specific facts to allege that any Defendant was aware of any information that rendered anything Lottery.com said about its operational or financial condition false or misleading.

Third, Mr. Hoffman offers no particularized facts to demonstrate that the Defendants,

including Mr. DiMatteo, acted recklessly or with an intent to mislead, deceive, or defraud. Instead, he vaguely and generally speculates that the Defendants must have known and concealed the true operational and financial health of Lottery.com because of their positions within the company. Mr. Hoffman fails to present the cogent and compelling narrative supported by particularized facts necessary to create the requisite "strong inference" that any Defendant, including Mr. DiMatteo, acted with the requisite state of mind to deceive, mislead, or defraud. He provides no particular facts to allege that any Defendant, including Mr. DiMatteo, had a concrete and personal incentive to offer false or misleading information about the company's operational and financial condition. He offers no concrete facts to demonstrate that any Defendant purposely or recklessly offered misleading or incomplete information about Lottery.com. Instead, he asks this Court to assume that the Defendants surely must have known and concealed the true operational and financial condition of Lottery.com because of their positions within the company.

To state an actionable securities fraud claim, Mr. Hoffman must point to particularized facts that create a cogent and convincing inference that each Defendant acted intentionally or recklessly. The facts suggesting that each Defendant acted with the requisite state of mind must be more than plausible or reasonable. They must be *at least as compelling* as any opposing inference. Mr. Hoffman presents no facts that create a compelling inference that any Defendant intentionally or recklessly deceived, manipulated, or defrauded anyone before, during, or after the merger. He offers conjecture instead of concrete evidence of fraud or deceit. The facts alleged by Mr. Hoffman support the equally compelling inference that Defendants learned the true operational and financial condition of Lottery.com through an internal investigation and then publicly disclosed the results of that investigation beginning in July 2022. Because Mr. Hoffman fails to plead fraud, he also fails to establish that any Defendant caused his purported losses.

Mr. Hoffman also seeks to hold Mr. DiMatteo personally liable pursuant to Section 20(a) of the Securities Exchange Act, which would require Mr. Hoffman to show that Lottery.com committed an underlying securities fraud violation, that Mr. DiMatteo controlled Lottery.com, and that Mr. DiMatteo meaningfully and culpably participated in the underlying fraud. *See ATSI*, 493 F.3d at 108 (citations omitted). Mr. Hoffman has not plead sufficient facts to allege securities fraud. Therefore, he has not adequately plead the requisite underlying fraud. Further, he fails to present any specific and particularized facts to explain why or how Mr. DiMatteo personally made any material misstatement or omission. Accordingly, Mr. Hoffman has failed to plead sufficient facts to hold Mr. DiMatteo individually liable as an officer of Lottery.com.

## CONCLUSION

Mr. Hoffman fails to plead a sufficiently particularized securities fraud claim against Defendant Anthony DiMatteo. Accordingly, Mr. DiMatteo respectfully requests that this Court dismiss the Hoffman Complaint with prejudice.

Dated: April 3, 2023                          Respectfully Submitted,

                                             /s/ *Tara N. Tighe*
                                             Tara N. Tighe
                                             Danny C. Onorato
                                             Schertler Onorato Mead & Sears
                                             555 13th Street, N.W. | Suite 500 West
                                             Washington, DC 20004
                                             ttighe@schertlerlaw.com
                                             donorato@schertlerlaw.com
                                             Phone: (202) 628-4199
                                             Fax: (202) 628-4177

                                             *Counsel for Defendant Anthony DiMatteo*

## CERTIFICATE OF SERVICE

I, the undersigned, certify as follows:

I am not a party to the above case, and I am over 18 years old.

On April 3, 2023, I filed the foregoing document with the Clerk of this Court using the Court's CM/ECF electronic filing system, which will serve automatic electronic notice to all counsel of record in this case.

I affirm under penalty of perjury that the foregoing is true and correct.


Executed on April 3, 2023.                          /s/ *Tara N. Tighe*
                                                    Tara N. Tighe