**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: LOTTERY.COM, INC. SECURITIES LITIGATION | Case No. 1:22-cv-07111 (JLR) |

**REPLY IN SUPPORT OF DEFENDANT LOTTERY.COM, INC.'S MOTION TO DISMISS HAROLD M. HOFFMAN'S ORIGINAL COMPLAINT**

Lars L. Berg
Texas State Bar No. 00787072
lars.berg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 878-3503
Facsimile: (817) 878-9280
*Admitted Pro Hac Vice*

Steven P. Benenson
New York State Bar No. 5378773
SPBenenson@pbnlaw.com
PORZIO, BROMBERG & NEWMAN, PC
1675 Broadway, Suite 1810
New York, New York  10019-3800
(212) 265-6888

ATTORNEYS FOR LOTTERY.COM, INC.

7380606

Although Plaintiff Harold Hoffman's Opposition to Lottery.com's Motion to Dismiss attempts to "adopt[] all arguments advanced by class counsel in opposition to Defendants' motion" [ECF No. 97 at 3], Hoffman has not adopted the Amended Class Action Complaint ("ACAC"), and as a result, some arguments in the Class Plaintiffs' Opposition do not apply to, and do not save Hoffman's Complaint. Hoffman is correct, however, that his claims and allegations are largely similar to those asserted in the ACAC.[1] Regarding the pleading deficiencies common in both the ACAC and the Hoffman Complaint, Lottery.com adopts and incorporates herein the arguments and authorities in Lottery.com's Reply in Support of its Motion to Dismiss Amended Class Action Complaint. Like the ACAC, the Hoffman Complaint fails to identify the alleged false statements with particularity and there are no allegations establishing contemporaneous falsity—*i.e.*, that Lottery.com's statements were false when *made*, rather than merely being rendered false through information subsequently obtained by the Company. Like the ACAC, Hoffman fails to establish a "strong inference" of scienter.

But there are material differences between the ACAC and Hoffman's Complaint that further support dismissal of the claims asserted against Lottery.com in the Hoffman Complaint. For example, in addition to Hoffman's failure to specifically identify the alleged false statements with particularity, Hoffman has wholly failed to identify *any* statement by Lottery.com in which it falsely touted its compliance with laws. Hoffman's Complaint cannot survive based on his conclusory allegation that "the Company was not in compliance with state and federal laws governing the sale of lottery tickets." Complaint, ¶ 10.

---

[1] In its consolidation Order, the Court concluded that "both actions involve substantially identical questions of law and fact." It noted that both alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1943, and are subject to the PSLRA; were brought on behalf of persons who purchased Lottery.com stock and seek remedies against the company and several of its senior investors; and alleged the "same wrongdoing, the same misstatements, and the same relief." [ECF No. 71 at 5].

1

7380606

Moreover, Hoffman relies on a boilerplate allegation that merely "[b]ecause of their positions with Lottery.com, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading." Complaint, ¶ 22. As a matter of law, these conclusory allegations cannot establish scienter. *See In re Gildan Activewear, Inc. Sec. Litig.*, 636 F. Supp. 2d 261, 273 (S.D.N.Y. 2009) (holding that a Complaint's "general allegations that, by virtue of their senior positions . . ., the Individual Defendants necessarily had access to nonpublic information, are insufficient to show recklessness").

Although the Complaint further attempts to state a claim for fraud by omission by stating that Lottery.com "failed to disclose that . . . the Company was not in compliance with state and federal laws governing the sale of lottery tickets," the Complaint fails to explain why any such disclosure was necessary. "Corporations do not . . . have a duty to 'disclose uncharged, unadjudicated wrongdoing.'" *Menaldi v. Och-Ziff Capital Management Group LLC*, 164 F. Supp. 3d 568, 580 (S.D.N.Y. 2016) (holding defendant had no duty to disclose "illegal conduct" and "no duty to announce to investors that it was violating the law").

For these reasons, and the reasons identified in Lottery.com's Memorandum of Law in Support of its Motion to Dismiss Hoffman Complaint and Lottery.com's Reply in Support of its Motion to Dismiss Amended Class Action Complaint, the claims asserted against Lottery.com in

2

7380606

the Hoffman Complaint should be dismissed with prejudice and any request for leave to amend should be denied.

Respectfully submitted,


*/s/ Lars L. Berg*
Lars L. Berg
Texas State Bar No. 00787072
lars.berg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 878-3503
Facsimile: (817) 878-9280

*/s/ Steven P. Benenson*
Steven P. Benenson
New York State Bar No. 5378773
SPBenenson@pbnlaw.com
PORZIO, BROMBERG & NEWMAN, PC
1675 Broadway, Suite 1810
New York, New York  10019-3800
(212) 265-6888

ATTORNEYS FOR LOTTERY.COM, INC.

3

7380606

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2023, a true and correct copy of the foregoing document was transmitted to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Steven P. Benenson*
Steven P. Benenson

7380606