UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LOTTERY.COM, INC. SECURITIES LITIGATION | Case No. 1:22-cv-07111 (JLR)<br><br>**ORAL ARGUMENT REQUESTED** |

## REPLY IN SUPPORT OF DEFENDANTS MATTHEW CLEMENSON AND RYAN DICKINSON'S MOTION TO DISMISS AMENDED CLASS COMPLAINT

Franklin Monsour Jr
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Tel. 212-506-3512
fmonsour@orrick.com

Aaron Brecher (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street
Suite 3300
Seattle, WA 98101
Tel. 206-839-4332
abrecher@orrick.com

*Attorneys for Defendants*
*Matthew Clemenson and Ryan Dickinson*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................ii

I.      PRELIMINARY STATEMENT..................................................................................1

II.     ARGUMENT ...............................................................................................................1

        A.      Plaintiffs fail the Reform Act's test for alleging scienter.......................................1

                1.      Plaintiffs do not sufficiently allege motive and opportunity to
                        commit fraud .........................................................................................2

                2.      Plaintiffs have not alleged enough circumstantial evidence of
                        knowledge or recklessness ...........................................................................4

        B.      Plaintiffs have not adequately pleaded falsity to support their Section
                10(b) claim ...........................................................................................................6

        C.      Plaintiffs' Section 14(a) claim fails........................................................................7

        D.      Plaintiffs' Section 20(a) claims cannot go forward................................................8

III.    CONCLUSION ............................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re AmTrust Financial Services, Inc. Securities Litigation*,
No. 17-CV-1545, 2019 WL 4257110 (S.D.N.Y. Sept. 9, 2019)................................................7

*In re BISYS Sec. Litig.*,
397 F. Supp. 2d 430 (S.D.N.Y. 2005)................................................................................5, 6

*In re Carter-Wallace, Inc., Sec. Litig.*,
220 F.3d 36 (2d Cir. 2000)...............................................................................................4

*ECA & Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*,
553 F.3d 187.....................................................................................................................2

*Fresno Cty. Emps.' Ret. Ass'n v. comScore, Inc.*,
268 F. Supp. 3d 526 (S.D.N.Y. 2017)...............................................................................7

*Glaser v. The9, Ltd.*,
772 F. Supp. 2d 573 (S.D.N.Y. 2011)...............................................................................4

*Hsu v. Puma Biotechnology, Inc.*,
213 F. Supp. 3d 1275 (C.D. Cal. 2016).............................................................................3

*Hsu v. Puma Biotechnology, Inc.*,
No. SACV1500865AGJCGX, 2017 WL 3205774 (C.D. Cal. July 25, 2017).....................3, 6

*In re Inv. Tech. Grp., Inc. Sec. Litig.*,
No. 15-cv-6369, 2018 WL 1449206 (S.D.N.Y. Mar. 23, 2018) ........................................8

*Jun v. 500.com Ltd.*,
CV 20-806, 2021 WL 4260644 (E.D.N.Y. Sept. 20, 2021).............................................4

*In re MBIA, Inc. Sec. Litig.*,
700 F. Supp. 2d 566 (S.D.N.Y. 2010)...............................................................................5

*Novak v. Kasaks*,
216 F.3d 300 (2d Cir. 2000)..............................................................................................2

*Omnicare, Inc. v. Laborers Dist. Council Constr. Ind. Pension Fund*,
575 U.S. 175 (2015) ..........................................................................................................6

*In re Party City Sec. Litig.*,
147 F. Supp. 2d 282 (D.N.J. 2001) ...................................................................................5

*In re Plug Power, Inc. Sec. Litig.*,
 No. 21 CIV. 2004, 2022 WL 4631892 (S.D.N.Y. Sept. 29, 2022) ........................................... 3

*SEC v. Espueles*,
 908 F. Supp. 2d 402 (S.D.N.Y. 2012) .................................................................................. 6, 7

*SEC v. Hurgin*,
 484 F. Supp. 3d 98 (S.D.N.Y. 2020) ......................................................................................... 8

*Stein v. Tangoe, Inc.*,
 No. 3:13-CV-00286, 2014 WL 12767210 (D. Conn. Sept. 30, 2014) ...................................... 3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
 551 U.S. 308 (2007) .................................................................................................................. 1

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
 672 F. Supp. 2d 596 (S.D.N.Y. 2009) ....................................................................................... 7

*In re Virtus*,
 195 F. Supp. 3d 528 (S.D.N.Y. 2016) ........................................................................................ 8

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................................................ 1

Private Securities Litigation Reform Act ........................................................................... 1, 3, 4, 6

Securities Exchange Act Section 10(b) ............................................................................... 3, 6, 7, 8

Securities Exchange Act Section 14(a) ...................................................................................... 7, 8

Private Securities Exchange Act Section 20(a) ............................................................................. 8

**Other Authorities**

Federal Rule of Civil Procedure 8(a) ............................................................................................ 8

## I. PRELIMINARY STATEMENT

Congress enacted the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, to put a stop to unsupported securities actions that imposed costly discovery burdens on companies and individuals without showing that corporate failure was likely due to fraud. In seeking to hold liable Lottery.com and several of its former executives—including Defendants Clemenson and Dickinson—for fraud, Plaintiffs fall short of the standard Congress and the Federal Rules establish. As a result, Clemenson and Dickinson ask the Court to dismiss the Complaint.[1]

Plaintiffs' opposition either ignores or sidesteps most of Defendants' arguments. Plaintiffs say nothing, for instance, about the virtual failure to allege anything about Clemenson's role beyond his resignation from Lottery.com and his signature on a single annual filing. Plaintiffs try to prop up their Complaint with new facts nowhere alleged in their pleadings. But these facts too fail to satisfy the Reform Act's standards for proving scienter. Indeed, Plaintiffs fail to even cite—much less distinguish—most of the cases Clemenson and Dickinson relied on, including those dismissing complaints with more robust factual allegations and supported by confidential informants.[2]

## II. ARGUMENT

### A. Plaintiffs fail the Reform Act's test for alleging scienter.

Plaintiffs do not plead with particularity facts demonstrating a "strong inference" of scienter as to each defendant that is "cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007); *see also* 15 U.S.C. § 78u-4(b)(2)(A). To do so, they must show "(1) that defendants had the motive and opportunity to commit fraud, or (2) strong circumstantial evidence of conscious

---

[1] Unless otherwise indicated, references to the Complaint are to the Amended Class Action Complaint filed on January 31, 2023. ECF No. 52.

[2] As with their motion, Clemenson and Dickinson also adopt all relevant arguments raised in the replies submitted by their co-defendants.

misbehavior or recklessness." *ECA & Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198. "[C]ourts must consider both the inferences urged by the plaintiff and any competing inferences rationally drawn from all the facts alleged, taken collectively." *Id.*

Here, Plaintiffs have not alleged either that Clemenson and Dickinson had the "motive and opportunity to commit fraud" or the kind of circumstantial evidence that would support an inference of fraud or recklessness.

### 1. Plaintiffs do not sufficiently allege motive and opportunity to commit fraud.

To allege motive, it is not enough to point to incentives possessed by nearly all corporate insiders, like "the desire to … sustain the appearance of corporate profitability or of the success of an investment [and] the desire to maintain a high stock price in order to increase executive compensation … or prolong the benefits of holding corporate office." *Novak v. Kasaks*, 216 F.3d 300, 307 (2d Cir. 2000). Rather, a plaintiff must show that defendants have benefited in "some concrete and personal way" from the fraud they perpetrated. *Id.* Plaintiffs do not do so here.

In disputing this point, Plaintiffs chide Clemenson and Dickinson for "incorrect[ly]" characterizing the Complaint's allegations. ECF 96 ("Opp'n") at 7. But their criticism falls flat, because it relies on new facts for which Plaintiffs seek judicial notice rather than any fact alleged in the Complaint. *See id.* at 3–4 & nn. 3, 5; *id.* at 7 & n.9. This is simply an improper means to attempt to correct their pleading deficiencies. In any event, Plaintiffs' new allegations are not enough to support a strong inference of scienter.

Plaintiffs argue that because Mr. Dickinson was awarded $35 million in restricted stock, contingent on TDAC's acquisition of Lottery.com, he had a motive to commit fraud. *See id.* at 7. As for Mr. Clemenson, Plaintiffs suggest that his sale of 375,000 shares in Lottery.com stock "shortly after the business combination was completed" establishes the same. *Id.* These arguments miss the mark.

Courts within this circuit have rejected arguments like Plaintiffs'. It is not enough to point to the types of benefits held by almost all corporate executives, otherwise almost every case would meet the Reform Act's high bar. Whether "an interest in acquisition is sufficient to plead scienter is 'extremely contextual' and requires an allegation of a 'unique connection between the fraud and the acquisition.'" *In re Plug Power, Inc. Sec. Litig.*, No. 21 CIV. 2004 (ER), 2022 WL 4631892, at *12 (S.D.N.Y. Sept. 29, 2022). Here, however, the purported false statements underlying Plaintiffs' Section 10(b) claim against Clemenson and Dickinson relates to statements about cash on hand and the strength of internal controls after the business combination had already been completed. Thus, Plaintiffs have "failed to sufficiently allege any personal benefit, outside of the stock trades made by" Clemenson. *Stein v. Tangoe, Inc.*, No. 3:13-CV-00286 (VLB), 2014 WL 12767210, at *17 (D. Conn. Sept. 30, 2014). Their attempt to tether alleged benefits to the business combination fails given Clemenson and Dickinson's lack of alleged involvement in fraudulent conduct connected to the business combination itself. *See* Mot. at 18–19; *infra* Section II.C.

Plaintiffs' invocation of *Hsu v. Puma Biotechnology, Inc.*, is unavailing. *See* No. SACV1500865AGJCGX, 2017 WL 3205774, at *4 (C.D. Cal. July 25, 2017). There, the alleged motive to defraud related to a still-unconsummated acquisition strategy. *Id.* at *4. No similar logic supports a motive to lie to ensure an event that has already happened, as was the case with the TDAC acquisition. The complaint in *Hsu* could go forward only because the allegations "taken together"—including "Defendants' stock sales and performance-based compensation"— were enough to show scienter, "*even if barely so.*" *Id.* (emphasis added). In a prior ruling, the court had considered those allegations supporting a motive to defraud alongside a powerful assertion absent here: "contemporaneous reports or data, available to the party, which contradict the statement." *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1287 (C.D. Cal. 2016). The plaintiffs in Hsu pointed to a portion of a conference call showing that the individual defendant "knew about the allegedly real trial results when he made the alleged

misrepresentations." *Id.* Here, by contrast, Plaintiffs' allegations are less compelling than the ones that even *Hsu*

said were "barely" enough to satisfy the Reform Act: plaintiffs allege no statements or reports contemporaneous—and conflicting—with any Defendant's statements to support the inference of knowing falsity.

Plaintiffs thus fail to allege motive and opportunity to defraud.

### 2. Plaintiffs have not alleged enough circumstantial evidence of knowledge or recklessness.

Plaintiffs similarly fail to allege the facts needed to show knowing or reckless misrepresentations. As the Second Circuit has explained, they must allege "at the least, conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." *In re Carter-Wallace, Inc., Sec. Litig.*, 220 F.3d 36, 39 (2d Cir. 2000). Plaintiffs seek to show scienter by alleging several facts—none of them sufficient. Whether considered individually or collectively, the allegations fail.

To wit, Clemenson and Dickinson's motion discusses several categories of allegations that are not enough to show scienter:

| Allegation | Authority Showing the Allegation Is Insufficient |
|---|---|
| Termination and resignation of senior officers | <ul><li>*Jun v. 500.com Ltd.*, CV 20-806 (GRB) (AKT), 2021 WL 4260644, at \*2 (E.D.N.Y. Sept. 20, 2021)</li><li>*Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 598 (S.D.N.Y. 2011)</li></ul> |

| Failures in internal controls and accounting errors | • *In re Party City Sec. Litig.*, 147 F. Supp 2d 282, 316 (D.N.J. 2001) |
|---|---|
| Signing SEC filings and Sarbanes-Oxley certifications | • *In re MBIA, Inc. Sec. Litig.*, 700 F. Supp. 2d 566, 589–90 (S.D.N.Y. 2010) |
| Overstated cash and revenue | • *In re BISYS Sec. Litig.*, 397 F. Supp. 2d 430, 447–48 (S.D.N.Y. 2005) |

*See* ECF 92 ("Mot.") at 10–13. Plaintiffs do not even cite—much less distinguish—the authorities listed above.

Instead, they argue that the allegations taken together are enough to meet their burden. Not so. Plaintiffs ignore the analysis in *BISYS*, which turned aside allegations of scienter far more compelling than those here. *See* 397 F. Supp. 2d at 442–48. The plaintiffs in *BISYS* relied on six confidential informants and alleged that individual defendants were motivated to "increase their own compensation and to increase the price of the Company's stock [so they] could sell their own shares at high prices." *Id.* at 442–44. They also alleged that the individuals had: (1) sold company shares for substantial profits; (2) resigned just before or at the same time as the company disclosed financial shortfalls, improper accounting, and financial restatements; (3) held leadership positions while the company violated GAAP and internal accounting policies; and (4) presided over the company when it inflated revenues by more than twenty percent. *Id.* at 444–48. Even together, these facts were not enough to proceed against these individuals. Only claims against the CEO could go forward because the plaintiffs alleged that he had "knowingly directed BISYS employees to overstate revenues and to falsify commissions payable" despite internal warnings. *See id.* at 443.

The allegations here are far less egregious than those the court ruled insufficient in *BISYS*: the Complaint references no confidential informants, no conflicting legal or accounting

opinions received, no insider concerns, and so on. The Complaint should thus meet the same fate as the complaint in *BISYS* did.

Allowing this case to go forward would conflict with the purposes for which Congress enacted the Reform Act. Complaints based on no investigation other than a company's own public statements reflecting its failures should not give rise, without more, to claims for securities fraud that proceed to expensive discovery.

*    *    *

Because the Complaint falls short of the Reform Act's standards under either approach to alleging scienter, Clemenson and Dickinson ask the Court to dismiss it.

### B. Plaintiffs have not adequately pleaded falsity to support their Section 10(b) claim.

Statements of opinion are not actionably false unless the speaker did not hold the view she expressed, the "supporting fact[s] she supplied were untrue," or the speaker omits information which makes the statement misleading to a reasonable investor. *Omnicare, Inc. v. Laborers Dist. Council Constr. Ind. Pension Fund*, 575 U.S. 175, 186–89 (2015). As Clemenson and Dickinson's motion explained, Plaintiffs have failed to allege that the opinions at issue here—that Lottery.com's internal controls were sound, that its compliance efforts were adequate, and that it had properly accounted for revenue—were false when made. *See* Mot. at 14–17.[3]

Plaintiffs rely on three authorities to contend otherwise in their opposition to Lottery.com's motion to dismiss (ECF 95 at 9)—arguing that Defendants' statements about Lottery.com's cash position were necessarily false when made. But those cases do not support Plaintiffs' claims. Two of them were issued years before *Omnicare*, and thus necessarily fail to

---

[3] Indeed, as Clemenson and Dickinson's motion explains, the Complaint alleges virtually nothing about Clemenson other than his departure from Lottery.com and his signature on a single annual report to the SEC in March 2022. *See* Mot. at 11; Compl. ¶¶ 91, 113; *see also Hsu*, 2017 WL 3205774, at *3 (explaining that, because the allegedly false statements were not "directly attributable to" one individual defendant, that defendant "probably isn't liable under Section 10(b)").

6

reckon with the Supreme Court's landmark analysis of this question. *See SEC v. Espueles*, 908 F. Supp. 2d 402, 410 n.5 (S.D.N.Y. 2012); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 672 F. Supp. 2d 596, 606 (S.D.N.Y. 2009). The third, *Fresno Cty. Emps.' Ret. Ass'n v. comScore, Inc.*, is also inapposite. 268 F. Supp. 3d 526, 545–47 (S.D.N.Y. 2017). There, unlike here, the plaintiffs "plausibly and specifically claim[ed] that [the defendants] did not honestly hold any opinions professed." *Id.* at 547. For example, the plaintiffs there alleged that the individual defendants participated in conference calls with select investors, who raised concerns about the defensibility of the company's accounting statements. *See id.* at 538. Thus, "there [were] sufficient allegations that any opinions were predicated on untrue statements of fact and omitted material facts about each speaker's inquiry into or knowledge of facts that would support the stated opinion." *Id.* at 547. Here, of course, it is Plaintiffs' failure to allege precisely those supporting facts that drove the analysis in Clemenson and Dickinson's motion.

Last, Plaintiffs fail to contend with *In re AmTrust Financial Services, Inc. Securities Litigation*. *See* No. 17-CV-1545 (LAK), 2019 WL 4257110 (S.D.N.Y. Sept. 9, 2019). As Clemenson and Dickinson explained (Mot. at 16–18), the analysis there shows that attestations about the sufficiency of internal controls in Sarbanes-Oxley certifications were protected opinions, and even the recognition of revenue under GAAP can call for "the exercise of judgment" or a "subjective evaluation" about a particular transaction, *Id.* at *14–15, *24–25. Without specific allegations of contrary information, Plaintiffs cannot show that any challenged statement was actionably false.

This failure dooms Plaintiffs' Section 10(b) claim.

### C.    Plaintiffs' Section 14(a) claim fails.

Plaintiffs' claim under Section 14(a) turns on allegedly false or misleading statements in the Proxy statement and prospectus for the business combination between TDAC and Lottery.com. *See* Compl. ¶¶ 77–82, 179–82. But the claim fails.

To start, the same falsity analysis that undermines their Section 10(b) claims are also fatal to Plaintiffs' Section 14(a) claim. *See* Mot. at 18.

Second, Plaintiffs do not identify the roles allegedly played by Clemenson and Dickinson in this violation under Federal Rule of Civil Procedure 8(a). *See id.* Rule 8(a)'s requirement to adequately disentangle the roles of each defendant is not specifically addressed in the authorities Plaintiffs cite. *See* Opp'n at 12–14. And its discussion of one of those authorities—*SEC v. Hurgin*—is selective. Plaintiffs omit, for instance, that the executive challenging the adequacy of a Section 14(a) claim there, Aurovsky, allegedly "spoke with [the other defendant] on a daily basis." *Hurgin*, 484 F. Supp. 3d 98, 118 (S.D.N.Y. 2020). And unlike in *Hurgin*, the Complaint here does not allege that Clemenson or Dickinson had the kind of controlling interest in Lottery.com (14.5% for Clemenson, 5.6% for Dickinson[4]), that the executive in *Hurgin* had (50%), that either became controlling shareholders of the combined entity, or that either's consent was needed for the merger to take place. *Compare id.* at 117–18, *with* Complaint.

Plaintiffs' Section 14(a) claim should thus be dismissed.

**D.      Plaintiffs' Section 20(a) claims cannot go forward.**

Plaintiffs' Section 20(a) "control person" liability claims—one for each of the two primary violations charged in the Complaint—should be dismissed. First, without pleading facts sufficient to support their Sections 10(b) or 14(a) claims, a Section 20(a) claim—which must be based on a primary violation—cannot go forward. *In re Inv. Tech. Grp., Inc. Sec. Litig.*, No. 15-cv-6369, 2018 WL 1449206, at *7 (S.D.N.Y. Mar. 23, 2018). Second, Plaintiffs' failure to allege scienter independently dooms the Section 20(a) claim: Section 20(a) claims require alleging "culpable participation," which "is a scienter requirement. *In re Virtus*, 195 F. Supp. 3d 528, 543 (S.D.N.Y. 2016); *see also In re Inv. Tech. Grp.*, 2018 WL 1449206, at *7.

---

[4] *See* ECF 78-1 at 221.

**III.    CONCLUSION**

For these reasons and those explained in their motion, Mr. Clemenson and Mr. Dickinson respectfully ask the Court to dismiss Plaintiffs' Complaint.

Dated:  New York, New York                          Respectfully submitted,
        June 20, 2023


        <u>*s/ Franklin Monsour Jr.*</u>

        Franklin Monsour Jr.
        ORRICK, HERRINGTON & SUTCLIFFE LLP
        51 West 52nd Street
        New York, NY 10019
        Tel. 212-506-3512
        fmonsour@orrick.com

        Aaron Brecher (admitted *pro hac vice*)
        ORRICK, HERRINGTON & SUTCLIFFE LLP
        401 Union Street
        Suite 3300
        Seattle, WA 98101
        Tel. 206-839-4332

        *Attorneys for Defendants*
        *Matthew Clemenson and Ryan Dickinson*