UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LOTTERY.COM, INC. SECURITIES LITIGATION | Case No. 1:22-cv-07111 (JLR)<br><br>**ORAL ARGUMENT REQUESTED** |

### REPLY IN SUPPORT OF DEFENDANTS MATTHEW CLEMENSON AND RYAN DICKINSON'S MOTION TO DISMISS COMPLAINT BY HAROLD HOFFMAN

Franklin Monsour Jr
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Tel. 212-506-3512
fmonsour@orrick.com

Aaron Brecher (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street
Suite 3300
Seattle, WA 98101
Tel. 206-839-4332
abrecher@orrick.com

*Attorneys for Defendants*
*Matthew Clemenson and Ryan Dickinson*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................ii

I.      ARGUMENT ..........................................................................................................1

# TABLE OF AUTHORITIES

**Page(s)**

**Statutes**

Securities Exchange Act Section 10(b) ..................................................................................... 2

Securities Exchange Act Section 20(a) ..................................................................................... 2

## I. ARGUMENT

Defendants Clemenson and Dickinson ask the Court to dismiss Hoffman's Complaint. Hoffman has essentially foregone the chance to oppose the motion with arguments of his own, or with any arguments at all that are geared toward the Complaint that he filed.

Instead, Hoffman merely adopts the arguments raised by the Class Plaintiffs in the consolidated action. *See* ECF 97 at 3. The upshot of this choice is twofold. First, his opposition incorporates the same weaknesses that plague the opposition filed by class plaintiffs. And second, he fails to offer arguments to shore up the gaps between his Complaint and Class Plaintiffs' (still inadequate) factual assertions.[1]

Hoffman's ostensible effort to conserve the Court's resources instead deprives the Court of any opposition to dismissal keyed to Hoffman's Complaint. His effort seems more aimed at conflating the two complaints without having to amend his own—and thereby obfuscating the obvious shortcomings in his Complaint. Despite overlap between the two pleadings, Hoffman's Complaint diverges from that of the Class Plaintiffs in several ways. Most importantly, Hoffman alleges virtually nothing to show scienter. He asserts that Lottery.com's leadership had "access to material information" because of their roles within the company, and therefore "knew that the … representations being made were false and misleading." Compl.[2] ¶ 22; *see also id.* ¶ 58. The class complaint, by contrast, at least attempts to allege scienter with a section devoted to facts that purportedly show Defendants' knowledge. *See* ECF No. 52 ("Class Compl.") ¶¶ 101–42. And Hoffman alleges *nothing* about Clemenson's role other than his service as Lottery.com's Chief Revenue Officer until resigning in July 2022. *See* Compl. ¶¶ 6, 20, 47. By failing to confront these deficiencies head-on, Hoffman in essence concedes them.

---

[1] Hoffman's Complaint was copied nearly verbatim from the Class Plaintiffs' initial complaint.
[2] Hoffman's Complaint is filed at ECF No. 1 on the docket in Case No. 1:22-cv-10764-JLR, which was Hoffman's individual case number before his case was consolidated under the related class action in Case No. 1:22-cv-7111-JLR. Other citations to the docket in this reply are to the consolidated docket.

Clemenson and Dickinson thus reiterate the arguments in their original motion and adopt the arguments in their concurrently filed reply supporting their motion to dismiss Class Plaintiffs' complaint. Authorities that Class Plaintiffs do not bother to cite, much less distinguish, show that they have failed to adequately allege scienter or falsity under Section 10(b) of the Exchange Act, and failed to allege control person liability under Section 20(a) of the Exchange Act.

By dodging any analysis specific to his own Complaint, Hoffman seeks to sidestep the deficiencies that mandate dismissal. The Court should not reward that maneuver.


Dated: New York, NY
June 20, 2023

Respectfully submitted,


*s/ Franklin Monsour Jr.*

Franklin Monsour Jr.
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Tel. 212-506-3512
fmonsour@orrick.com

Aaron Brecher (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street
Suite 3300
Seattle, WA 98101
Tel. 206-839-4332
abrecher@orrick.com

*Attorneys for Defendants*
*Matthew Clemenson and Ryan Dickinson*