**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LOTTERY.COM, INC. SECURITIES LITIGATION | Case No. 1:22-cv-07111 (JLR) |

**DEFENDANT ANTHONY DIMATTEO'S REPLY IN SUPPORT OF HIS MOTIONS TO DISMISS THE AMENDED CLASS ACTION COMPLAINT AND PLAINTIFF HAROLD HOFFMAN'S COMPLAINT[1]**

In their securities fraud claims against Defendant Anthony DiMatteo and their responses to Defendants' Motions to Dismiss, Plaintiffs do not identify specific and particularized facts to support their speculative theory that Mr. DiMatteo knowingly or recklessly misled investors about the operational and financial condition of Lottery.com. Instead, Plaintiffs rely on a series of public disclosures Lottery.com made to clarify its legal and financial condition following an internal investigation. Based on those statements, Plaintiffs ask this Court to infer that Mr. DiMatteo must have concealed the true condition of Lottery.com because (1) he was the Chief Executive Officer (CEO) of the company, (2) he owned approximately 14% of the company's shares at the time that Lottery.com combined with Trident Acquisitions Corporation (TDAC), (3) Lottery.com

---

[1] Plaintiff Harold Hoffman originally filed his Complaint in a related case - *Hoffman v. Lottery.com, et al.*, Case No. 1:22-cv-10764. On March 10, 2023, this Court consolidated Mr. Hoffman's Complaint into this case. *See* Order, ECF No. 71. Defendant DiMatteo separately moved to dismiss both the Amended Class Action Complaint and Mr. Hoffman's Complaint. *See* Motion to Dismiss Amended Class Action Complaint, ECF No. 85; Motion to Dismiss Harold Hoffman's Complaint, ECF No. 88. Mr. Hoffman elected not to file his own independent opposition to any of the motions to dismiss filed by any of the Defendants in this matter. *See* Hoffman Opposition, ECF No. 97. Instead, Mr. Hoffman summarily "adopt[ed] all arguments advanced by class counsel in opposition to Defendants' motions [to dismiss]." *Id*. at 3. Accordingly, Defendant DiMatteo files this consolidated reply in support of his motions to dismiss both the Amended Class Action Complaint and Harold Hoffman's Complaint. Any reference to Plaintiffs encompasses all the Plaintiffs, including Harold Hoffman. Mr. DiMatteo adopts and incorporates by reference the replies filed by the other Defendants in this action in support of their respective motions to dismiss.

announced that an investigation revealed it had overstated its cash reserves and revenue by approximately $30 million, and (4) Mr. DiMatteo subsequently left the company along with other executives and an auditor.

Even when considered holistically, these disjointed facts fail to create the cogent and compelling narrative supported by particularized facts necessary to create the requisite strong inference that the Defendants, including Mr. DiMatteo, knowingly or recklessly misled investors about the true condition of Lottery.com. Plaintiffs do not allege that Mr. DiMatteo had a concrete incentive to obscure the condition of Lottery.com beyond the general financial interests common to any corporate executive and shareholder. Plaintiffs also do not allege that Mr. DiMatteo contemporaneously knew or had access to information suggesting that any of the public statements Lottery.com made, including the proxy statement in support of the merger with TDAC, were false or misleading at the time the statements were made. Instead, the facts alleged by Plaintiffs support the equally compelling inference that Defendants learned the true condition of Lottery.com through an internal investigation and then publicly disclosed the results of that investigation beginning in July 2022. For the reasons detailed herein and in his Motions to Dismiss, Mr. DiMatteo asks this Court to dismiss the Amended Class Action Complaint (ECF No. 52) and Plaintiff Harold Hoffman's Complaint (ECF No. 1 in Case No. 1:22-cv-10764) with prejudice.

## ARGUMENT

### A.  Plaintiffs misconstrue their burden to plead fraud with particularity.

Plaintiffs misconstrue the applicable pleading standard in this case, which requires them to support their securities fraud claim with particularized facts and allegations.[2] Plaintiffs incorrectly

---

[2] *See* Plaintiffs' Memoranda in Opposition to Defendants' Motions to Dismiss, ECF No. 95 at § III(A) and ECF No. 96 at Argument § I (emphasis added).

state that their Complaint must "*only* contain sufficient factual matter to state a claim to relief that is plausible on its face."[3] However, Plaintiffs have alleged securities fraud. Accordingly, pursuant to Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act (PSLRA), Plaintiffs face "heightened pleading requirements" that require their complaints to be specific and particularized, not just plausible. *In re DraftKings Inc. Sec. Litig.*, No. 21 CIV. 5739 (PAE), 2023 WL 145591, at *14-15 (S.D.N.Y. Jan. 10, 2023) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007); *Tellabs, Inc*. v. *Makor Issues & Rights, Ltd*., 551 U.S. 308 (2007)).

First, Plaintiffs must "state *with particularity* the circumstances constituting fraud." *See* Fed. R. Civ. P. 9(b); *In re DraftKings Inc.*, 2023 WL 145591 at *14 (emphasis added) (citing *ECA & Loc. 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009)). Conclusory allegations and unsupported factual assertions are insufficient. *Id*. (citing *ATSI*, 493 F.3d at 99). A complaint alleging securities fraud must include specific and particularized facts sufficient to (1) specify the statements that the plaintiffs contend were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).

Second, a plaintiff must plead particularized facts giving rise to a ***strong inference*** that the defendant acted with the required state of mind or scienter to deceive, manipulate, or defraud. *In re DraftKings Inc.*, 2023 WL 145591 at *15; *Tellabs*, 551 U.S. at 313-14 (both citing 15 U.S.C § 78u-4(b)(2)). The inference of scienter must be more than plausible, it must be strong enough that a reasonable person would deem it cogent and ***at least as compelling*** as any opposing inference. *In re DraftKings Inc.*, 2023 WL 145591 at *15; *Tellabs*, 551 U.S. at 313-14. To meet this demanding burden, a plaintiff must plead specific and particularized "facts to show either (1) that

---

[3] *Id*. (internal quotation marks and punctuation omitted).

defendants had the motive and opportunity to commit fraud, or (2) strong circumstantial evidence of conscious misbehavior or recklessness." *ECA, Loc. 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009).

**B. Plaintiffs do not identify particular facts to support their contention that Mr. DiMatteo knowingly or recklessly misled investors about the condition of Lottery.com.**

As a threshold matter, in their responses to Defendants' Motions to Dismiss, Plaintiffs do not offer particular facts to establish that Mr. DiMatteo had a specific motive to conceal the condition of Lottery.com. A plaintiff can demonstrate motive by pleading particularized facts that establish a "concrete and personal benefit to the individual defendants resulting from the fraud." *Kalnit v. Eichler*, 264 F.3d 131, 139 (2d Cir. 2001). It is not enough to point to incentives possessed by nearly all corporate insiders, like "the desire to … sustain the appearance of corporate profitability or of the success of an investment [and] the desire to maintain a high stock price in order to increase executive compensation … or prolong the benefits of holding corporate office." *Novak v. Kasaks*, 216 F.3d 300, 307 (2d Cir. 2000). Plaintiffs generically allege that Mr. DiMatteo owned 14% of Lottery.com's shares and therefore had an incentive to take the company public and maximize its value. The same can be said of any business executive or shareholder. The general incentive to grow the Lottery.com business does not establish that Mr. DiMatteo had a concrete personal incentive to conceal the true condition of the company.

Plaintiffs also do not allege any specific facts that establish "strong circumstantial evidence" that Mr. DiMatteo engaged in conscious misbehavior or recklessness. *ECA, Loc. 134*, 553 F.3d at 198. As Plaintiffs concede, a strong inference of recklessness or conscious misbehavior requires facts that establish the defendant "knew facts or had access to information suggesting that

their public statements were not accurate."[4] Here, Plaintiffs reiterate the allegations from the Amended Class Action Complaint and again ask this Court to infer that the Defendants, including Mr. DiMatteo, knowingly or recklessly misled investors about the condition of Lottery.com. Even considered holistically, Plaintiffs' allegations fail to state a claim for securities fraud.

First, Plaintiff speculate that Mr. DiMatteo must have known and concealed information about Lottery.com because he was its CEO. However, being an executive is not independently sufficient to establish that Mr. DiMatteo concealed information about the company. *See Cohen v. Kitov Pharms. Holdings, Ltd.*, 2018 WL 1406619, at *1 (S.D.N.Y. Mar. 20, 2018). Plaintiffs' reliance on *Cohen* is misplaced. *Id*. There, the Court found that the plaintiffs had adequately pled facts to establish that CEO Isaac Israel, acted with the requisite deceitful intent not only because he was the CEO of a small company, but also because multiple confidential sources confirmed that Israel falsified data in a clinical trial and therefore knew that his subsequent statements about the successful completion of the trial were false. *Id*. Here, Plaintiffs fail to identify specific information that Mr. DiMatteo knew or had access to in his role as CEO that would contradict any of the public statements made by Lottery.com, including the proxy statement in support of the merger between Lottery.com and TDAC.

Second, Plaintiffs speculate that the departures of several Lottery.com executives and an auditor suggest that the Defendants misled investors about the condition of the company. Such conjecture is insufficient to support a securities fraud claim. *See, e.g.*, *Jun v. 500.com Ltd.*, CV 20-806 (GRB) (AKT), 2021 WL 4260644, at *2 (E.D.N.Y. Sept. 20, 2021) (ruling that defendant's resignation at the conclusion of internal investigation was not enough to show scienter); *Glaser v.*

---

[4] *See* Plaintiffs' Opposition to Defendant Lottery.com's Motion to Dismiss the Amended Class Action Complaint, ECF No. 95 at 24.

*The9, Ltd.*, 772 F. Supp. 2d 573, 598 (S.D.N.Y. 2011) ("resignations, without some indicia of highly unusual or suspicious circumstances, are insufficient to support the required strong circumstantial evidence of scienter"). "[T]hat a corporate executive would resign from a company under investigation" for accounting irregularities "hardly seems suspect"—there are many plausible explanations that do not involve knowledge of any scheme to defraud. *Jun*, 2021 WL 4260644, at *2.

Additionally, Plaintiffs speculate that because Lottery.com discovered and reported that it had overstated its cash reserves and revenue by approximately $30 million, its executives must have known that the company's statements about its financial condition were false. Without some indication of deceit, the amount by which a company corrects its financial statements cannot support a securities fraud claim. *See In re BISYS Sec. Litig.*, 397 F. Supp. 2d 430, 447–48 (S.D.N.Y. 2005) (explaining that "the size of the restatement" alone does not create an inference of scienter).

Even considered holistically, Plaintiffs' allegations fail to state a securities fraud claim because they have not articulated specific facts to establish that Mr. DiMatteo knew or had access to any information that suggested that any public statements Lottery.com made were inaccurate *at the time the statements were made*. *See, e.g.*, *In re PXRE Grp., Ltd., Sec. Litig.*, 600 F. Supp. 2d 510, 536 (S.D.N.Y. 2009); *Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 588 (S.D.N.Y. 2011); *Novak v. Kasaks*, 216 F.3d 300, 308-9 (2d Cir. 2000) ("Where plaintiffs contend defendants had access to contrary facts, they must specifically identify the reports or statements containing this information."); *Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Commerce*, 694 F. Supp. 2d 287, 299 (S.D.N.Y. 2010) ("Plaintiffs should, but do not, provide specific instances in which Defendants received information that was contrary to their public declarations."); *City of Brockton Ret. Sys. V. Shaw Group Inc.*, 540 F. Supp. 2d 464, 472–74

6

(S.D.N.Y. 2008) (determining that there was no inference of scienter where the plaintiffs failed to allege that individual defendants were provided with contradictory information).

Plaintiffs have not met their burden to establish a compelling inference that any Defendant, including Mr. DiMatteo, intentionally or recklessly deceived, manipulated, or defrauded anyone before, during, or after the merger between Lottery.com and TDAC. The facts alleged by Plaintiffs support the equally compelling inference that Defendants learned the true operational and financial condition of Lottery.com through an internal investigation and then publicly disclosed the results of that investigation beginning in July 2022. Accordingly, Plaintiffs fail to state a securities fraud claim against Mr. DiMatteo.

## CONCLUSION

Plaintiffs have not articulated a sufficiently particularized securities fraud claim against Defendant Anthony DiMatteo. Accordingly, Mr. DiMatteo respectfully requests that this Court dismiss the Amended Class Action Complaint (ECF No. 52) and Harold Hoffman's Complaint (ECF No. 1 in Case No. 1:22-cv-10764) with prejudice.

Dated: June 20, 2023

Respectfully Submitted,

/s/ *Tara N. Tighe*
Tara N. Tighe (*pro hac vice*)
Danny C. Onorato (*pro hac vice*)
Schertler Onorato Mead & Sears
555 13th Street, N.W. | Suite 500 West
Washington, DC 20004
ttighe@schertlerlaw.com
donorato@schertlerlaw.com
Phone: (202) 628-4199
Fax: (202) 628-4177
*Counsel for Defendant Anthony DiMatteo*

## CERTIFICATE OF SERVICE

I, the undersigned, certify as follows:

I am not a party to the above case, and I am over 18 years old.

On June 20, 2023, I filed the foregoing document with the Clerk of this Court using the Court's CM/ECF electronic filing system, which will serve automatic electronic notice to all counsel of record in this case.

I affirm under penalty of perjury that the foregoing is true and correct.


/s/ *Tara N. Tighe*
Tara N. Tighe