Jay K. Musoff (jmusoff@loeb.com)
John Piskora (jpiskora@loeb.com)
Alex Inman (ainman@loeb.com)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
*Attorneys for Defendant Vadim Komissarov*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

IN RE LOTTERY.COM, INC. SECURITIES
LITIGATION

--------------------------------------------------------X

: Case No. 1:22-cv-07111-JLR
:
:
:
: **ORAL ARGUMENT REQUESTED**

**DEFENDANT VADIM KOMISSAROV'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

.

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ...................................................................................... iii

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS ............................................................................................3

A.    The Parties, the Background of the Action, and the Untimely Service of Process ....................................................................................................................3

B.    Plaintiff Has Failed To State A Claim Against Mr. Komissarov ..........................4

    1.    The Post-Business Combination Disclosures By Lottery Are Not Attributable to Mr. Komissarov ...................................................................4

    2.    Plaintiffs' Amended Complaint Fails to Allege Any Actionable Pre-Business Combination Misstatement by Trident or Mr. Komissarov ...................4

        (a)    Trident/Komissarov Made No Representation as to Lottery's "Compliance" With State and Federal Law ...............................................4

        (b)    Scienter is Lacking Because the Proxy Statement Makes Clear That Trident and Komissarov Relied Upon Lottery's Representations ...............................................................................6

        (c)    Trident/Komissarov Made No Representation as to Lottery's Cash Balance, Revenues, or Internal Controls ...............................................7

        (d)    Scienter is Further Lacking Because the Proxy Statement Makes Clear That Trident and Komissarov Relied Upon Lottery's Representations and Financial Projections ...................................................9

ARGUMENT .................................................................................................................10

I.    APPLICABLE LEGAL STANDARDS ...............................................................10

II.    PLAINTIFFS' SECTION 10(B), SECTION (14), AND SECTION 20 CLAIMS SHOULD BE DISMISSED AS AGAINST MR. KOMISSAROV WITH PREJUDICE .........................................................................................................13

    A.    Plaintiffs Have Failed to Allege Any Material Misrepresentation by Trident or Mr. Komissarov to Support Any Claim ...............................................13

        1.    Lottery's Post-Business Combination Statements Cannot Form the Basis of Any Claim as Against Mr. Komissarov ...............................................13

        2.    Trident/Komissarov Made No Material Misrepresentation as to Lottery's "Compliance" With State and Federal Law ...............................................14

        3.    Trident/Komissarov Made No Material Misrepresentation as to Lottery's Revenue Projections ...................................................................17

    B.    Plaintiffs Have Failed to Allege *Scienter* ...................................................................19

    C.    Plaintiffs' Section 20 Claims Should Similarly Be Dismissed ...............................21

III.    IN THE ALTERNATIVE, PLAINTIFFS' CLAIMS SHOULD BE
        DISMISSED AS AGAINST MR. KOMISSAROV WITHOUT PREJUDICE
        FOR FAILURE TO TIMELY SERVE..............................................................................21

CONCLUSION.......................................................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................10

*Ashland Inc. v. Morgan Stanley & Co.*,
   700 F. Supp. 2d 453 (S.D.N.Y. 2010),
   *aff'd*, 652 F.3d 333 (2d Cir. 2011) ........................................................................18

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
   493 F.3d 87 (2d Cir. 2007)..................................................................11, 12, 20, 21

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................10

*Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*,
   750 F.3d 227 (2d Cir. 2014)....................................................................................11

*Champions League, Inc. v. Woodard*,
   224 F. Supp. 3d 317 (S.D.N.Y. 2016)....................................................................19

*City of Brockton Ret. Sys. v. Avon Prods., Inc.*,
   No. 11 Civ. 4665 (PGG), 2014 WL 4832321
   (S.D.N.Y. Sept. 28, 2014) .......................................................................................14

*City of Brockton Ret. Sys. v. Shaw Grp. Inc.*,
   540 F. Supp. 2d 464 (S.D.N.Y. 2008)....................................................................20

*In re Columbia Pipeline, Inc.*,
   405 F. Supp. 3d 494 (S.D.N.Y. 2019)....................................................................12

*ECA & Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*,
   553 F.3d 187 (2d Cir. 2009)..............................................................................11, 14

*Francisco v. Abengoa, S.A.*,
   481 F. Supp. 3d 179 (S.D.N.Y. 2020)....................................................................17

*Gavin/Solmonese LLC v. D'Arnaud-Taylor*,
   639 F. App'x 664 (2d Cir. 2016) ......................................................................13, 18

*Iowa Pub. Emps.' Retirement Sys. v. MF Glob., Ltd.*,
   620 F.3d 137 (2d Cir. 2010).....................................................................................18

*Janus Capital Grp., Inc. v. First Derivative Traders*,
    564 U.S. 135 (2011)................................................................................13, 18

*In re Keyspan Corp. Sec. Litig.*,
    383 F. Supp. 2d 358 (E.D.N.Y. 2003) ..................................................................20

*In re Lululemon Sec. Litig.*,
    14 F. Supp. 3d 553 (S.D.N.Y. 2014),
    *aff'd*, 604 F. App'x 62 (2d Cir. 2015)................................................................16, 18

*McKibben v. Credit Lyonnais*,
    No. 98 Civ 3358 (LAP), 1999 WL 604883
    (S.D.N.Y. Aug.9, 1999) ......................................................................................22

*In re NTL Inc. Sec. Litig.*,
    347 F. Supp. 2d 15 (S.D.N.Y 2004)....................................................................19

*Omnicare, Inc. v. Laborers District Council Constr. Indus. Pension Fund*,
    575 U.S. 175 (2015).............................................................................................16

*Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Com.*,
    694 F. Supp. 2d 287 (S.D.N.Y. 2010)..................................................................20

*In re Renewable Energy Grp. Sec. Litig.*,
    No. 22-335, 2022 WL 14206678 (2d Cir. Oct. 25, 2022)...........................18, 19, 21

*SEC v. Rio Tinto PLC*,
    41 F.4th 47 (2d Cir. 2022) ..............................................................................13, 18

*Singh v. Cigna Corp.*,
    918 F.3d 57 (2d Cir. 2019)...............................................................................11, 14

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007).......................................................................................19, 20, 21

*In re Virtus Inv. Partners, Inc. Sec. Litig.*,
    195 F. Supp. 3d 528 (S.D.N.Y. 2016)..................................................................12

## Statutes and Other Authorities

15 U.S.C. §78........................................................................................... *passim*

Fed. R Civ. P. 4(m) ........................................................................................1, 2, 3, 22

Fed. R Civ. P. 9(b) .............................................................................................1, 11

Fed. R Civ. P. 10b-5............................................................................................11

Fed. R Civ. P. 12(b)(6)....................................................................................1, 10

Defendant Vadim Komissarov respectfully submits this memorandum of law in support of his motion to dismiss Plaintiffs' Amended Class Action Complaint ("Am. Cmplt."), pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and the heightened pleading requirements imposed by the Private Securities Litigation Reform Act of 1995, for failure to state a claim as against him.  In the alternative, the Amended Complaint should be dismissed as against Mr. Komissarov pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for the failure to effect timely service of process.

## PRELIMINARY STATEMENT

In late October 2021, Lottery.com, Inc. ("Lottery") completed a business combination with Trident Acquisitions Corp. ("Trident").  Plaintiffs, a putative class of investors in Lottery, initially commenced this securities class action alleging that certain of Lottery's post-business combination disclosures were allegedly false or misleading.

On January 31, 2023, Plaintiffs filed an Amended Complaint which sought to expand the potential liability for their claimed losses, alleging securities fraud (and related control person liability) for the first time purportedly related to certain disclosures made by Trident *prior to the business combination*.  Among other claims, Plaintiffs' Amended Complaint attempts to allege Section 10(b), 14, and 20 claims against Defendant Komissarov, who Plaintiffs admit in their Amended Complaint only served as an officer of Trident until the business combination (and had no further position with Lottery post-business combination).  The claims against Mr. Komissarov fail, however, for each of the following independent reasons:

*First*, Plaintiffs have failed to allege any actionable misrepresentation or material omission made by Trident or Mr. Komissarov.  As a threshold matter, Mr. Komissarov was not the "maker" of any of Lottery's post-business combination disclosures.  And while Plaintiffs attempt to allege

that Trident or Mr. Komissarov purportedly made misrepresentations concerning Lottery's legal compliance and/or revenue projections, even a cursory review of the relevant disclosures reveals that no such representations were made. To the contrary, and at best, Trident merely disclosed to investors the same representations that Lottery made to Trident, which Lottery represented to and warranted to Trident were materially accurate. Plaintiffs have not (and cannot) allege that any such disclosure by Trident (or its officers) was false in any way.

*Second*, and setting aside that no misrepresentation was made, Plaintiffs have failed to allege that Mr. Komissarov acted with fraudulent scienter. Not only is Plaintiffs' Amended Complaint devoid of any allegation that Mr. Komissarov (or even Trident) actually knew that any of Lottery's representations was false or misleading, but Trident was legally obligated to make disclosures concerning the proposed business combination and was entitled to rely upon Lottery's documented representations and warranties in doing so. Because that nonculpable explanation is far more likely than the Plaintiffs' conclusory allegations of a scheme to defraud, there is no scienter and the claims against Mr. Komissarov should be dismissed.

*Third,* Plaintiffs' Section 20 "control person" claims against Mr. Komissarov cannot survive because Plaintiffs have not adequately alleged a primary claim.

*Fourth* and finally, Plaintiffs' Amended Complaint should be dismissed against Mr. Komissarov because Plaintiffs failed to timely serve him within the 90-day period mandated by Rule 4(m) of the Federal Rules of Civil Procedure.

For each of these independent reasons, the Amended Complaint should be dismissed as against Mr. Komissarov.

## STATEMENT OF FACTS[1]

**A.   The Parties, the Background of the Action, and the Untimely Service of Process**

Plaintiffs are a putative class of shareholders of Lottery.com, Inc. ("Lottery") and/or Trident Acquisitions Corp. ("Trident"). *See* Ex. 1 (Am. Cmplt.) at 1 and ¶ 1. On October 29, 2021, Lottery and Trident completed a business combination, with the combined business being renamed Lottery.com. *See id.* (Am. Cmplt.) at ¶ 61.

Plaintiffs commenced this action on August 19, 2022, alleging claims solely as against Lottery and certain of its officers in respect to matters that post-dated the business combination between Lottery and Trident. *See generally* [Dkt. No. 1] (Original Complaint). On January 31, 2023, Plaintiffs filed their Amended Complaint, attempting to allege therein for the first time claims as against Trident and certain of its former officers and directors, including Mr. Komissarov, related to disclosures made prior to the business combination. *See, e.g.,* Ex. 1 (Am. Cmplt.) at ¶¶ 4, 33-38.[2]

Notwithstanding that Plaintiffs named Mr. Komissarov as a Defendant in their January 31, 2023 Amended Complaint, Plaintiffs failed to timely serve him within ninety days as required by Rule 4(m) of the Federal Rules of Civil Procedure. Rather, Plaintiffs did not serve Mr. Komissarov, at his residence in Manhattan, until July 4, 2023. *See* Ex. 2 [Dkt. No. 103] (Aff. of Service).

---

[1]  The exhibits referenced herein are attached to the accompanying Declaration of Jay K. Musoff, dated September 20, 2023 ("Musoff Decl.").

**B.**    **Plaintiff Has Failed To State A Claim Against Mr. Komissarov**

**1.**    **The Post-Business Combination Disclosures By Lottery Are Not Attributable to Mr. Komissarov**

Plaintiffs' Amended Complaint principally concerns the post-business combination operations and public disclosures of Lottery.  *See generally* Ex. 1 (Am. Cmplt.) at ¶¶ 5-16.  None of those allegations concern Mr. Komissarov because he was never an officer or director of Lottery following its business combination with Trident.  Rather, and as Plaintiff's Amended Complaint admits, Mr. Komissarov only held a position as an officer and/or director of Trident until the October, 29, 2021 business combination.  *See* Ex. 1 (Am. Cmplt.) at ¶ 34 (alleging that Mr. Komissarov was "CEO and a director of [Trident] … prior to the Business Combination").  As such, none of Lottery's post October 29, 2021 public disclosures can in any way be attributable to Mr. Komissarov.

**2.**    **Plaintiffs' Amended Complaint Fails to Allege Any Actionable Pre-Business Combination Misstatement by Trident or Mr. Komissarov**

**(a)**    **Trident/Komissarov Made No Representation as to Lottery's "Compliance" With State and Federal Law**

Plaintiffs' Amended Complaint first attempts to allege that "Lottery Misrepresented Its Compliance With State and Federal Laws." *See* Ex. 1 (Am. Cmplt.) at 19.  Plaintiffs' allegations of purported "misrepresentations" of Lottery's legal "compliance" are based upon a Lottery annual report made *well after* the October, 29, 2021 business combination. *See id.* at ¶ 62 (Annual Report, filed with the SEC on April 1, 2022).  None of the statements in Lottery's April 1, 2022 Annual Report can be attributed to Mr. Komissarov, nor are they actionable as against Mr. Komissarov, as he was never an officer or director of Lottery following the business combination.

Separately, Plaintiffs falsely attempt to suggest that a "misrepresentation" regarding Lottery's compliance with State and Federal laws was purportedly made in Trident's November

19, 2020 press release announcing a definitive agreement between Trident and Lottery (and/or later press releases containing identical language). *See* Ex. 1 (Am. Cmplt.) at ¶¶ 62, 74, 75; Ex. 3 (Nov. 19, 2020 Press Release). As Plaintiffs' Amended Complaint concedes, however, that press release *did not make any representation* concerning Lottery's legal compliance at all. *See* Ex. 1 (Am. Cmplt.) at ¶¶ 62, 74. Rather, the press release only stated that Lottery was "working closely with state regulators to advance the industry into the digital age." *See* Ex. 1 (Am. Cmplt.) at ¶¶ 62, 74-75; Ex. 3 (Press Release) at 1. Plaintiffs' Amended Complaint is devoid of any allegation that that statement was false or actionable. *See generally* Ex. 1 (Am. Cmplt.).

Next, Plaintiffs allege that the October 18, 2021 Proxy Statement for the Trident-Lottery business combination was purportedly materially misleading because it contained lengthy disclosures concerning the risk of Lottery's ongoing regulatory compliance. Like the press releases discussed above, the Proxy Statement *did not* make any affirmative representation that Lottery was then in compliance with all State and Federal laws. *See generally* Ex. 1 (Am. Cmplt.); Ex. 4 (Proxy Statement) at 147-148 (disclosing Lottery's "belief" that the company was in compliance with relevant laws and further disclosing the risks associated with a regulatory change). Nonetheless, Plaintiffs contend that the Proxy Statement was purportedly misleading because, although it disclosed the ongoing risks associated with regulatory and legal compliance, it purportedly failed to disclose that Lottery was not then in compliance with State and Federal law. *See* Ex. 1 (Am. Cmplt.) at ¶¶ 76-79.

Plaintiffs' Amended Complaint is devoid of any allegation that Lottery was not in compliance with any State or Federal law as of the **October 18, 2021** Proxy Statement (or that Defendant Komissarov knew of any such noncompliance). *See generally* Ex. 1 (Am. Cmplt.). Rather, Plaintiffs point to Lottery's **July 6, 2022** Form 8-K, and claim, without any factual

allegation or support, that Lottery's then-disclosure of unspecified "instances of *non-compliance with state and federal laws* concerning the state in which tickets are procured as well as order fulfillment" somehow establishes that there was a purported failure to disclose in the October 2021 Proxy Statement approximately nine months earlier.  *See* Ex. 1 (Am. Cmplt.) at ¶¶ 62-63, 76, 79; Ex. 5 (July 6, 2022 Form 8-K).  The Amended Complaint fails to make any non-conclusory factual allegation that Lottery was not in compliance with State or Federal laws as of October 18, 2021 when the Proxy Statement was released.  *See generally id.*  The Proxy Statement's robust, forward-looking "risk factor" disclosures (constituting seven pages of the Proxy Statement) concerning Lottery's legal compliance and the company's "beliefs" related thereto are not actionable "misrepresentations."  *See* Ex. 4 (Proxy Statement) at 33-40 ("Regulatory and Compliance Risks").

> **(b)** **Scienter is Lacking Because the Proxy Statement Makes Clear That Trident and Komissarov Relied Upon Lottery's Representations**

Plaintiffs' Amended Complaint does not (and cannot) allege that Mr. Komissarov knew of any noncompliance by Lottery with any State or Federal law as of the date of the Proxy Statement, or that he otherwise had any wrongful intent to defraud Plaintiffs.  *See generally* Ex. 1 (Am. Cmplt.).  To the contrary, the Proxy Statement and attached Business Combination Agreement make clear that Trident and Mr. Komissarov relied upon Lottery's representations that there were no pending governmental investigations or governmental proceedings pending as against Lottery, and that Lottery was in material compliance with all applicable laws.  *See* Ex. 4 (Proxy Statement) at 74 ("In the Business Combination Agreement, Lottery.com makes certain customary representations and warranties … relating to, among other things: … (xiii) compliance with Laws, including those relating to foreign corrupt practices and money laundering […]"); Ex. 4 (Business Combination Agreement attached to Proxy Statement) at A-24, A-31, A-33:

As an inducement to Trident and Merger Sub to enter into this Agreement and consummate the transactions contemplated by this Agreement, except as set forth in the Company Disclosure Letter (subject to Section 8.13), the Company [Lottery] hereby represents and warrants to Trident and the Merger Sub as follows:

Section 3.13 <u>Litigation</u>. Except [for tax and other matters not relevant here] there are no Proceedings (or to the Knowledge of the Company, investigations by a Governmental Entity) pending or, to the Knowledge of the Company, threatened in writing against any Target Company or any director or officer of a Target Company (in their capacity as such), and since the Lookback Date the Target Companies have not been subject to or bound by any material outstanding Orders.").

[…]

Section 3.18 <u>Compliance with Laws; Permits</u>.

(a) Except [for tax and other matters not relevant here] **each Target Company is and, since the Lookback Date has been, in material compliance with all Laws applicable to the conduct of the business of the Target Companies** and, since the Lookback Date, no uncured written notices have been received by any Target Company from any Governmental Entity or any other Person alleging a material violation of any such Laws.

(Emphasis added).

### (c)    Trident/Komissarov Made No Representation as to Lottery's Cash Balance, Revenues, or Internal Controls

Separately, Plaintiffs' attempt to allege that Trident and Mr. Komissarov made purported misrepresentations as to Lottery's cash balance, revenues, and/or internal controls. *See* Ex. 1 (Am. Cmplt.) at ¶¶ 64-71, 81-82.    But here, too, Plaintiffs' allegations concerning alleged misrepresentations almost entirely concern disclosures that cannot be attributed to Mr. Komissarov because they were made by Lottery *after* the October 2021 business combination and at a time when Mr. Komissarov was neither an officer or director of Lottery.  *See* Ex. 1 (Am. Cmplt.) at ¶ 65 (concerning a November 15, 2021 Lottery Form 8-K); at ¶ 66 (concerning Lottery's April 1, 2022 Annual Report); at ¶ 67 (concerning a May 16, 2022 disclosure); at ¶ 68 (concerning a July 6, 2022 disclosure); at ¶¶ 69-70 (concerning a July 15, 2022 disclosure); at ¶ 71 (concerning a July 22, 2022 disclosure announcing that certain post-business combination financial disclosures

should no longer be relied upon).  None of these alleged misrepresentations can support a claim as against Mr. Komissarov.

Plaintiffs' Amended Complaint nonetheless alleges that the Proxy Statement contained a Lottery revenue *projection* of $71 million.  *See* Ex. 1 (Am. Cmplt.) at ¶ 64.  But that *forward-looking projection*[3] is not a misrepresentation of then-existing fact by Trident or Mr. Komissarov, as the Proxy Statement itself expressly stated that the financial projections were not made by Trident (or its directors) and were not to be relied upon.  *See* Ex. 4 (Proxy Statement) at 87-89. More specifically, the Proxy Statement disclosed that the revenue projections were prepared by Lottery; "[t]he Projections have not been audited;" "[t]he Projections should not be viewed as public guidance;" and "[t]he Projections were prepared solely for internal use and not with a view toward public disclosure or with a view toward complying with the published guidelines of the SEC regarding projections or the guidelines established by the American Institute of Certified Public Accountants for preparation and presentation of prospective financial information."  *See id.* Critically, and dispositive of Plaintiffs' claims based thereon, the Proxy Statement disclosed that: "You are cautioned **not to rely on the Projections** in making a decision regarding the Business Combination, as the Projections may be materially different than actual results."  *See id.* (given the disclosed risks, "there can be no assurance that the Projections will be realized or that actual results will not be significantly higher or lower than projected") (emphasis added).

Further, because the financial projections were prepared solely by Lottery, the Proxy Statement disclosed that Trident and Mr. Komissarov were *not making any representation* concerning Lottery's financial projections, which were "not fact": "**Neither [Trident's]**

---

[3] Lottery's forward looking revenue projections were accompanied by detailed and robust risk disclosures.  *See, e.g.,* Ex. 4 (Proxy Statement) at 24-25, 87-89.

**management nor any of its respective representatives has made or makes any representations to any person regarding the ultimate performance of Lottery.com relative to the Projections. The Projections are not fact**. The Projections are not a guarantee of actual future performance." *See* Ex. 4 (Proxy Statement) at 88 (emphasis added).

> (d) **Scienter is Further Lacking Because the Proxy Statement Makes Clear That Trident and Komissarov Relied Upon Lottery's Representations and Financial Projections**

Plaintiffs' Amended Complaint does not (and cannot) contain any nonconclusory factual allegation that Mr. Komissarov knew that any of Lottery's financial projections were materially false or inaccurate. *See generally* Ex. 1 (Am. Cmplt.). To the contrary, the Proxy Statement and attached Business Combination Agreement make clear that it was Lottery that made disclosures concerning its operations and financial condition (*see* Ex. 4 (Proxy Statement) at 151 ("Lottery.com Management's Discussion and Analysis of Financial Condition and Results of Operations"), and that Trident and Mr. Komissarov relied upon Lottery's representations. *See* Ex. 4 (Proxy Statement) at 74 ("In the Business Combination Agreement, Lottery.com makes certain customary representations and warranties … relating to, among other things: … (viii) financial statements […]"); Ex. 4 (Business Combination Agreement attached to Proxy Statement) at A-24, A-26:

> As an inducement to Trident and Merger Sub to enter into this Agreement and consummate the transactions contemplated by this Agreement, except as set forth in the Company Disclosure Letter (subject to Section 8.13), the Company [Lottery] hereby represents and warrants to Trident and the Merger Sub as follows:
>
> […]
>
> Section 3.4 Financial Statements; No Undisclosed Liabilities.
>
> (a) Attached as Section 3.4(a) of the Company Disclosure Letter are the (i) the unaudited balance sheets of the Company as of December 31, 2019 and December 31, 2020 (the December 31, 2020 balance sheets being the "Latest Balance Sheet"

and the date of such balance sheets, the "Latest Balance Sheet Date"), and (ii) the related unaudited consolidated statements of profit and loss for the fiscal periods then ended (together with the Latest Balance Sheet, the "Financial Statements").

(b) … (B) **each of the Financial Statements fairly presents**, and the PCAOB Financial Statements will, when delivered to Trident pursuant to Section 6.8(i), fairly present, **in all material respects, the combined assets, liabilities, and financial condition as of the respective dates thereof and the operating results of the Target Companies for the periods covered thereby** ….

(Emphasis added).

Further, and as Plaintiffs' Amended Complaint concedes, Mr. Komissarov was never an officer or director of Lottery, nor is there any allegation that he was aware of Lottery's operations or financial condition *other than* the financial representations and disclosures made by Lottery to Trident, which were publicly disclosed.  *See* Ex. 1 (Am. Cmplt.) at ¶ 34; Ex. 4 (Proxy Statement).

## ARGUMENT

## I.    APPLICABLE LEGAL STANDARDS

While the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the Plaintiffs' favor in deciding a motion to dismiss pursuant Rule 12(b)(6), the Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Plaintiffs' "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and dismissal is required) (citation and internal quotation marks omitted).

A complaint alleging securities fraud must also satisfy the more stringent pleading and particularity requirements of Rule 9(b), as well as the Private Securities Litigation Reform Act ("PSLRA," 15 U.S.C. §78u-4 *et seq.*) for the pleading of falsity and scienter. *See ECA & Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009) (*citing Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007) (FRCP Rule 9(b) requires complaints to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent"); 15 U.S.C. § 78u-4(b)(1) (requiring plaintiffs to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, … [to] state with particularity all facts on which that belief is formed"). The PLSRA further mandates that plaintiffs must "state with particularity facts giving rise to a strong inference that the defendant[s] acted with the required state of mind." *Id.* at § 78u-4(b)(2)(A).

As relevant here, to state a claim under Section 10(b) of the Exchange Act and Rule 10b-5, Plaintiffs must adequately allege with particularity, among other things, "a material misrepresentation or omission by the defendant … [and] scienter[.]" *See Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232 (2d Cir. 2014) (citation omitted); *see also Singh v. Cigna Corp.,* 918 F.3d 57, 62 (2d Cir. 2019)

Similarly, to state a claim under Section 14(a) of the Exchange Act (prohibiting solicitation via a proxy statement "containing any statement which … is false or misleading with respect to any material fact"), Plaintiffs are required to plead, among other things, that the Defendant made a materially false or misleading statement of objective fact in a proxy statement, and did so

negligently, recklessly, or intentionally. *See, e.g.*, *In re Columbia Pipeline, Inc.*, 405 F. Supp. 3d 494, 506 (S.D.N.Y. 2019) ("[A] plaintiff may state a Section 14(a) claim by pleading negligence.") (*citing Dekalb Cnty. Pension Fund v. Transocean Ltd.,* 36 F. Supp. 3d 279, 283 (S.D.N.Y. 2014)*, aff'd,* 817 F.3d 393 (2d Cir. 2016)).

Finally, to state a claim under Section 20(a) of the Exchange Act, Plaintiffs must adequately allege "(1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud," (*ATSI*, 493 F.3d at 108), and that the alleged controlling person acted recklessly or intentionally. *See, e.g.*, *In re Virtus Inv. Partners, Inc. Sec. Litig.*, 195 F. Supp. 3d 528, 542 (S.D.N.Y. 2016) ("[C]ulpable participation is a scienter requirement for which a plaintiff must allege some level of culpable participation at least approximating recklessness in the section 10(b) context in order to survive a motion to dismiss.") (citation omitted).

Plaintiffs here have failed to adequately allege any actionable claim against Mr. Komissarov, and the Amended Class Action Complaint should be dismissed as against him with prejudice for each of the following independent reasons.[4]

---

[4] On April 3, 2023, Defendant Lottery.com Inc.'s Motion to Dismiss the Amended Class Action Complaint (ECF No. 76) ("Lottery's Motion"), Defendant Anthony DiMatteo's Motion to Dismiss Plaintiffs' Amended Class Action Complaint (ECF No. 85) ("DiMatteo's Motion") and Defendants Matthew Clemenson and Ryan Dickinson's Motion to Dismiss Amended Class Complaint (ECF No. 91) ("Clemenson-Dickinson's Motion") were filed. Mr. Komissarov incorporates these motions and their supporting memoranda of law (ECF Nos. 77, 86, 92) as applicable.

II.    **PLAINTIFFS' SECTION 10(B), SECTION (14), AND SECTION 20 CLAIMS SHOULD BE DISMISSED AS AGAINST MR. KOMISSAROV WITH PREJUDICE**

    A.    **Plaintiffs Have Failed to Allege Any Material Misrepresentation by Trident or Mr. Komissarov to Support Any Claim**

        1.    **Lottery's Post-Business Combination Statements Cannot Form the Basis of Any Claim as Against Mr. Komissarov**

Plaintiffs' Amended Complaint, at its core, alleges that certain *post-business combination statements* (*i.e.*, post October 29, 2021) by Lottery were allegedly false or misleading. *See* Ex. 1 (Am. Cmplt.) at ¶¶ 84-97, 110-116, 130-134, 143-153. The Amended Complaint admits, however, that Mr. Komissarov only served as an officer and director of Trident until the closing of the business combination (*see id*. (Am. Cmplt.) at ¶ 34) and otherwise fails to allege that Mr. Komissarov had any role as an officer or director of Lottery after the business combination or that Mr. Komissarov was in any way responsible for Lottery's statements. As Mr. Komissarov was not the "maker" of the post-business combination statements by Lottery, none of those statements can form the basis of any claim for securities fraud as against Mr. Komissarov. *See, e.g., Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 138 (2011) ("We conclude that [defendant] cannot be held liable because it did not make the statements in the prospectuses."); *SEC v. Rio Tinto PLC*, 41 F.4th 47, 49 (2d Cir. 2022) ("[O]nly the 'maker' of a misstatement, i.e., the person with ultimate authority over the statement, can have primary liability under Rule 10b-5(b)."); *Gavin/Solmonese LLC v. D'Arnaud-Taylor*, 639 F. App'x 664, 669 (2d Cir. 2016) (affirming dismissal of claims, holding that plaintiff failed to establish the necessary control to establish that defendant was the "maker" of a statement).

### 2. Trident/Komissarov Made No Material Misrepresentation as to Lottery's "Compliance" With State and Federal Law

Plaintiffs next attempt to allege that Trident and/or Mr. Komissarov purportedly misrepresented Lottery's compliance with State and Federal law. *See* Ex. 1 (Am. Cmplt.) at ¶¶ 62-63, 74-79. These allegations are demonstrably false.

As an initial matter, Plaintiffs cannot establish any misrepresentation as to Lottery's legal compliance based upon Trident's pre-business combination press releases. *See* Ex. 1 (Am. Cmplt.) at ¶¶ 62, 74 (referencing a November 19, 2020 press release, as well as later press releases with identical language). Rather, and as Plaintiffs concede, *none* of Trident's press releases made any representation that Lottery was in compliance with State and Federal laws. *See id.* The press releases only stated that Lottery was "**working closely with state regulators to advance the industry into the digital age**." *See* Ex. 1 (Am. Cmplt.) at ¶¶ 62, 74-75; Ex. 3 (Press Release) at 1 (emphasis added). Thus, none of Trident's press releases contain any actionable material misrepresentation concerning Lottery's legal compliance.

Further, even if Trident's press releases contained statements concerning Lottery's compliance with applicable laws – which they did not – it is well established that such "general statements proclaiming compliance with … legal standards . . . [are] non-material" and, thus, not actionable. *See City of Brockton Ret. Sys. v. Avon Prods., Inc.*, No. 11 Civ. 4665 (PGG), 2014 WL 4832321, at *15 (S.D.N.Y. Sept. 28, 2014) ("[S]tatements of puffery or mere generalizations are not material misstatements.") (citation omitted) (collecting cases); *see also Singh*, 918 F.3d at 63 (affirming dismissal of class action securities fraud claims, holding that statements amounting to "general declarations about the importance of acting lawfully and with integrity" fall "squarely within" the category of inactionable puffery); *JP Morgan Chase Co.*, 553 F.3d at 206 (affirming dismissal of securities fraud claims, holding that generalized statements concerning business

14

practices and risk management were "precisely the type of 'puffery' that this and other circuits have consistently held to be inactionable") (citation omitted).

Next, Plaintiffs attempt to allege that Trident and Mr. Komissarov made misrepresentations concerning Lottery's compliance with State and Federal laws in the Proxy Statement.   This allegation too is demonstrably false.

As an initial matter, neither Trident or Mr. Komissarov made any representation as to Lottery's legal compliance in the Proxy Statement.   Rather, the Proxy Statement disclosed that Lottery had made certain representations and warranties to Trident in connection with the proposed business combination, including representations concerning Lottery's legal compliance.  *See* Ex. 4 (Proxy Statement) at 74 ("In the Business Combination Agreement, Lottery.com makes certain customary representations and warranties … relating to, among other things: … (xiii) compliance with Laws, including those relating to foreign corrupt practices and money laundering […]").  That disclosure was indisputably true.  *See*  Ex. 4 (Business Combination Agreement) at A-24, A-33 Section 3.18 (Lottery representing, in relevant part, that "each Target Company is and, since the Lookback Date has been, in material compliance with all Laws applicable to the conduct of the business of the Target Companies").

Regardless, Plaintiffs cannot convert the Proxy Statement's risk disclosures concerning a rapidly changing legal environment into a securities fraud.  As the Proxy Statement makes clear, the stated risk disclosures contained the statement: "While **we believe that we are currently in compliance in all material respects with all applicable laws and regulatory requirements**, we cannot assure that our activities or our users' activities will not become the subject of any regulatory or law enforcement investigation, proceeding, or other governmental action or that any such investigation, proceeding, or action, as the case may be, would not have a materially adverse

impact on us or our business, financial condition or results of operations." *See* Ex. 4 (Proxy Statement at 147-148). Plaintiffs' Amended Complaint does not allege that Trident did not hold that "belief" – nor could it given Lottery's express representations to Trident of its legal compliance. As such, the stated "beliefs" in the risk disclosures are not actionable against Trident or Mr. Komissarov. *See, e.g.*, *Omnicare, Inc. v. Laborers District Council Constr. Indus. Pension Fund*, 575 U.S. 175, 186–89 (2015) (holding that statements of opinion are not actionable as a misrepresentation of material fact unless the speaker did not hold the view she expressed, the "supporting fact[s] she supplied were untrue," or the speaker omits information which makes the statement misleading to a reasonable investor).

Finally, Plaintiffs' Amended Complaint fails to adequately allege any material misrepresentation of then-existing fact by Mr. Komissarov concerning Lottery's compliance with State and Federal laws because Plaintiffs fail to allege that any such statement by Trident or Mr. Komissarov was false *when made*. *See In re Lululemon Sec. Litig.,* 14 F. Supp. 3d 553, 571 (S.D.N.Y. 2014) ("A violation of Section 10(b) and Rule 10b-5 premised on misstatements cannot occur unless an alleged material misstatement was false at the time it was made." "A statement believed to be true when made, but later shown to be false, is insufficient."), *aff'd*, 604 F. App'x 62 (2d Cir. 2015).

Here, Plaintiffs attempt to assert an impermissible "fraud by hindsight." Plaintiffs attempt to establish falsity by pointing to Lottery's July 6, 2022 Form 8-K, which disclosed unspecified "instances of *non-compliance with state and federal laws* concerning the state in which tickets are procured as well as order fulfillment." *See* Ex. 1 (Am. Cmplt.) at ¶¶ 62-63, 76, 79; Ex. 5 (July 6, 2022 Form 8-K). That disclosure, alone, does not establish the falsity of statements made nine months earlier in the October 2021 Proxy Statement and, therefore, the claims against Mr.

Komissarov must be dismissed. *See, e.g., Francisco v. Abengoa, S.A.,* 481 F. Supp. 3d 179, 210 (S.D.N.Y. 2020) (dismissing securities fraud claims when plaintiff failed to allege particularized facts that each defendant knew that alleged misrepresentations were false when made, holding that: "[t]he mere disclosure of adverse information shortly after a positive statement does not support a finding that the prior statement was false at the time it was made.") (citation omitted).

### 3.    Trident/Komissarov Made No Material Misrepresentation as to Lottery's Revenue Projections

Plaintiffs' wholly-conclusory allegations that Trident or Mr. Komissarov fraudulently misrepresented Lottery's revenue "projections" in the Proxy Statement similarly fails as a matter of law. Trident and Mr. Komissarov were not the "makers" of such financial projections, as express disclosed in the Proxy Statement:

> **"Neither [Trident's] management nor any of its respective representatives has made or makes any representations to any person regarding the ultimate performance of Lottery.com relative to the Projections. The Projections are not fact.** The Projections are not a guarantee of actual future performance."

*See* Ex. 4 (Proxy Statement) at 88 (emphasis added).

Rather, Trident disclosed in the Proxy Statement that Lottery had provided Trident with its financial information, and that Lottery represented and warranted to Trident that such financial information was materially accurate. The Amended Complaint does not (and cannot) allege that any of these disclosures were false in any way. *See* Ex. 4 (Proxy Statement) at 87-89; *id.* (Business Combination Agreement attached to Proxy Statement) at A-24, A-26 (evidencing Lottery's representations and warranties to Trident regarding the accuracy of Lottery's financial projections).

Because Plaintiffs do not allege any misrepresentation by Trident or Mr. Komissarov regarding Lottery's financial projections, and because Trident and Mr. Komissarov were not the "makers" of any such financial projections, the claims against Mr. Komissarov should be

dismissed.  *See Janus Capital*, 564 U.S. at 138 ("We conclude that [defendant] cannot be held

liable because it did not make the statements in the prospectuses."); *Rio Tinto PLC*, 41 F.4th at 49

("[O]nly the 'maker' of a misstatement, *i.e.*, the person with ultimate authority over the statement,

can have primary liability under Rule 10b-5(b)."); *Gavin/Solmonese LLC*, 639 F. App'x at 669

(affirming dismissal of claims, holding that plaintiff failed to establish the necessary control to

establish that defendant was the "maker" of a statement); *Lululemon,* 14 F. Supp. 3d at 571

(dismissing securities fraud claim holding that plaintiffs failed to allege a material statement of

fact that was false when made).[5]

Further, and independently, the underlying Lottery "projections" are not actionable as

against Mr. Komissarov as purported misrepresentations on then-existing fact because (i) the

Amended Complaint fails to state any facts to even suggest that Trident or Mr. Komissarov were

aware that the projections – which Lottery represented to Trident as materially accurate, but which

were disclosed as "not fact" in any event – were not;[6] and (ii) the projections were forward-looking

statements, coupled with extensive risk disclosures and other cautionary language, that are not

---

[5]  Even if Lottery's financial "projections" in the Proxy Statement could somehow be
attributed to Trident or Mr. Komissarov (and they cannot), Plaintiffs could not have reasonably
relied thereupon because the Proxy Statement also stated that: "You are cautioned **not to rely on
the Projections** in making a decision regarding the Business Combination, as the Projections may
be materially different than actual results."  *See* Ex. 4 (Proxy Statement) at 84-87 (given the
disclosed risks, "there can be no assurance that the Projections will be realized or that actual results
will not be significantly higher or lower than projected") (emphasis added); *see also Iowa Pub.
Emps.' Retirement Sys. v. MF Glob., Ltd.,* 620 F.3d 137, 141–42 (2d Cir. 2010) (holding that "no
reasonable investor could have found the statements materially misleading"); *Ashland Inc. v.
Morgan Stanley & Co.*, 700 F. Supp. 2d 453, 466, 470-471 (S.D.N.Y. 2010) (dismissing securities
fraud claim for lack of reasonable reliance), *aff'd*, 652 F.3d 333 (2d Cir. 2011).

[6]  *See In re Renewable Energy Grp. Sec. Litig.*, No. 22-335, 2022 WL 14206678, at *3 (2d
Cir. Oct. 25, 2022) ("generalized allegations predicated on what the Defendants must have known
'[b]y virtue of their responsibilities and activities as a senior officer,' are precisely the kind of
conclusory allegations that fail to satisfy the PSLRA's heightened pleading standard") (internal
citation omitted).

actionable. *Champions League, Inc. v. Woodard*, 224 F. Supp. 3d 317 (S.D.N.Y. 2016) (dismissing securities fraud claims, holding that alleged misrepresentations were "projections that the Second Circuit has found cannot give rise to a securities fraud claim") (citation omitted); *In re NTL Inc. Sec. Litig.,* 347 F. Supp. 2d 15, 26-27 (S.D.N.Y 2004) (dismissing securities fraud claim based upon revenue projections, holding that the company's failure to meet these projections "is nothing more than an effort to allege fraud by hindsight," and that "[w]e have not yet come to the point that a lack of clairvoyance constitutes fraud"); *see also* 15 U.S.C. § 78u-5(c) (providing that there is no liability for a forward-looking statement if it is identified as a forward-looking statement, and is accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement); Ex. 4 (Proxy Statement) at 19, 51-52, 87-89; *Renewable Energy Grp. Sec. Litig*, 2022 WL 14206678, at *4 (holding that "[the company's] earnings forecast thus falls within the PSLRA's safe harbor for forward-looking statements").

For each of the foregoing reasons, Plaintiffs claims against Mr. Komissarov should be dismissed with prejudice.

### B.    Plaintiffs Have Failed to Allege *Scienter*

Separately, Plaintiffs' claims against Mr. Komissarov should be dismissed because Plaintiffs have failed to adequately allege scienter.  In addition to the fact that neither Trident or Mr. Komissarov made any of the alleged misrepresentations that Plaintiffs attempt to advance (*see* Discussion, *supra* at 4-10), Plaintiffs' conclusory allegations of Mr. Komissarov's scienter are belied by the very documents incorporated in the Amended Complaint.

Under the PLSRA, Plaintiffs are required to plead with particularity that Mr. Komissarov had an "intention to 'deceive, manipulate, or defraud.'" *Tellabs*, 551 U.S. at 313 (citation omitted). To satisfy that requirement, a complaint must allege with particularity facts giving rise to a to a

strong inference that each defendant acted with the required state of mind. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007)). That "strong inference" must be "more than merely plausible or reasonable," but the Court "must [also] consider plausible, nonculpable explanations for the defendant's conduct[.]" *Tellabs*, 551 U.S. at 314, 323-24.

Here, Plaintiffs have failed to plead facts that establish a strong inference that Mr. Komissarov acted with the requisite intent. To the contrary, in connection with the business combination, Trident made necessary disclosures in the Proxy Statement concerning Lottery. Those disclosures relayed the very statements, projections, representations and warranties that Lottery had made to Trident (and none of the statements by Trident were false or even alleged to be false). *See, e.g.,* Ex. 4 (Business Combination Agreement) at A-24, A-33 (concerning representations made by Lottery to Trident concerning litigation and compliance with laws: "each Target Company is and, since the Lookback Date has been, in material compliance with all Laws applicable to the conduct of the business of the Target Companies"); *id.* at A-26 ("each of the Financial Statements fairly presents, …, in all material respects, the combined assets, liabilities, and financial condition as of the respective dates thereof and the operating results of the Target Companies for the periods covered thereby").[7]

---

[7] Plaintiffs do not allege any "motive and opportunity" for Mr. Komissarov to commit securities fraud, nor any share sales, thus further undercutting any possible inference of scienter. *See, e.g., In re Keyspan Corp. Sec. Litig.,* 383 F. Supp. 2d 358, 381, 383–84 (E.D.N.Y. 2003) (noting that lack of share sales weighed against an inference of scienter). Nor do Plaintiffs allege any specific recklessness, or even negligence, to support an inference of scienter. *See Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Com.,* 694 F. Supp. 2d 287, 299 (S.D.N.Y. 2010) ("Plaintiffs should, but do not, provide specific instances in which Defendants received information that was contrary to their public declarations."); *City of Brockton Ret. Sys. v. Shaw Grp. Inc.,* 540 F. Supp. 2d 464, 472–74 (S.D.N.Y. 2008) (determining that there was no inference of scienter where the plaintiffs failed to allege that individual defendants were provided with contradictory information).

Where, as here, a plausible, nonculpable explanation is more likely than fraud, Plaintiffs have failed to establish scienter.  *See Tellabs*, 551 U.S. at 313-14.  Trident (and Mr. Komissarov) were entitled to rely upon Lottery's representations and to relay Lottery's disclosures to investors. There can be no fraudulent intent in doing so, and Plaintiffs' securities fraud claims accordingly should be dismissed.  *See id.* at 323-24 (directing courts to "consider plausible, nonculpable explanations for the defendant's conduct," and noting that a securities fraud claim will only survive as against a particular defendant "if a reasonable person would deem the inference of scienter *cogent and at least as compelling* as any opposing inference one could draw from the facts alleged") (emphasis added); *Renewable Energy Grp. Sec. Litig*, 2022 WL 14206678, at *1-2, 4 (affirming dismissal of securities fraud claims for lack of scienter).

Accordingly, Plaintiffs' claims against Mr. Komissarov should be dismissed with prejudice for failure to plead scienter.

### C.      Plaintiffs' Section 20 Claims Should Similarly Be Dismissed

Plaintiffs' Section 20(a) "control person" liability claim against Mr. Komissarov should be dismissed with prejudice because, as explained *supra*, Trident did not commit a primary violation of either Section 10(b) or Section 14(a).  *See ATSI*, 493 F.3d at 108 (affirming dismissal of Section 20 claims, holding that "[plaintiff] fails to allege any primary violation; thus, it cannot establish control person liability").

### III.    IN THE ALTERNATIVE, PLAINTIFFS' CLAIMS SHOULD BE DISMISSED AS AGAINST MR. KOMISSAROV WITHOUT PREJUDICE FOR FAILURE TO TIMELY SERVE

Setting aside the foregoing grounds mandating the dismissal of Plaintiffs' claims, the Amended Complaint should be dismissed as against Mr. Komissarov because Plaintiffs failed to timely serve him.

Rule 4(m) of the Federal Rules of Civil Procedure requires that a defendant be served "within 90 days after the complaint is filed[.]" Fed. R. Civ. P. 4(m). Here, Plaintiff failed to do so. Rather, Plaintiffs named Mr. Komissarov as a Defendant in their January 31, 2023 Amended Complaint, but failed to timely serve him until July 4, 2023. *See* Ex. 2 [Dkt. No. 103] (Aff. of Service)).

Where, as here, service is not timely effected, the action should be dismissed without prejudice. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant[.]"); *see also McKibben v. Credit Lyonnais*, No. 98 Civ. 3358 (LAP), 1999 WL 604883, at *2 (S.D.N.Y. Aug.9, 1999) ("Among federal courts, there is virtual unanimity that dismissal is mandatory if a defendant is not served within this time frame unless the plaintiff can show 'good cause' or 'excusable neglect' for the delay.").

For this independent reason, Plaintiffs' Amended Complaint should be dismissed as against Mr. Komissarov.

## CONCLUSION

For each and all of the foregoing reasons, Defendant Vadim Komissarov respectfully requests that the Court enter an Order dismissing Plaintiffs' Amended Class Action Complaint, and each cause of action alleged against therein, with prejudice.  In the alternative, Mr. Komissarov requests that the Court enter an order dismissing the Amended Class Action Complaint without prejudice, due to Plaintiffs' failure to effect timely service.

Dated:  September 20, 2023

        LOEB & LOEB LLP

        By:    */s/ Jay K. Musoff*
           Jay K. Musoff
           John Piskora
           Alex Inman
           345 Park Avenue
           New York, NY  10154
           212-407-4000

        *Attorneys for Defendant Vadim Komissarov*