Jay K. Musoff (jmusoff@loeb.com)
John Piskora (jpiskora@loeb.com)
Alex Inman (ainman@loeb.com)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
*Attorneys for Defendant Vadim Komissarov*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
                                                                                     :   Case No. 1:22-cv-07111-JLR
IN RE LOTTERY.COM, INC. SECURITIES                         :
LITIGATION                                                                   :
                                                                                     :   **ORAL ARGUMENT REQUESTED**
-----------------------------------------------------------X

**DEFENDANT VADIM KOMISSAROV'S REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF MOTION TO DISMISS**
**PLAINTIFFS' AMENDED COMPLAINT**

.

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENT ................................................................................................................... 2

I.      PLAINTIFFS' CLAIMS SHOULD BE DISMISSED AS AGAINST MR.
        KOMISSAROV WITH PREJUDICE ................................................................... 2

        A.      Plaintiffs Have Failed to Allege Any Material Misrepresentation
                by Trident or Mr. Komissarov to Support Any Claim ............................. 2

                1.      Lottery's Post-Business Combination Statements Cannot
                        Form the Basis of Any Claim as Against Mr. Komissarov ........... 2

                2.      Trident/Komissarov Made No Material Misrepresentation
                        as to Lottery's "Compliance" With State and Federal Law .......... 3

                3.      Neither Trident nor Mr. Komissarov Made Material
                        Misrepresentation as to Lottery's Revenue Projections ............... 5

        B.      Plaintiffs Have Failed to Allege *Scienter* ............................................. 7

        C.      Plaintiffs' Section 20 Claims Should Similarly Be Dismissed ............... 9

II.     PLAINTIFFS' CLAIMS SHOULD BE DISMISSED AS AGAINST MR.
        KOMISSAROV WITHOUT PREJUDICE FOR FAILURE TO TIMELY SERVE ........... 9

CONCLUSION .............................................................................................................. 10

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashland Inc. v. Morgan Stanley & Co.*,
    700 F. Supp. 2d 453 (S.D.N.Y. 2010), *aff'd*, 652 F.3d 333 (2d Cir. 2011) ..............................7

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007)....................................................................................................8, 9

*In re Bemis Co. Secs. Litig.*,
    512 F. Supp. 3d 518 (S.D.N.Y. 2021)..............................................................................6, 7, 8

*Brown v. Brewer*,
    No. CV-06-3731-GHJ, 2010 WL 2472182 (C.D. Cal. June 17, 2010) ....................................8

*Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*,
    750 F.3d 227 (2d Cir. 2014)....................................................................................................7

*Champions League, Inc. v. Woodard*,
    224 F. Supp. 3d 317 (S.D.N.Y. 2016).....................................................................................6

*Chen v. X Fin.*,
    No. 19-CV-6908 (KAM), 2022 WL 765417 (E.D.N.Y. Mar. 13, 2022)...................................7

*City of Brockton Ret. Sys. v. Avon Prods., Inc.*,
    No. 11 Civ. 4665 (PGG), 2014 WL 4832321 (S.D.N.Y. Sept. 28, 2014) ................................3

*City of Brockton Ret. Sys. v. Shaw Grp. Inc.*,
    540 F. Supp. 2d 464 (S.D.N.Y. 2008)......................................................................................8

*ECA & Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*,
    553 F.3d 187 (2d Cir. 2009)....................................................................................................3

*Francisco v. Abengoa, S.A.*,
    481 F. Supp. 3d 179 (S.D.N.Y. 2020)......................................................................................5

*Fresno Cnty. Emps.' Ret. Ass'n*, 268 F. Supp. 3d 526 (S.D.N.Y. 2017) ......................................8

*Furlong Fund LLC v. VBI Vaccines, Inc.*,
    No. 14 Civ. 9435 (SHS), 2016 WL 1181710 (S.D.N.Y. Mar. 25, 2016) .................................3

*Gavin/Solmonese LLC v. D'Arnaud-Taylor*,
    639 F. App'x 664 (2d Cir. 2016) .............................................................................................3

*Iowa Pub. Emps.' Ret. Sys. v. MF Global, Ltd.*,
620 F.3d 137 (2d Cir. 2010).......................................................................................5, 7

*Janus Cap. Grp., Inc. v. First Derivative Traders*,
564 U.S. 135 (2011)........................................................................................................2

*Katz v. Pels*,
774 F. Supp. 121 (S.D.N.Y. 1991) .................................................................................8

*In re Lululemon Sec. Litig.*,
14 F. Supp. 3d 553 (S.D.N.Y. 2014), *aff'd*, 604 F. App'x 62 (2d Cir. 2015)....................4, 5, 6

*McKibben v. Credit Lyonnais*,
No. 98 Civ. 3358 (LAP), 1999 WL 604883 (S.D.N.Y. Aug.9, 1999) ......................................10

*In re Morgan Stanley Info. Fund Sec. Litig.),* 592 F.3d 347 (2d Cir. 2010) .............................. 3-4

*In re NTL Inc. Sec. Litig.*,
347 F. Supp. 2d 15 (S.D.N.Y 2004).................................................................................6

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
575 U.S. 175 (2015).........................................................................................................5

*Pirnik v. Fiat Chrysler Autos., N.V.*,
No. 15-cv-7199 (JMF), 2016 WL 5818590 (S.D.N.Y. Oct. 5, 2016).......................................5

*Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Com.*,
694 F. Supp. 2d 287 (S.D.N.Y. 2010)..............................................................................9

*In re Renewable Energy Grp. Sec. Litig*,
No. 22-3351, 2022 WL 14206678 (2d Cir. Oct. 25. 2022)........................................................9

*SEC v. Rio Tinto PLC*,
41 F.4th 47 (2d Cir. 2022) ......................................................................................... 2-3

*Singh v. Cigna Corp.*,
918 F.3d 57 (2d Cir. 2019)...........................................................................................3, 7

*Singh v. RXR 620 Master Lease, LLC*,
No. 21-1092-cv, 2022 WL 2187206 (2d Cir. June 17, 2022).................................................10

Defendant Vadim Komissarov respectfully submits this reply memorandum of law in further support of his motion to dismiss Plaintiffs' Amended Class Action Complaint.

**PRELIMINARY STATEMENT**

As established in his underlying motion papers, Mr. Komissarov was added to Plaintiffs' Amended Complaint as an after-thought and without legal basis. He only served as an officer of Trident Acquisitions Corp. ("Trident") until its October 2021 business combination with Lottery.com, Inc. ("Lottery") and had no role whatsoever in Lottery from that time forward. Thus, he was in no way responsible for any of the post-business combination public disclosures upon which Plaintiffs attempt to base their claims. Knowing this full well, Plaintiffs did not exercise any diligence in serving Mr. Komissarov, and he was not timely served.

Faced with these unassailable facts, Plaintiffs can do little more in opposition than to mischaracterize Mr. Komissarov's arguments in support of dismissal. More specifically, Plaintiffs argue (Opp. Mem. at 1-2, 10-11) that Mr. Komissarov claimed that he was not the "maker" of the statements in the Proxy Statement. That is not true. Mr. Komissarov argued that he "was not the 'maker' of any of Lottery's post-business combination disclosures" (Mov. Br. at 1), nor Lottery's representations cited in the Proxy. Thus properly framed, Plaintiffs' claims against Mr. Komissarov fail for each of the following independent reasons:

*First*, Plaintiffs have failed to allege any actionable misrepresentation or material omission made by Mr. Komissarov. The alleged "misrepresentations" in the Proxy Statement were not made by Trident or Mr. Komissarov at all. Rather, the Proxy Statement properly disclosed that Lottery had made certain representations and warranties to Trident concerning its legal compliance and revenue projections. Trident's disclosures as to Lottery's representations were not false.

1

*Second*, Plaintiffs have failed to allege that Mr. Komissarov acted with fraudulent scienter. Plaintiffs have not alleged that Trident or Mr. Komissarov acted "recklessly" or even "negligently," where it is indisputable that Trident made no representations at all with respect to Lottery's revenue projections (and further advised shareholders *not* to rely on the financial disclosures). Similarly, there can be no scienter where Trident merely relayed Lottery's representations concerning compliance with state and federal law, while also warning that future non-compliance could affect the combined company's ongoing operations.

*Third,* Plaintiffs' "control person" claims against Mr. Komissarov cannot survive because Plaintiffs have not adequately alleged a primary claim.

*Fourth* and finally, Plaintiffs failed to diligently or timely serve Mr. Komissarov.

For each of these independent reasons, the Amended Complaint should be dismissed as against Mr. Komissarov.

## ARGUMENT

**I.    PLAINTIFFS' CLAIMS SHOULD BE DISMISSED AS AGAINST MR. KOMISSAROV WITH PREJUDICE**

**A.    Plaintiffs Have Failed to Allege Any Material Misrepresentation by Trident or Mr. Komissarov to Support Any Claim**

**1.    Lottery's Post-Business Combination Statements Cannot Form the Basis of Any Claim as Against Mr. Komissarov**

Plaintiffs admit that Mr. Komissarov did not have any role as an officer or director of Lottery after the business combination. *See* Ex. 1 (Am. Cmplt.) at ¶ 34; *see generally* Opp. Mem. Accordingly, Mr. Komissarov *cannot* be responsible for any of Lottery's post-business combination public disclosures, and *no claim* against Mr. Komissarov can be based thereon. *See, e.g., Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 138 (2011); *SEC v. Rio Tinto PLC*, 41 F.4th 47, 49 (2d Cir. 2022) ("[O]nly the 'maker' of a misstatement, i.e., the person with

ultimate authority over the statement, can have primary liability under Rule 10b-5(b).");

*Gavin/Solmonese LLC v. D'Arnaud-Taylor*, 639 F. App'x 664, 669 (2d Cir. 2016).

### 2.    Trident/Komissarov Made No Material Misrepresentation as to Lottery's "Compliance" With State and Federal Law

As to the pre-business combination press releases, Plaintiffs' opposition wholly abandons the allegations made in the Amended Complaint that these press releases somehow *affirmatively misrepresented* Lottery's compliance with state and federal law.  *See* Ex. 1 (Am. Cmplt.) at ¶¶ 62-63, 74-79.  They clearly did not, as they stated only that Lottery was "working closely with state regulators to advance the industry into the digital age."  *See* Ex. 3 (Press Release) at 1.[1] Accordingly, there was no affirmative material misrepresentation.

In opposition, Plaintiffs instead argue – without any legal support – that the press releases were somehow materially misleading by omission.  *See* Opp. Mem. at 5-6.[2]  That argument must be rejected because no omission is alleged, and Plaintiffs cannot attempt such a back-door amendment to their pleadings by way of an opposition to a motion to dismiss.  Moreover, Plaintiffs' "omission" argument must be rejected because it attempts to compare apples and oranges.  Because the press releases did not make *any* disclosure concerning compliance with then-existing state law, there were no omissions of material fact contained within the statements that Lottery was working to "advance the industry into the digital age."  *See, e.g., In re Morgan Stanley*

---

[1]  The press release statements were non-actionable "puffery" in any event,  *See City of Brockton Ret. Sys. v. Avon Prods., Inc.*, No. 11 Civ. 4665 (PGG), 2014 WL 4832321, at *15 (S.D.N.Y. Sept. 28, 2014) ("[S]tatements of puffery or mere generalizations are not material misstatements.") (citation omitted) (collecting cases); *see also Singh v. Cigna Corp.,* 918 F.3d 57, 63; *ECA & Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 206 (2d Cir. 2009).

[2]  "The PSLRA's pleading requirements apply to Section 14(a) claims sounding in negligence, such as those here." *Furlong Fund LLC v. VBI Vaccines, Inc.*, No. 14 Civ. 9435 (SHS), 2016 WL 1181710 at *3 (S.D.N.Y. Mar. 25, 2016).

*Info. Fund Sec. Litig.),* 592 F.3d 347, 366 (2d Cir. 2010) (affirming dismissal of omission claims under the Securities Act, holding that disclosure of certain information did not give rise to a duty disclose "related subjects").

Separately, while Plaintiffs dedicate substantial argument to the notion that Mr. Komissarov can be liable for misstatements in the Proxy Statement, Plaintiffs fail to address Mr. Komissarov's arguments that the Proxy Statement did not contain any actionable misrepresentation *by Trident*. *See* Opp. Mem. at 14-17, 19-21.

Plaintiffs argue that Trident purportedly misrepresented Lottery's legal compliance in the Proxy Statement. *See* Opp. Mem. at 19-21. As established in the underlying motion papers, however, that assertion is untrue. The Proxy Statement only disclosed that *Lottery represented and warranted to Trident* that "each Target Company is and, since the Lookback Date has been, in material compliance with all Laws applicable to the conduct of the business of the Target Companies[.]" *See*  Ex. 4 (Business Combination Agreement) at A-24, A-33 Section 3.18; *id.* (Proxy Statement) at 74 ("In the Business Combination Agreement, Lottery.com makes certain customary representations and warranties … relating to, among other things: … (xiii) compliance with Laws, including those relating to foreign corrupt practices and money laundering …").

The Amended Complaint does not (and cannot) allege that Trident's disclosure of Lottery's representations and warranties was untrue, nor do Plaintiffs even attempt to so argue in opposition. Because Trident did not make a false statement of material fact concerning Lottery's legal compliance, Plaintiffs' attempted claims fail. *See In re Lululemon Sec. Litig.,* 14 F. Supp. 3d 553, 571 (S.D.N.Y. 2014) (dismissing securities fraud claim holding that plaintiffs failed to allege a material statement of fact that was false when made), *aff'd*, 604 F. App'x 62 (2d Cir. 2015).

Nor can Plaintiffs convert the Proxy Statement's forward-looking risk disclosures into a securities fraud claim.  *See* Opp. Mem. at 20.  The Proxy Statement must be read in the entirety, and the risk disclosures clearly stated that: "While *we believe that we are currently in compliance in all material respects with all applicable laws and regulatory requirements*, we cannot assure that our activities or our users' activities will not become the subject of any regulatory or law enforcement investigation, proceeding, or other governmental action or that any such investigation, proceeding, or action, as the case may be, would not have a materially adverse impact on us or our business, financial condition or results of operations."  *See* Ex. 4 (Proxy Statement at 147-148) (emphasis added).

Plaintiffs acknowledge that this is a statement of opinion (*see* Opp. Mem. at 20 & n.13), but do not allege, nor argue, that Trident did not hold that "belief" – nor could they given Lottery's representations.  However, even a "statement believed to be true when made, but later shown to be false, is insufficient."  *In re Lululemon Sec. Litig.,* 14 F. Supp. 3d at 571; *see also Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 185–89 (2015).[3]

### 3.    Neither Trident nor Mr. Komissarov Made Material Misrepresentation as to Lottery's Revenue Projections

Plaintiffs' opposition similarly misses the mark when it comes to the allegedly fraudulent statements concerning Lottery's revenue "projections."  *See* Opp. Mem. at 17-19.

---

[3]  Fatal to their claims here, Plaintiffs failed to allege that any statement *by Trident* was false *when made.  See Francisco v. Abengoa, S.A.,* 481 F. Supp. 3d 179, 210 (S.D.N.Y. 2020) ( "The mere disclosure of adverse information shortly after a positive statement does not support a finding that the prior statement was false at the time it was made.") (citation omitted); *In re Lululemon Sec. Litig.,* 14 F. Supp. 3d at 571.  Plaintiffs' cases are inapposite because they do not concern an accurately disclosed representation made by a third-party.  *See id*. (*citing Iowa Pub. Emps.' Ret. Sys. v. MF Global, Ltd.,* 620 F.3d 137, 143 n.13 (2d Cir. 2010) (company's own statement concerning its own operations in proxy statement alleged to be false); *Pirnik v. Fiat Chrysler Autos., N.V.*, No. 15-cv-7199 (JMF), 2016 WL 5818590, at *5-6 (S.D.N.Y. Oct. 5, 2016) (company allegedly misrepresenting its own global regulatory compliance).

As an initial matter, Plaintiffs again ignore the fact that neither Trident nor Mr. Komissarov made any representation in the Proxy Statement concerning Lottery's revenue projections, and that the Proxy Statement unambiguously disclosed that fact:

"*Neither [Trident's] management nor any of its respective representatives has made or makes any representations to any person regarding the ultimate performance of Lottery.com relative to the Projections. The Projections are not fact.* The Projections are not a guarantee of actual future performance."

*See* Ex. 4 (Proxy Statement) at 88 (emphasis added); *see also In re Bemis Co. Secs. Litig.*, 512 F. Supp. 3d 518, 532 (S.D.N.Y. 2021) (dismissing section 14 claims, holding that with respect to revenue projections, the proxy statement adequately disclosed cautionary language that the revenue projections were "only predictions and involve known and unknown risks and uncertainties," and that the projections were "not factual and should not be relied upon as being necessarily predictive of actual future results").

Rather, the Proxy Statement and/or press releases only disclosed that: (1) Lottery had provided Trident with financial information; and (2) Lottery represented and warranted to Trident that such financial information was materially accurate. *See* Ex. 4 (Proxy Statement) at 87-89; *id.* (Business Combination Agreement attached to Proxy Statement) at A-24, A-26. Here, too, Plaintiffs do not (and cannot) allege that *Trident's* statements were false, and the claims against Mr. Komissarov based thereon must be dismissed. *See, e.g., In re Lululemon Sec. Litig,* 14 F. Supp. 3d at 571; *Champions League, Inc. v. Woodard*, 224 F. Supp. 3d 317, 324 (S.D.N.Y. 2016) (alleged misrepresentations were "projections that the Second Circuit has found cannot give rise to a securities fraud claim"); *In re NTL Inc. Sec. Litig.,* 347 F. Supp. 2d 15, 26-27 (S.D.N.Y 2004) (dismissing securities fraud claim based upon revenue projections).

Because Plaintiffs' Amended Complaint fails to allege any misrepresentation or actionable omission by Trident or Mr. Komissarov, or reliance thereon,[4] Plaintiffs claims against Mr. Komissarov should be dismissed with prejudice.

## B.      Plaintiffs Have Failed to Allege *Scienter*

Plaintiffs argue in opposition that Trident or Mr. Komissarov acted recklessly (to support a section 10(b) claim) or negligently (to support a section 14(a) claim) based upon nothing more than allegations that Mr. Komissarov wanted the business combination to be approved.  *See* Opp. Mem. at 3-7, 11-14 (conclusory assertions that Mr. Komissarov "had every incentive *not* to exercise adequate care" and "*should have known*").  Such assertions fail to adequately allege scienter.  *See Chen v. X Fin.*, No. 19-CV-6908 (KAM)(SJb), 2022 WL 765417, at *11 (E.D.N.Y. Mar. 13, 2022) (*quoting In re Sotheby's Holdings, Inc.,* No. 00-CV-1041(DLC), 2000 WL 1234601, at *7 (S.D.N.Y. Aug. 31, 2000) ("It is well established that boilerplate allegations that defendants knew or should have known of fraudulent conduct based solely on their board membership or executive positions are insufficient to plead scienter."), *aff'd*, 31 F. App'x 762 (2d Cir. 2002)); *In re Bemis Co. Secs. Litig.*, 512 F. Supp. 3d at 534-35 (dismissing section 14 claim for lack of scienter).

---

[4] Plaintiffs do not dispute that they must plead reasonable reliance to state a section 10(b) claim.  *See, e.g., Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232 (2d Cir. 2014) (citation omitted); *see also Singh,* 918 F.3d at 62.  Plaintiffs could not have reasonably relied upon Lottery's revenue projections because the Proxy Statement stated that: "You are cautioned *not to rely on the Projections* in making a decision regarding the Business Combination, as the Projections may be materially different than actual results."  *See* Ex. 4 (Proxy Statement) at 84-88 (given the disclosed risks, "there can be no assurance that the Projections will be realized or that actual results will not be significantly higher or lower than projected") (emphasis added); *see also MF Glob., Ltd.,* 620 F.3d at 141–42 (holding that "no reasonable investor could have found the statements materially misleading"); *Ashland Inc. v. Morgan Stanley & Co.*, 700 F. Supp. 2d 453, 466, 470-471 (S.D.N.Y. 2010) (dismissing securities fraud claim for lack of reasonable reliance), *aff'd*, 652 F.3d 333 (2d Cir. 2011).

In respect to Lottery's revenue projections, the claims fail for lack of scienter because the Proxy Statement stated that: (1) Trident was *not* making any "representations to any person regarding the ultimate performance of Lottery.com relative to the Projections," and (2) shareholders were expressly "cautioned *not to rely on the Projections* in making a decision regarding the Business Combination, as the Projections may be materially different than actual results." *See* Ex. 4 (Proxy Statement) at 87-88 (emphasis added). In the face of such disclosures, Plaintiffs fail to allege any facts to even suggest that Trident or Mr. Komissarov acted recklessly or negligently.

Because the Amended Complaint does not (and cannot) allege facts to suggest that Trident or Mr. Komissarov had information contradicting the disclosures in the Proxy Statement, the requisite intent is lacking. *See In re Bemis Co. Secs. Litig.*, 512 F. Supp. 3d at 534-535 (dismissing section 14 claims); *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007) (affirming dismissal of section 10(b) claims, holding that a complaint must allege facts giving rise to a strong inference of scienter); *City of Brockton Ret. Sys. v. Shaw Grp. Inc.,* 540 F. Supp. 2d 464, 472–74 (S.D.N.Y. 2008) (holding that there was no inference of scienter where the plaintiffs failed to allege that individual defendants were provided with information contradicting public disclosures).[5]

---

[5]  The cases cited by Plaintiffs (*see* Opp. Mem. at 12) are not controlling and not to the contrary in any event. For instance, Plaintiffs cite *Katz v. Pels*, 774 F. Supp. 121, 126 (S.D.N.Y. 1991) for the proposition that for Section 14(a) liability, "it is sufficient to show that the corporate officers and directors … negligently failed to adhere to the rules requiring full disclosure." *Id.* But here, Plaintiffs do not allege any disclosure violation. Plaintiffs can find no support in *Brown v. Brewer*, No. CV-06-3731-GHJ (SHx), 2010 WL 2472182, at *24 (C.D. Cal. June 17, 2010) to claim a purported "failure to notice material omissions," because Plaintiffs' Amended Complaint alleges affirmative misrepresentations – not omissions. Finally, Plaintiffs' citation to *Fresno Cnty. Emps.' Ret. Ass'n*, 268 F. Supp. 3d 526, 563 (S.D.N.Y. 2017) provides no support because Plaintiffs have failed to even allege *any facts* to establish negligence.

Nor have Plaintiffs alleged fraudulent intent given that Proxy Statement disclosed that Lottery *represented to Trident* that Lottery was compliant with state and federal laws, while also cautioning investors that a future change in law, or legal non-compliance, would negatively impact the combined company.  *See*  Ex. 4 (Business Combination Agreement) at A-24, A-33 Section 3.18; *id.* (Proxy Statement) at 74.  Here too, Plaintiffs fail to allege any facts to even suggest that Trident or Mr. Komissarov knew that Lottery was not then operating in compliance with law.  *See generally* Ex. 1 (Am. Cmplt).

For this independent reason, Plaintiffs' claims should be dismissed as against Mr. Komissarov.  *See Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Com.,* 694 F. Supp. 2d 287, 299 (S.D.N.Y. 2010); *In re Renewable Energy Grp. Sec. Litig*, No. 22-3351, 2022 WL 14206678, at *1-2, 4 (2d Cir. Oct. 25. 2022) (affirming dismissal of securities fraud claims for lack of scienter).

### C.      Plaintiffs' Section 20 Claims Should Similarly Be Dismissed

Plaintiffs' Section 20(a) "control person" liability claim against Mr. Komissarov should be dismissed with prejudice because, as explained *supra*, Trident did not commit a primary violation of either Section 10(b) or Section 14(a).  *See ATSI*, 493 F.3d at 108.

### II.      PLAINTIFFS' CLAIMS SHOULD BE DISMISSED AS AGAINST MR. KOMISSAROV WITHOUT PREJUDICE FOR FAILURE TO TIMELY SERVE

In opposition, Plaintiffs concede that they did not timely serve Mr. Komissarov, but wrongly argue that their service failure should be excused because Mr. Komissarov purportedly knew that he "could be subject to Exchange Act liability" because he was sued and served in a separate action commenced by separate plaintiffs in Texas, and because Mr. Komissarov purportedly has suffered no "prejudice."  *See* Opp. Mem. at 22-23.  Those arguments must be rejected lest the exception swallow the rule.

Plaintiffs do not dispute that "dismissal is mandatory if a defendant is not served within this time frame unless the plaintiff can show 'good cause' or 'excusable neglect' for the delay." *McKibben v. Credit Lyonnais*, No. 98 Civ. 3358 (LAP), 1999 WL 604883, at *2 (S.D.N.Y. Aug.9, 1999); *see also Singh v. RXR 620 Master Lease, LLC*, No. 21-1092-cv, 2022 WL 2187206, at *2 (2d Cir. June 17, 2022). Here, Plaintiffs have not (and cannot) establish good cause or excusable neglect for their service failure. That Mr. Komissarov was served in the *McDonald* action (*see* Opp. Mem. at 23) only underscores that Plaintiffs did not make any diligent attempts to timely serve Mr. Komissarov here. As such, the Amended Complaint should be dismissed as against Mr. Komissarov. *See* Fed. R. Civ. P. 4(m).

## CONCLUSION

For each and all of the foregoing reasons, Defendant Vadim Komissarov respectfully requests that the Court enter an Order dismissing Plaintiffs' Amended Class Action Complaint, and each cause of action alleged against him therein, with prejudice. In the alternative, Mr. Komissarov requests that the Court enter an order dismissing the Amended Class Action Complaint without prejudice, due to Plaintiffs' failure to effect timely service.

Dated: November 29, 2023

LOEB & LOEB LLP

By:    /s/ *Jay K. Musoff*
Jay K. Musoff
John Piskora
Alex Inman
345 Park Avenue
New York, NY 10154
212-407-4000

*Attorneys for Defendant Vadim Komissarov*

10