Jay K. Musoff (jmusoff@loeb.com)
John Piskora (jpiskora@loeb.com)
Alex Inman (ainman@loeb.com)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
*Attorneys for Defendant Vadim Komissarov*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
                                                                          :  Case No. 1:22-cv-07111-JLR
IN RE LOTTERY.COM, INC. SECURITIES                 :
LITIGATION                                                          :
                                                                          :  **ORAL ARGUMENT REQUESTED**
---------------------------------------------------------X


**DEFENDANT VADIM KOMISSAROV'S REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF HIS MOTION TO DISMISS**
**PLAINTIFF HOFFMAN'S SECOND AMENDED COMPLAINT**

.

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

ARGUMENT ...................................................................................................................................... 2

I.      MR. HOFFMAN'S CLAIM AGAINST MR. KOMISSAROV SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION AND IMPROPER SERVICE OF PROCESS ............................ 2

II.     MR. HOFFMAN HAS FAILED TO STATE A CLAIM AGAINST MR. KOMISSAROV UNDER SECTION 20(a) ...................................................... 4

     A.     MR. HOFFMAN'S SECTION 20(a) CLAIM FAILS BECAUSE HE HAS FAILED TO ALLEGE THAT MR. KOMISSAROV ACTED RECKLESSLY OR INTENTIONALLY ................................................................................... 5

     B.     MR. HOFFMAN'S SECTION 20(a) CLAIM FAILS BECAUSE HE HAS FAILED TO ALLEGE AN UNDERLYING SECTION 10(b) CLAIM AGAINST TRIDENT ............................................................................................... 6

CONCLUSION ................................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
   493 F.3d 87 (2d Cir. 2007)........................................................................................4, 5, 8

*In re Bemis Co. Secs. Litig.*,
   512 F. Supp. 3d 518 (S.D.N.Y. 2021)..................................................................................7

*Bond Opportunity Fund v. Unilab Corp.*,
   87 F. App'x 772 (2d Cir. 2004) ...........................................................................................8

*Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*,
   750 F.3d 227 (2d Cir. 2014)..................................................................................................5

*Champions League, Inc. v. Woodard*,
   224 F. Supp. 3d 317 (S.D.N.Y. 2016)...................................................................................8

*Duan v. U.S. Citizenship & Immigr. Servs.*,
   No. 22-CV-1538, 2022 U.S. Dist. LEXIS 121696,
   2022 WL 2526896 (E.D.N.Y. July 6, 2022)
   ...............................................................................................................................................3

*Dwulit v. Tactical, Scrapefix & Deer Mgmt. Sys. LLC*,
   No. 23-cv-8778, 2024 U.S. Dist. LEXIS 124122,
   2024 WL 3413472 (S.D.N.Y. July 15, 2024)
   ...............................................................................................................................................2

*Gibson v. Mount Vernon Montefiore Hosp. Exec. Dir.*,
   No. 22-CV-4213 (KMK), 2024 U.S. Dist. LEXIS 50608,
   2024 WL 1217528 (S.D.N.Y. Mar. 19, 2024) .......................................................................3

*Janus Capital Grp., Inc. v. First Derivative Traders*,
   564 U.S. 135 (2011).....................................................................................................1, 3, 7

*In re Lottery.com, Inc. Sec. Litig.*,
   2024 U.S. Dist. LEXIS 20645,
   2024 WL 454298 (S.D.N.Y. Feb. 6, 2024)...........................................................................5

*Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*,
   No. 12-cv-974, 2015 U.S. Dist. LEXIS 133304,
   2015 WL 5729969 (S.D.N.Y. Sept. 30, 2015)
   ...............................................................................................................................................4

*Rosa v. Renewable Energy Grp. Inc.* (*In re Renewable Energy Grp. Sec. Litig.*),
    No. 22-335, 2022 U.S. App. LEXIS 29629,
    2022 WL 14206678 (2d Cir. Oct. 25, 2022)................................................................5

*In re Sanofi-Aventis Sec. Litig.*,
    774 F. Supp. 2d 549 (S.D.N.Y. 2011)........................................................................6

*Santos v. State Farm Fire & Cas. Co.*,
    902 F.2d 1092 (2d Cir. 1990)....................................................................................3

*Simpson v. Wells Fargo Bank*,
    No. 15-cv-1487, 2016 U.S. Dist. LEXIS 173625,
    2016 WL 10570967 (S.D.N.Y. Dec. 15, 2016) .........................................................1

*Singh v. Cigna Corp.*,
    918 F.3d 57 (2d Cir. 2019)........................................................................................5

*In re Virtus Inv. Partners, Inc. Sec. Litig.*,
    195 F. Supp. 3d 528 (S.D.N.Y. 2016)....................................................................4, 6

## Statutes And Rules

15 U.S.C. § 78j.......................................................................................................5, 6

15 U.S.C. § 78t.................................................................................................. *passim*

15 U.S.C. § 78u...........................................................................................................1

Fed. R. Civ. P. 4.....................................................................................................2, 3

Fed. R. Civ. P. 9(b) ....................................................................................................1

Fed. R. Civ. P. 10b.....................................................................................................5

Fed. R. Civ. P. 12(b) ........................................................................................ *passim*

Defendant Vadim Komissarov respectfully submits this reply memorandum of law in further support of his motion to dismiss Plaintiff Harold M. Hoffman's Second Amended Complaint ("SAC"): (i) pursuant to Federal Rules of Civil Procedure 12(b)(2) and (5) for lack of personal jurisdiction and insufficient service of process; and (ii) pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and the heightened pleading requirements imposed by the Private Securities Litigation Reform Act of 1995, for failure to state a claim.

## PRELIMINARY STATEMENT

Faced with Mr. Komissarov's motion to dismiss for insufficient service of process and the failure to state a claim for control person liability related to any underlying securities fraud, Plaintiff Harold Hoffman (an attorney)[1] has waived his right to oppose Mr. Komissarov's motion on the merits, and instead relies solely upon the opposition papers filed by the putative class. *See* ECF #185. That attempted reliance, however, is entirely misplaced, and Mr. Hoffman's SAC must be dismissed as against Mr. Komissarov for a host of independent reasons, as follows.

*First*, and foremost, Mr. Hoffman's claim against Mr. Komissarov must be dismissed for insufficient service of process and lack of personal jurisdiction. Mr. Hoffman does not dispute that it is his burden to establish proper service, but he has wholly failed to do so. The opposition filed by the putative class, upon which Mr. Hoffman attempts to rely, fails to even address Mr. Komissarov's service arguments. Moreover, while Mr. Hoffman filed a letter-motion with the Court to be relieved of any obligation to file opposition papers (*see* ECF #185), that letter *admits* facts establishing that the attempted service upon Mr. Komissarov was defective – both because

---

[1] As an attorney representing himself, Mr. Hoffman "is not entitled to the 'special solicitude' normally accorded to a *pro se* litigant." *See, e.g., Simpson v. Wells Fargo Bank*, No. 15-cv-1487, 2016 U.S. Dist. LEXIS 173625, at *6, 2016 WL 10570967, at *2 (S.D.N.Y. Dec. 15, 2016).

Mr. Hoffman attempted such service himself in violation of Federal Rule of Civil Procedure 4(c) (precluding a party litigant from serving process), and because Mr. Hoffman directed his attempted service to undersigned counsel notwithstanding that there is no evidence that counsel had authority to accept service of process on Mr. Komissarov's behalf.

*Second*, and independently, Mr. Hoffman has failed to plead with particularity that Mr. Komissarov acted culpably (*i.e.*, intentionally or recklessly) such to support a Section 20(a) claim. Here, too, Mr. Hoffman's attempt to rely on the opposition filed by the putative class is entirely misplaced.  The class argues (wrongly) that Mr. Komissarov acted "negligently" in an attempt to support a Section 14 claim.  It is well established, however, that negligence alone is insufficient to support Mr. Hoffman's Section 20(a) claim, and the claim must be dismissed on this basis.

*Third,* and finally, Mr. Hoffman has failed to allege any actionable material misrepresentation or omission in the Proxy to support a claim for control person liability.

For each of these independent reasons, Mr. Hoffman's Section 20(a) claim against Mr. Komissarov should be dismissed with prejudice.

## ARGUMENT

**I.    MR. HOFFMAN'S CLAIM AGAINST MR. KOMISSAROV SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION AND IMPROPER SERVICE OF PROCESS**

As Mr. Komissarov established in his moving papers, Mr. Hoffman's claim against him must be dismissed for lack of personal jurisdiction and insufficient service of process.  *See* Fed. R. Civ. P. 12(b)(2) and (5).  Mr. Hoffman does not (and cannot) dispute that he bears the burden of establishing proper service.  *See, e.g., Dwulit v. Tactical, Scrapefix & Deer Mgmt. Sys. LLC,* No. 23-cv-8778, 2024 U.S. Dist. LEXIS 124122, at *6, 2024 WL 3413472 (S.D.N.Y. July 15, 2024) (*citing Khan v. Khan*, 360 F. App' x 202, 203 (2d Cir. 2010)).  Here, the attempted service

of process was defective for multiple reasons, and Mr. Hoffman's claim against Mr. Komissarov must be dismissed.

*First*, Mr. Hoffman's attempted service was defective because a party to an action is precluded from serving process under Rule 4. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."). Here, Mr. Hoffman has repeatedly admitted that he attempted to serve process himself. *See* Piskora Decl. (ECF #171), Ex. 3 (Certificate of Service); *see also* ECF #185 at n.1 (Hoffman letter to the Court: "I served process upon Mr. Komissarov by personal delivery to his attorney of record in this matter.").

Because such attempted service of process by a party litigant is defective, the SAC must be dismissed as against Mr. Komissarov pursuant to Fed. R. Civ. P. 12(b)(2) and (5). *See Gibson v. Mount Vernon Montefiore Hosp. Exec. Dir.*, No. 22-CV-4213 (KMK), 2024 U.S. Dist. LEXIS 50608, at *18, 2024 WL 1217528 (S.D.N.Y. Mar. 19, 2024) ("[P]arties are ineligible to serve their own process under Rule 4(c)(2).") (*citing Kennedy v. Peters*, No. 23-CV-195, 2023 U.S. Dist. LEXIS 162920, 2023 WL 5977237, at *2 (N.D.N.Y. Sept. 14, 2023)); *Duan v. U.S. Citizenship & Immigr. Servs.*, No. 22-CV-1538, 2022 U.S. Dist. LEXIS 121696, at *1, 2022 WL 2526896, at *1 (E.D.N.Y. July 6, 2022) ("A party to a lawsuit is not permitted to serve a copy of the summons and complaint on a defendant.").

*Second*, and independently, Mr. Hoffman's attempted service of process directed to Mr. Komissarov's counsel was defective because counsel was not "an agent authorized to receive process." In the absence of some proof of counsel's authority to receive service of process on behalf of a client, such attempted service upon an attorney is ineffective. *See, e.g., Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) ("[S]ervice of process on an attorney not authorized to accept service for his client is ineffective."). Lastly, Mr. Hoffman's argument

3

that he was entitled to rely on Mr. Komissarov's counsel's Notice of Appearance that was filed in the consolidated actions to effectuate service in this case is mistaken.  (*See* ECF#184 at fn. 1). Counsel's appearance on behalf of Mr. Komissarov did not obviate the need to serve Mr. Komissarov with process in this case, nor did it permit service "from one attorney . . . to another," as Mr. Hoffman claims.  *See Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*, No. 12-cv-974, 2015 U.S. Dist. LEXIS 133304, at *67-70, 2015 WL 5729969, at *23-24 (S.D.N.Y. Sept. 30, 2015) (dismissing claims against certain defendants based upon improper service of process where "[p]laintiff served attorneys that have already appeared in this Action, and did not directly serve those Defendants who had not yet been served").

Because Mr. Hoffman's attempted service of process was defective, his claim against Mr. Komissarov must be dismissed.  *See* Fed. R. Civ. P. 12(b)(2) and (5).

## II.   MR. HOFFMAN HAS FAILED TO STATE A CLAIM AGAINST MR. KOMISSAROV UNDER SECTION 20(a)

Mr. Hoffman does not (and cannot) dispute that to state a claim control person liability under Section 20(a) of the Exchange Act, he was required to allege with particularity: "(1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud," (*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007)), as well as that the alleged controlling person acted recklessly or intentionally.  *See, e.g., In re Virtus Inv. Partners, Inc. Sec. Litig.*, 195 F. Supp. 3d 528, 542 (S.D.N.Y. 2016) ("[C]ulpable participation is a scienter requirement for which a plaintiff must allege some level of culpable participation at

4

least approximating recklessness in the section 10(b) context in order to survive a motion to dismiss.") (citation omitted).[2]

Here, Mr. Hoffman has failed to adequately allege either scienter or a primary securities fraud (*i.e.*, a material misrepresentation or omission by Trident made with scienter).  Accordingly, Mr. Hoffman's Section 20(a) claim against Mr. Komissarov should be dismissed with prejudice. *See* Fed. R. Civ. P. 12(b)(6).

### A.    MR. HOFFMAN'S SECTION 20(a) CLAIM FAILS BECAUSE HE HAS FAILED TO ALLEGE THAT MR. KOMISSAROV ACTED RECKLESSLY OR INTENTIONALLY

As Mr. Komissarov established in his moving papers, Mr. Hoffman fails to allege (and cannot allege) *any* intentional, knowing, or reckless conduct by Mr. Komissarov.  Rather, Mr. Hoffman only alleges purported negligence (in conclusory terms that must be disregarded).  *See* Piskora Decl. (ECF #171), Ex. 1 (SAC) at ¶ 207 (alleging that: "The Individual Defendants were culpable participants in the violations because they failed to make a reasonable investigation and did not possess reasonable grounds for the belief that the statements in the Proxy Statement" were accurate).

It is well settled that allegations of purported negligence are insufficient to maintain a Section 20(a) claim.  *See ATSI*, 493 F.3d at 108 (holding that culpable participation is an essential element of a Section 20(a) claim); *Rosa v. Renewable Energy Grp. Inc.* (*In re Renewable Energy Grp. Sec. Litig.*), No. 22-335, 2022 U.S. App. LEXIS 29629, at *4-5, 2022 WL 14206678 (2d Cir.

---

[2]  As to the underlying "primary violation," to state a claim under Section 10(b) of the Exchange Act and Rule 10b-5, Mr. Hoffman was required to allege with particularity, among other things, "a material misrepresentation or omission by the defendant … [and] scienter[.]" *See Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232 (2d Cir. 2014) (citation omitted); *see also Singh v. Cigna Corp.,* 918 F.3d 57, 62 (2d Cir. 2019); *also In re Lottery.com, Inc. Sec. Litig.*, 2024 U.S. Dist. LEXIS 20645, at *35-36, 2024 WL 454298 (S.D.N.Y. Feb. 6, 2024).

Oct. 25, 2022) (holding that recklessness in the securities fraud context is "not merely a heightened form of negligence") (citation omitted); *In re Virtus Inv. Partners, Inc.*, 195 F. Supp. 3d at 542 ("[C]ulpable participation is a scienter requirement for which a plaintiff must allege some level of culpable participation at least approximating recklessness[.]"); *In re Sanofi-Aventis Sec. Litig.*, 774 F. Supp. 2d 549, 572 (S.D.N.Y. 2011) (dismissing Section 20(a) claims, holding that general allegation that the controlling person "had access to material information is inadequate circumstantial evidence that does not indicate involvement in perpetrating the fraud").

Nor can Mr. Hoffman rely upon any argument in opposition advanced by the putative class. That attempted reliance fails because (1) the class cannot cure Mr. Hoffman's defective pleading; and (2) the class only argues purported "negligence" in connection with its Section 14 proxy claim.

For each of these reasons, Mr. Hoffman's Section 20(a) claim against Mr. Komissarov should be dismissed with prejudice.

### B. MR. HOFFMAN'S SECTION 20(a) CLAIM FAILS BECAUSE HE HAS FAILED TO ALLEGE AN UNDERLYING SECTION 10(b) CLAIM AGAINST TRIDENT

Separately and independently, Mr. Hoffman's Section 20(a) claim against Mr. Komissarov fails because the SAC fails to allege any actionable material misrepresentation or omission made by Trident in the Proxy (or otherwise), or Trident's fraudulent scienter. For the sake of brevity and efficiency, and given Mr. Hoffman's non-opposition and attempt to rely upon the opposition filed by the putative class, Mr. Komissarov expressly incorporates herein his reply in further support of his motion to dismiss the class's attempted claims against him, which arguments in reply can be summarized as follows:

- Lottery's compliance with State and Federal law:  This Court already squarely held that "[t]he pre-merger statements regarding regulatory compliance – contained in the … Proxy [and elsewhere] – were non-actionable puffery."  *See* Dismissal Order at 31-32 ("Plaintiffs'

claim that these statements were knowingly and verifiably false when made does not cure their generality, which is what prevents them from rising to the level of materiality required to form the basis for assessing a potential investment.").

- Lottery's geo-fencing:  Mr. Hoffman's SAC (and the *Bloomberg* article referred to therein) admit that Lottery did in fact use geo-fencing technology (*see* Piskora Decl. (ECF #171), Ex. 1 (SAC) at ¶¶ 2, 3, 15, 150), and that instances of legal non-compliance were caused by users that wrongfully "skirted" Lottery's technology.  *See id.* (SAC) at ¶¶ 15, 142, 169.[3]

- Lottery's "Sham" Revenues:  The Proxy only disclosed Lottery's revenues through June 30, 2021 – *i.e.*, ending well before the alleged "sham" contract and revenues.  *See id.* Ex. 2 (Proxy) at 10, 156, 158, 181-182, F-51 to F-52.

- Lottery's Revenue Projections:[4]  This Court has already held that Lottery's revenue projections in the Proxy were forward-looking and "protected by the bespeaks-caution doctrine" because the projections "were accompanied by sufficient cautionary language." *See* Dismissal Order at 34-36 (holding that: "In short, the Proxy addressed the very risk that Plaintiffs allege it failed to disclose: that Lottery 'lacked adequate internal accounting controls, including controls over financial reporting of cash and revenue,' and that the Proxy's statements regarding revenue and cash could therefore be inaccurate."); *see also Bond Opportunity Fund v. Unilab Corp.,* 87 F. App'x 772, 774 (2d Cir. 2004) (affirming

---

[3]  Trident was not the "maker" of any such statement in any event.  *See Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 138 (2011) ("We conclude that [defendant] cannot be held liable because it did not make the statements in the prospectuses.").

[4]  Mr. Hoffman separately attempts to allege that Trident's Board's stated reasons for approving the business combination were purportedly false and misleading.  *See* Piskora Decl., Ex. 1 (SAC) at ¶ 148.  But Mr. Hoffman does not allege that Trident's Board did not consider the stated reasons.  *See generally id.*; *In re Bemis Co. Secs. Litig.*, 512 F. Supp. 3d 518 (S.D.N.Y. 2021).

dismissal of Section14(a) claims based upon projections); *Champions League, Inc. v. Woodard*, 224 F. Supp. 3d 317, 324 (S.D.N.Y. 2016) (dismissing securities fraud claims, holding that alleged misrepresentations were "projections that the Second Circuit has found cannot give rise to a securities fraud claim") (citation omitted).  Lottery's "preliminary" financial results for the third quarter of 2021 were similarly forward-looking statements. In any event, Mr. Hoffman's "projections" claim fails because Trident made no representations concerning the projections in the Proxy (or otherwise).  Moreover, the Proxy disclosed that such projections were "not fact."  *See* Piskora Decl. (ECF #171), Ex. 2 (Proxy Statement) at 88.

Because Mr. Hoffman does not allege any material misrepresentation or omission in the Proxy by Trident (nor Trident's fraudulent scienter), there was no primary violation by Trident, and Mr. Hoffman's Section 20(a) claim against Mr. Komissarov must be dismissed with prejudice. *See ATSI*, 493 F.3d at 108 (affirming dismissal of Section 20 claims, holding that "[plaintiff] fails to allege any primary violation; thus, it cannot establish control person liability").

**CONCLUSION**

For each and all of the foregoing reasons, Defendant Vadim Komissarov respectfully requests that the Court enter an Order dismissing Plaintiff Harold Hoffman's Second Amended Complaint as against him with prejudice.

Dated: August 22, 2024

LOEB & LOEB LLP

By: ___/s/ *Jay K. Musoff*_____
Jay K. Musoff (jmusoff@loeb.com)
John Piskora (jpiskora@loeb.com)
Alex Inman (ainman@loeb.com)
345 Park Avenue
New York, NY  10154
212-407-4000

*Attorneys for Defendant Vadim Komissarov*

9

**<u>Certificate of Compliance with the Hon. Jennifer L. Rochon's Individual Rules 3(C)</u>**

I hereby certify that the number of words in the foregoing Reply Memorandum of Law in Further Support of Defendant Vadim Komissarov's Motion to Dismiss Plaintiff Hoffman's Second Amended Complaint, according to the word count on the word processing program utilized, inclusive of point headings and footnotes, and exclusive of the caption, table of contents, table of authorities, signature block and this certificate of compliance, is 2,437.

Dated: New York, New York
       August 22, 2024

/s/ Jay K. Musoff
JAY K. MUSOFF