**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LOTTERY.COM, INC. SECURITIES LITIGATION | Case No. 1:22-cv-07111 (JLR) |
| | ***ORAL ARGUMENT REQUESTED*** |

### DEFENDANT ANTHONY DIMATTEO'S REPLY IN SUPPORT OF HIS MOTIONS TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT AND PLAINTIFF HAROLD HOFFMAN'S SECOND AMENDED COMPLAINT[1]

This Court already dismissed Plaintiffs' securities fraud claims once because they "failed to plead sufficient facts to give rise to a strong inference of scienter for any Defendant."[2] Nonetheless, Plaintiffs continue to rely on hindsight and ask the Court to infer, without particularized factual support that, looking back, the Defendants must have known the true condition of Lottery.com and acted deceitfully to artificially inflate the value of the company.

Despite amending their claims, Plaintiff still fail to articulate facts sufficient to show that Mr. DiMatteo had a concrete personal incentive to misrepresent the condition of the company or that he had specific information that made any of the alleged misstatements false at the time they were made. Instead, Plaintiffs amalgamate various pieces of information that came to light through Lottery's internal investigation and subsequent public statements clarifying its operational and financial condition. Even considered collectively, the Plaintiffs' disjointed retrospective allegations do not state a cause of action for securities fraud. For the reasons detailed below and

---

[1] This Court granted Plaintiff Harold Hoffman's motion to rely on the opposition brief filed by the Class Plaintiffs rather than filing his own independent opposition brief in response to Defendants' motions to dismiss his Second Amended Complaint. *See* Motion to Rely on Omnibus Brief Filed by Class Counsel, ECF 184; Order, ECF 185. Accordingly, Mr. DiMatteo files this consolidated reply in support of his motions to dismiss both the Third Amended Class Action Complaint and Mr. Hoffman's Second Amended Complaint. Any reference to "Plaintiffs" encompasses all the Plaintiffs, including Mr. Hoffman. Mr. DiMatteo adopts and incorporates by reference the replies filed by the other Defendants in this action in support of their respective motions to dismiss.
[2] February 6, 2024 Opinion and Order, ECF 131 at 74.

1

in his Motions to Dismiss, Defendant Anthony DiMatteo respectfully asks the Court to dismiss the Third Amended Class Action Complaint and Harold Hoffman's Second Amended Complaint.

## ARGUMENT

A plaintiff cannot "plead fraud by hindsight." *Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000); *Slayton v. Am. Exp. Co.*, 604 F.3d 758, 776 (2d Cir. 2010). Instead, a plaintiff alleging securities fraud must, among other things, articulate specific and particularized facts sufficient to create a strong inference that the defendant the defendant acted with the required state of mind or scienter to deceive, manipulate, or defraud. *In re DraftKings Inc.*, 2023 WL 145591 at \*15; *Tellabs, Inc. v. Makor Issues & Rights, Ltd,* 551 U.S. 308, 313-14 (2007) (both cases citing 15 U.S.C. § 78u-4(b)(2)). To meet this standard, a plaintiff must present "facts to show either (1) that defendants had the motive and opportunity to commit fraud, or (2) strong circumstantial evidence of conscious misbehavior or recklessness." *ECA, Loc. 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009). Under either standard, the plaintiff must show that the defendant was aware of or had access to specific information that contradicted the relevant statement at the time the statement was made. *In re PXRE Grp., Ltd., Sec. Litig.*, 600 F. Supp. 2d 510, 536 (S.D.N.Y. 2009).  Plaintiffs fail to carry their burden to adequately plead that Mr. DiMatteo acted with the requisite scienter.

Plaintiffs speculate that "it simply belies belief" that Lottery executives did not contemporaneously know that Lottery overstated its revenue.[3] However, Plaintiffs fail to articulate any facts to show that Mr. DiMatteo contemporaneously knew about or had access to specific information that that would have made Lottery's statements about its finances false at the time the

---

[3] Plaintiffs' Omnibus Opposition to Defendants' Motions to Dismiss the Third Amended Class Action Complaint ("Plaintiffs' Opposition"), ECF 186 at 51. Unless otherwise noted, citations to page numbers in refer to the page numbers in the electronic filing header stamped at the top of each page, not the page numbers at the bottom of each page.

statements were made.[4] Tellingly, Plaintiffs do not offer any specific facts to suggest that Mr. DiMatteo facilitated or approved the transaction that was later restated.[5] Instead, Plaintiffs expect the Court to infer without any factual support that Mr. DiMatteo must have known Lottery's statements about its finances were false because of his position as CEO.[6] However, being an executive is not independently sufficient to establish that Mr. DiMatteo concealed information about the company. *See Cohen v. Kitov Pharms. Holdings, Ltd.*, 2018 WL 1406619, at *1 (S.D.N.Y. Mar. 20, 2018). As this Court already warned Plaintiffs, simply alleging that Defendants had leadership roles at Lottery and that the alleged misstatements concerned Lottery's core operations is insufficient to establish scienter.[7]

Similarly, Plaintiffs suggest that it is "implausible" that Lottery executives were not contemporaneously aware of the status of the company's legal and regulatory compliance.[8] However, Plaintiffs fail to articulate any facts to show that Mr. DiMatteo contemporaneously knew about or had access to specific information that that would have made Lottery's statements about its legal and regulatory compliance false at the time the statements were made.[9]

To establish the requisite scienter for any of the alleged misstatements before, during, or after the business combination, Plaintiffs must establish that Mr. DiMatteo knew about or had access to contradictory information at the time the statements were made. *In re PXRE Grp., Ltd., Sec. Litig.*, 600 F. Supp. 2d at 536. As Plaintiffs acknowledge, a securities fraud plaintiff adequately pleads scienter if he that a defendant subsequently admitted "***facts that were <u>previously</u>***

---

[4] *Id*. at 18-19, 22-29, 47-54.
[5] *Id*. at 18-19, 26-27, 51-52.
[6] *Id*. at 50-51.
[7] February 6, 2024 Opinion and Order, ECF 131 at 68.
[8] *Id*. at 19, 42-44
[9] *Id*. at 31-60.

***known to them*** and that were contrary to their class period statements."[10] Regardless of Mr.

DiMatteo's position within Lottery, the centrality of Lottery's operational and financial condition

to its business, or any subsequent investigations by Lottery or other entities, Plaintiffs simply offer

no facts to show that Mr. DiMatteo contemporaneously knew about or had access to specific

information that would have made any of the alleged misstatements false at the time they were

made.[11] Plaintiffs base their amended allegations on a Bloomberg article that compiles information

gathered long after Mr. DiMatteo left Lottery. The article does not, however, identify any specific

information Mr. DiMatteo had that would have made any of the alleged misstatements false when

they were made.

Plaintiffs also allege that Mr. DiMatteo's resignation reflects the requisite intent to defraud

or deceive.[12] Without some specific evidence of unusual or suspicious circumstances, the fact that

an executive resigns during or after an investigation is not enough to support a securities fraud

claim. *See, e.g.*, *Jun v. 500.com Ltd.*, CV 20-806 (GRB) (AKT), 2021 WL 4260644, at \*2

(E.D.N.Y. Sept. 20, 2021) (ruling that defendant's resignation at the conclusion of internal

investigation was not enough to show scienter); *Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 598

(S.D.N.Y. 2011) ("resignations, without some indicia of highly unusual or suspicious

circumstances, are insufficient to support the required strong circumstantial evidence of scienter").

Finally, Plaintiffs suggest that Defendants "received far more shares than they would have

been entitled to had the true value of Lottery been disclosed in connection with the Business

Combination" and that Mr. DiMatteo "sold between $2,381,250 and $2,576,250 worth of shares

---

[10] *Id*. at 49 (citing *Yannes v. SCWorx Corp.*, No. 20 Civ. 033949 (JGK), 2021 WL 2555437, at \*7 (S.D.N.Y. June 21, 2021)).
[11] *Id*. at 31-60.
[12] *Id*. at 25.

shortly after the Business Combination was completed on December 2, 2021."[13] However, incentives that are "common to most corporate officers, such as the desire for the corporation to appear profitable and the desire to keep stock prices high to increase officer compensation" do not constitute the type of concrete and personal incentive necessary to establish scienter for purposes of a securities fraud claim. *ECA, Loc. 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009).

Plaintiffs have not met their burden to establish a compelling inference that Mr. DiMatteo intentionally or recklessly deceived, manipulated, or defrauded anyone before, during, or after the business combination. Plaintiffs' allegations support the equally compelling inference that Lottery learned the true operational and financial condition of the company through an internal investigation and then made a series of public disclosures to clarify its operational and financial circumstances. Accordingly, Plaintiffs fail to state a securities fraud claim against Mr. DiMatteo.

## CONCLUSION

Plaintiffs fail to articulate the requisite specific and particularized facts to state a securities fraud claim against Mr. DiMatteo. For all the reasons set forth in this Reply and his Motions to Dismiss, Mr. DiMatteo respectfully requests that the Court dismiss both the Third Amended Class Action Complaint and Plaintiff Harold Hoffman's Second Amended Complaint with prejudice.

Dated: August 22, 2024

Respectfully Submitted,

/s/ *Tara N. Tighe*
Tara N. Tighe (*pro hac vice*)
Danny C. Onorato (*pro hac vice*)
Schertler Onorato Mead & Sears
555 13th Street, N.W. | Suite 500 West
Washington, DC 20004
ttighe@schertlerlaw.com
donorato@schertlerlaw.com
Phone: (202) 628-4199

---

[13] *Id*. at 58.

Fax: (202) 628-4177
*Counsel for Defendant Anthony DiMatteo*

**CERTIFICATE OF SERVICE**

I, the undersigned, certify as follows:

I am not a party to the above case, and I am over 18 years old.

On August 22, 2024, I filed the foregoing document with the Clerk of this Court using the Court's CM/ECF electronic filing system, which will serve automatic electronic notice to all counsel of record in this case.

I affirm under penalty of perjury that the foregoing is true and correct.

/s/ *Tara N. Tighe*
Tara N. Tighe