# APPENDIX A

**Appendix A:**
**Comparison of Previous Arguments and Rulings on Scienter for**
**Alleged Improper Revenue Recognition**

| Current Argument | Previous Argument | Previous Ruling |
|---|---|---|
| "That this transaction accounted for such a large percentage of the Company's finances only further supports an inference of scienter." Pls.' Br. 32-33. | "[T]he magnitude of Lottery fraud supports an inference of scienter." *See* Pls.' Prior Br. 18-19. | "The magnitude of a restatement…must be presented in tandem with other circumstantial evidence to suggest scienter. What is noticeably missing from the Amended Class-Action Complaint and the Hoffman Complaint is any allegation that Defendants had any contemporaneous basis to believe that the information they related was incorrect that would be sufficient to allege the requisite conscious recklessness." MTD Op. 70-71 (internal quotation marks and citations omitted). |
| "Lottery admitted that its financial disclosures wrongfully included $30 million in cash holdings and revenues that did not exist at the time of those disclosures." Pls.' Br. 32-33. | Same. *See* Pls.' Prior Br. 16. | "[A]llegations that defendants should have anticipated future events and made certain disclosures earlier than they actually did do not suffice to establish scienter under a recklessness theory." MTD Op. 67 (cleaned up) |
| "[A] corporate officer's access to contrary information can be inferred where it is facially implausible that he or she would not have been privy to the information or transactions at issue." Pls.' Br. 34. | Same. *See* Pls.' Prior Br. 17. | "Alleging that Defendants had leadership roles at Lottery and that the actionable statements or omissions concerned Lottery's core operations is insufficient to establish scienter." MTD Op. 68. |

A-1

| | | |
|---|---|---|
| "[C]ourts recognize that obvious accounting manipulations, such as improper revenue recognition, are especially indicative of conscious misbehavior since such violations do not commonly occur inadvertently, but instead suggest a conscious decision to improperly recognize revenue."  Pls.' Br. 36 (internal quotation marks and citations omitted). | Same. *See* Pls.' Prior Br. 18. | "Plaintiffs urge that Defendants simply *must have* known that their statements were false or misleading given the magnitude of the restatement of revenue of a core operation of the company (namely, online lottery games) and Defendants' respective roles at the company. But such allegations are not enough."  MTD Op. 68 (internal citations omitted). |
| "[A] strong inference of scienter is further supported by the core operations doctrine…."  Pls.' Br. 37 (internal quotation marks and citations omitted). | Same. *See* Pls.' Prior Br. 19. | "Alleging that Defendants had leadership roles at Lottery and that the actionable statements or omissions concerned Lottery's core operations is insufficient to establish scienter."  MTD Op. 68. |
| "[T]he timing and circumstances of the terminations/resignations and the withdrawal of Lottery's independent auditor also support a strong inference of scienter."  Pls.' Br. 38. | Same. *See* Pls.' Prior Br. 19-20. | "As presently pleaded, the terminations and resignations are at least as consistent with punishing those at the helm for their poor judgment and leadership as with their relating to concocting a scheme to defraud shareholders."  MTD Op. 72 (internal quotation marks and citations omitted). |
| "[W]hether or not the TAC pleads the scienter of the Individual Lottery Defendants … there can be no doubt that the TAC has pled Lottery's scienter." Pls.' Br. 38-39. | Same. *See* Pls.' Prior Br. 20. | "Plaintiffs have not persuaded the Court that, as presently pleaded, these circumstances qualify, such that the Court should infer Lottery's scienter under a collective-corporate-scienter theory." MTD Op. 69, n. 11. |