Jay K. Musoff (jmusoff@loeb.com)
John Piskora (jpiskora@loeb.com)
Alex Inman (ainman@loeb.com)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
*Attorneys for Defendant Vadim Komissarov*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

IN RE LOTTERY.COM, INC. SECURITIES
LITIGATION

----------------------------------------------------------X

: Case No. 1:22-cv-07111-JLR
:
:
: **ORAL ARGUMENT REQUESTED**


**DEFENDANT VADIM KOMISSAROV'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF HIS MOTION TO DISMISS
PLAINTIFFS' THIRD AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................1

ARGUMENT .....................................................................................................................................2

I.     PLAINTIFFS' SECTION (14) CLAIM SHOULD BE DISMISSED AS
AGAINST MR. KOMISSAROV WITH PREJUDICE..................................................3

     A.     Plaintiffs Have Failed to Allege Any Material Misrepresentation by
Trident or Mr. Komissarov to Support Any Claim...................................................3

          1.     Trident/Komissarov Made No Material Misrepresentation in the
Proxy as to Lottery's Revenues or Projections ...........................................3

          2.     Trident/Komissarov Made No Material Misrepresentation in the
Proxy as to Lottery's "Compliance" With State and Federal
Law ...............................................................................................................6

     B.     Plaintiffs Have Failed to Allege *Scienter*.................................................................7

     C.     Plaintiffs' Section 20 Claim Should Similarly Be Dismissed ................................9

CONCLUSION................................................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
     556 U.S. 662 (2009)..................................................................................................................8

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
     493 F.3d 87 (2d Cir. 2007).....................................................................................................2, 9

*Bond Opportunity Fund v. Unilab Corp.*,
     87 F. App'x 772 (2d Cir. 2004) ...............................................................................................4

*Champions League, Inc. v. Woodard*,
     224 F. Supp. 3d 317 (S.D.N.Y. 2016).....................................................................................4

*In re Columbia Pipeline, Inc.*,
     405 F. Supp. 3d 494 (S.D.N.Y. 2019)......................................................................................2

*DCML LLC v. Danka Bus. Sys. PLC*,
     No. 08 Civ. 5829, 2008 U.S. Dist. LEXIS 97210,
     2008 WL 5069528 (S.D.N.Y. Nov. 26, 2008).........................................................................2

*Gavin/Solmonese LLC v. D'Arnaud-Taylor*,
     639 F. App'x 664 (2d Cir. 2016) .............................................................................................3

*Janus Capital Grp., Inc. v. First Derivative Traders*,
     564 U.S. 135 (2011)..................................................................................................................3

*In re JP Morgan Chase Sec. Litig.*,
     363 F. Supp. 2d 595 (S.D.N.Y. 2005).....................................................................................2, 9

*In re Lululemon Sec. Litig.*,
     14 F. Supp. 3d 553 (S.D.N.Y. 2014),
     *aff'd*, 604 F. App'x 62 (2d Cir. 2015)......................................................................................6

*Novak v. Kasaks*,
     216 F.3d 300 (2d Cir. 2000) ....................................................................................................5

*In re NTL Inc. Sec. Litig.*,
     347 F. Supp. 2d 15 (S.D.N.Y 2004).........................................................................................4

*In re Renewable Energy Grp. Sec. Litig.*,
     No. 22-335, 2022 U.S. App. LEXIS 29629,
     2022 WL 14206678 (2d Cir. Oct. 25, 2022)............................................................................8, 9

*In re Sanofi-Aventis Sec. Litig.*,
  774 F. Supp. 2d 549 (S.D.N.Y. 2011) ...............................................................................9

*In re Ultrafem Inc. Sec. Litig.*,
  91 F. Supp. 2d 678 (S.D.N.Y. 2000) ................................................................................6

*In re Virtus Inv. Partners, Inc. Sec. Litig.*,
  195 F. Supp. 3d 528 (S.D.N.Y. 2016)............................................................................2, 9

**Statutes and Rules**

15 U.S.C. § 78n............................................................................................................2, 8, 9

15 U.S.C. § 78t...............................................................................................................2, 9

15 U.S.C. § 78u...............................................................................................................1, 2

Fed. R. Civ. P. 9(b) ............................................................................................................1

Fed. R. Civ. P. 12(b)(6)......................................................................................................1

Defendant Vadim Komissarov respectfully submits this reply memorandum of law in further support of his motion to dismiss Plaintiffs' Third Amended Class Action Complaint (the "TAC"), pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and the heightened pleading requirements imposed by the Private Securities Litigation Reform Act of 1995, for failure to state a claim as against him.

## PRELIMINARY STATEMENT

Plaintiffs' consolidated opposition to Defendants' separate motions to dismiss makes clear that their attempted claims against Mr. Komissarov are nothing more than a legally-insufficient and defective afterthought. Those claims should now be dismissed with prejudice.

As a threshold matter, Plaintiffs implicitly concede that Mr. Komissarov, a former Trident director, had no knowledge of or responsibility for *any* of Lottery's post-merger disclosures or other allegedly improper conduct that forms the gravamen of Plaintiffs' TAC. Indeed, Plaintiffs cannot dispute that the alleged "sham" revenues that Lottery publicly disclosed *after* the business combination were not a part of Lottery's revenues as disclosed in the Proxy. As to the remaining allegations, Plaintiffs wrongly attempt to hold Mr. Komissarov liable for: (a) statements that Lottery made to Trident (which Lottery represented and warranted to Trident were true and accurate); (b) forward-looking statements made by Lottery as to its projected revenues that Trident expressly disclosed were "not factual," were not made by Trident or any of its officers or directors, nor were to be relied upon; and (c) statements that this Court has already held to be non-actionable.

Because Plaintiffs' TAC fails to allege any actionable misrepresentation or omission by Trident or Mr. Komissarov, and because Mr. Komissarov did not act negligently (by securing Lottery's affirmative representations and warranties as to the truth of the matters contained in the Proxy), the claims against him should be dismissed with prejudice.

## ARGUMENT

Plaintiffs do not dispute that to state a claim under Section 14(a) of the Exchange Act (prohibiting solicitation via a proxy statement "containing any statement which … is false or misleading with respect to any material fact"), Plaintiffs were required to plead, among other things, that Mr. Komissarov made a materially false or misleading statement of the-existing and objective fact in a proxy statement, and did so negligently, recklessly, or intentionally. *See, e.g., In re Columbia Pipeline, Inc.*, 405 F. Supp. 3d 494, 506 (S.D.N.Y. 2019) (*citing Dekalb Cnty. Pension Fund v. Transocean Ltd.,* 36 F. Supp. 3d 279, 283 (S.D.N.Y. 2014)*, aff'd,* 817 F.3d 393 (2d Cir. 2016)).[1]

Nor do Plaintiffs dispute that to state a claim under Section 20(a) of the Exchange Act, Plaintiffs were required to allege "(1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud," (*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007)), and that the alleged controlling person acted recklessly or intentionally. *See, e.g., In re Virtus Inv. Partners, Inc. Sec. Litig.*, 195 F. Supp. 3d 528, 542 (S.D.N.Y. 2016).

Measured by these established standards, Plaintiffs here have failed to adequately allege any actionable claim against Mr. Komissarov.

---

[1] Where, as here, Plaintiffs allege that the statements were fraudulent, the heightened pleading standards of the Private Securities Litigation Reform Act ("PSLRA") apply to Section 14 claims. *See, e.g., DCML LLC v. Danka Bus. Sys. PLC*, No. 08 Civ. 5829, 2008 U.S. Dist. LEXIS 97210, at *4-5, 2008 WL 5069528 (S.D.N.Y. Nov. 26, 2008); *In re JP Morgan Chase Sec. Litig.*, 363 F. Supp. 2d 595, 636 (S.D.N.Y. 2005).

I.    **PLAINTIFFS' SECTION (14) CLAIM SHOULD BE DISMISSED AS AGAINST MR. KOMISSAROV WITH PREJUDICE**

    A.    **Plaintiffs Have Failed to Allege Any Material Misrepresentation by Trident or Mr. Komissarov to Support Any Claim**

        1.    **Trident/Komissarov Made No Material Misrepresentation in the Proxy as to Lottery's Revenues or Projections**

As Plaintiffs' opposition makes clear, the gravamen of their TAC is that Lottery reported over $30 million in alleged "sham" revenues following the business combination.  But Plaintiffs implicitly concede that Mr. Komissarov was not the "maker" of any such post-merger statement concerning Lottery's revenues, had no knowledge of such events or the alleged sham transaction, and is in no way liable therefore.[2]

Further, Plaintiffs do not dispute that the Proxy did not contain any material misstatement as to Lottery's stated revenues therein.  The Proxy only included Lottery's revenues through June 30, 2021 (*see* Piskora Decl. (ECF #168), Ex. 2 (Proxy) at 10, 156, 158, 181-182, F-51 to F-52) – *i.e.*, ending before the alleged "sham" contract and Lottery's reporting of allegedly "fake" revenues beginning on November 15, 2021.  *See id.* Ex. 1 (TAC) at ¶ 135; *see also* Dismissal Order at 40.

Apparently undeterred, Plaintiffs argue (Opp. Br. (ECF #186) at 48-50) that the Proxy and a later press release containing revenue "projections" were purportedly false and misleading statements of then-existing "fact."  This argument fails for a host of independent reasons, and the claims against Mr. Komissarov based thereon must accordingly be dismissed.

---

[2] *See, e.g., Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 138 (2011) ("We conclude that [defendant] cannot be held liable because it did not make the statements in the prospectuses."); *Gavin/Solmonese LLC v. D'Arnaud-Taylor*, 639 F. App'x 664, 669 (2d Cir. 2016) (affirming dismissal of claims, holding that plaintiff failed to establish the necessary control to establish that defendant was the "maker" of a statement).

3

*First* and foremost, Plaintiffs' "revenue projections" claim fails because, as the Court already squarely held, Lottery's revenue projections in the Proxy were forward-looking and "protected by the bespeaks-caution doctrine" because the projections "were accompanied by sufficient cautionary language." *See* Dismissal Order at 35-36 (holding that: "In short, the Proxy addressed the very risk that Plaintiffs allege it failed to disclose: that Lottery 'lacked adequate internal accounting controls, including controls over financial reporting of cash and revenue,' and that the Proxy's statements regarding revenue and cash could therefore be inaccurate.").

*Second*, the securities laws do not require forward-looking clairvoyance, and future revenue projections are a type of attempted fraud by hindsight that "the Second Circuit has found cannot give rise to a securities fraud claim." *Champions League, Inc. v. Woodard*, 224 F. Supp. 3d 317, 324 (S.D.N.Y. 2016) (dismissing securities fraud claims); *see also Bond Opportunity Fund v. Unilab Corp.,* 87 F. App'x 772, 774 (2d Cir. 2004) (affirming dismissal of Section14(a) claims based upon projections); *In re NTL Inc. Sec. Litig.,* 347 F. Supp. 2d 15, 26-27 (S.D.N.Y 2004) (dismissing securities fraud claim based upon revenue projections, holding that the company's failure to meet these projections "is nothing more than an effort to allege fraud by hindsight," and that "[w]e have not yet come to the point that a lack of clairvoyance constitutes fraud").[3]

*Third*, neither Trident nor Mr. Komissarov made *any* representation in the Proxy concerning Lottery's future revenues. *See* Piskora Decl. (ECF #168), Ex. 2 (Proxy Statement) at 88 ("Neither [Trident's] management nor any of its respective representatives has made or makes

---

[3] Although Plaintiffs separately attempt to rely upon an October 21, 2021 press release, that press release (a) did not contain any statement by Mr. Komissarov, nor was it issued by Mr. Komissarov (and the fact that he was listed as a "contact person" does not make Mr. Komissarov the maker thereof); and (b) was similarly "forward-looking," stating only that revenues were "expected" to be reported in the future in the range of $22 to $24 million (and Plaintiffs do not explain how this forward-looking statement included $30 million in alleged "sham" revenues), coupled with risk disclosures (including the risks disclosed in the Proxy).

any representations to any person regarding the ultimate performance of Lottery.com relative to the Projections.").  In the Proxy, Trident only stated that Lottery had provided such information to Trident, and that the Trident board considered the information in recommending that shareholders approve the business combination.  *Id.*  Plaintiffs do not and cannot allege that those statements were false.

*Fourth*, the projections were not a material misrepresentation of then-existing "fact" because Trident disclosed in the Proxy that the projections were not "fact," were subject to a laundry-list of risks, and were not to be relied upon.  *See id.*, Ex. 2 (Proxy Statement) at 88 ("The Projections are not fact.  The Projections are not a guarantee of actual future performance.").  In the face of these Proxy disclosures, Plaintiffs cannot seriously maintain that the "Proxy disclosures [were] manifestly deficient on their face."  *See* Opp. Br. at 49.  To the contrary, Plaintiffs' "revenue projection" theory of misrepresentation must be dismissed as legally insufficient as a matter of law.

*Finally,* and relatedly, neither Trident nor Mr. Komissarov made any misrepresentation in the Proxy as to Lottery's *recognition* of future revenues (*i.e.*, any revenues post-dating June 30, 2021) – pursuant to ASC 606 or otherwise.  Plaintiffs' opposition fails to address – let alone overcome – the fact that (a) any such statement concerning Lottery's accounting was made by Lottery (and not Mr. Komissarov), and designated as such in the Proxy; and (b) Lottery only stated in the Proxy that it was "in the process of assessing the impact of these new [ASC 606] standards on future consolidated financial statements."  *See* Piskora Decl. (ECF #168)*,* Ex. 2 (Proxy) at 163.  In any event, statements concerning the application of accounting standards to future accounting disclosures fails for the lack of contemporaneous falsity and are not actionable.  *See, e.g., Novak v. Kasaks,* 216 F.3d 300, 309 (2d Cir. 2000) ("[A]llegations of GAAP violations or accounting

irregularities, standing alone, are insufficient to state a securities fraud claim."); *In re Ultrafem Inc. Sec. Litig.*, 91 F. Supp. 2d 678, 703 (S.D.N.Y. 2000); *see also In re Lululemon Sec. Litig.*, 14 F. Supp. 3d 553, 571 (S.D.N.Y. 2014) (a "statement believed to be true when made, but later shown to be false, is insufficient."), *aff'd*, 604 F. App'x 62 (2d Cir. 2015).

For each of these reasons, Plaintiffs fail to state any viable claim against Mr. Komissarov based upon Lottery's revenue projections.

### 2.    Trident/Komissarov Made No Material Misrepresentation in the Proxy as to Lottery's "Compliance" With State and Federal Law

Plaintiffs' opposition (Opp. Br. at 48) separately makes clear they have flouted the Court's prior Dismissal Order, and that the TAC merely attempts to re-allege a purported "misrepresentation" based upon Lottery's compliance with law even after the Court squarely held that such statements were non-actionable. This misrepresentation theory must also be rejected.

The Court previously held that "[t]he pre-merger statements regarding regulatory compliance – contained in the … Proxy [and elsewhere] – were non-actionable puffery." *See* Dismissal Order at 31-32 (*citing City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 183, 185 (2d Cir. 2014)). Undeterred by the Court's prior holding, Plaintiffs reallege the claim and assert that the Lottery Defendants – *not* Mr. Komissarov – purportedly knew that Lottery was operating illegally. *See, e.g.,* Piskora Decl. (ECF #168), Ex. 1 (TAC) at ¶ 143 (alleging that: "The Lottery Defendants, as the Company's senior management members, were clearly aware of these hundreds of thousands of repeated legal violations.").

While Plaintiffs now argue that the Lottery Defendants purportedly had "actual knowledge" of legal non-compliance, this claim nonetheless fails because, as the Court already held: "Plaintiffs' claim that these statements were knowingly and verifiably false when made does not cure their generality, which is what prevents them from rising to the level of materiality

6

required to form the basis for assessing a potential investment." *See* Dismissal Order at 31-32 (*quoting UBS AG,* 752 F.3d at 183).

Separately and independently, Plaintiffs' opposition fails to respond to, let alone overcome, Mr. Komissarov's argument that the Proxy – which included the Business Combination Agreement and must be read in its entirety – makes clear that Lottery represented to Trident (and Mr. Komissarov) that Lottery was in material compliance with all applicable laws and regulations. *See* Piskora Decl., Ex. 2 (Proxy Statement) at 74 ("In the Business Combination Agreement, Lottery.com makes certain customary representations and warranties … relating to, among other things: … (xiii) compliance with Laws"); *id.*, Ex. 2 (Business Combination Agreement attached to Proxy Statement) at A-24, A-31, A-33 ("the Company [Lottery] hereby represents and warrants to Trident and the Merger Sub as follows:  […] Section 3.18 <u>Compliance with Laws; Permits</u>. (a) Except [for tax and other matters not relevant here] each Target Company is and, since the Lookback Date has been, in material compliance with all Laws applicable to the conduct of the business of the Target Companies").  Plaintiffs do not (and cannot) argue that Lottery did not make such representations and warranties to Trident and, as such, Plaintiffs' "legal compliance" theory of misrepresentation necessarily fails.

### B.    Plaintiffs Have Failed to Allege *Scienter*

Independently, Plaintiffs' claims against Mr. Komissarov should be dismissed because Plaintiffs have failed to allege the requisite scienter.  As Mr. Komissarov established in his opening brief, Plaintiffs' TAC only made a single, conclusory allegation that he was purportedly "negligent" (*see* Piskora Decl., Ex. 1 (TAC) at ¶ 215), but failed to allege how Mr. Komissarov was negligent (let alone that Mr. Komissarov was in possession of any information to question Lottery's various representations and warranties to Trident).

As an initial matter, a conclusory allegation of "negligence" is insufficient as a matter of law to maintain a Section 14(a) claim against Mr. Komissarov. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *See In re Renewable Energy Grp. Sec. Litig.,* No. 22-335, 2022 U.S. App. LEXIS 29629, at *8, 2022 WL 14206678 (2d Cir. Oct. 25, 2022) ("generalized allegations predicated on what the Defendants must have known '[b]y virtue of their responsibilities and activities as a senior officer,' are precisely the kind of conclusory allegations that fail to satisfy the PSLRA's heightened pleading standard") (internal citation omitted).

In opposition, Plaintiffs attempt to argue (Opp. Br. at 56-57) that the Court can somehow infer that Mr. Komissarov was negligent because he purportedly did not adequately conduct due diligence. This theory of purported "negligence" fails, however, because Trident (and Mr. Komissarov) did not overlook or ignore Lottery's revenues or legal compliance in the due diligence process. To the contrary, these very subjects were specifically addressed in the Business Combination Agreement, which was attached as an exhibit to the Proxy, and it is simply indisputable that Trident and Mr. Komissarov secured Lottery's express representations and warranties that Lottery's financial statements were materially accurate, and that Lottery was operating its business in compliance with applicable law. Thus, Plaintiffs' argument that Mr. Komissarov "looked the other way" is demonstrably false, and their conclusory allegation of "negligence" must be disregarded as conclusory and frivolous.

Because Plaintiffs have failed to plead facts establishing a strong inference that Mr. Komissarov acted negligently in making any alleged misrepresentation or omission, Plaintiffs'

8

Section 14(a) claim should be dismissed. *See In re JPMorgan Chase Sec. Litig.*, 363 F. Supp. 2d 595, 636 (S.D.N.Y. 2005) (dismissing Section 14(a) claim for failure to adequately allege scienter/negligence).

### C.    Plaintiffs' Section 20 Claim Should Similarly Be Dismissed

Plaintiffs' Section 20(a) "control person" liability claim against Mr. Komissarov should be dismissed with prejudice because, as explained *supra*, Trident did not commit a primary violation of Section 14(a). *See ATSI*, 493 F.3d at 108 (affirming dismissal of Section 20 claims, holding that "[plaintiff] fails to allege any primary violation; thus, it cannot establish control person liability").

Independently, Plaintiffs' Section 20(a) claim must be dismissed because allegations of purported negligence are insufficient to maintain such a claim. *See ATSI*, 493 F.3d at 108 (holding that culpable participation is an essential element of a Section 20(a) claim); *In re Renewable Energy Grp. Sec. Litig.*, 2022 U.S. App. LEXIS 29629, at *4-5, 2022 WL 14206678 (holding that recklessness in the securities fraud context is "not merely a heightened form of negligence") (citation omitted); *In re Virtus Inv. Partners, Inc.*, 195 F. Supp. 3d at 542 ("[C]ulpable participation is a scienter requirement for which a plaintiff must allege some level of culpable participation at least approximating recklessness[.]"); *In re Sanofi-Aventis Sec. Litig.*, 774 F. Supp. 2d 549, 572 (S.D.N.Y. 2011) (dismissing Section 20(a) claims, holding that general allegation that the controlling person "had access to material information is inadequate circumstantial evidence that does not indicate involvement in perpetrating the fraud").

Here, Plaintiffs only allege negligence (and only in impermissibly conclusory terms). Accordingly, the Section 20(a) claim must be dismissed.

## CONCLUSION

For each and all of the foregoing reasons, Defendant Vadim Komissarov respectfully requests that the Court enter an Order dismissing Plaintiffs' Third Amended Class Action Complaint, and each cause of action alleged against him therein, with prejudice.


Dated: August 22, 2024


LOEB & LOEB LLP


By: ___/s/ *Jay K. Musoff*_____
    Jay K. Musoff (jmusoff@loeb.com)
    John Piskora (jpiskora@loeb.com)
    Alex Inman (ainman@loeb.com)
    345 Park Avenue
    New York, NY  10154
    212-407-4000

*Attorneys for Defendant Vadim Komissarov*

10

**Certificate of Compliance with the Hon. Jennifer L. Rochon's Individual Rules 3(C)**

I hereby certify that the number of words in the foregoing Reply Memorandum of Law in Support of Defendant Vadim Komissarov's Motion to Dismiss Plaintiffs' Third Amended Complaint, according to the word count on the word processing program utilized, inclusive of point headings and footnotes, and exclusive of the caption, table of contents, table of authorities, signature block and this certificate of compliance, is 2,796.

Dated: New York, New York
         August 22, 2024

                                        /s/ Jay K. Musoff
                                        JAY K. MUSOFF