

Casey E. Sadler
Direct Dial: (310) 201-9167
csadler@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, California 90067
T: (310) 201-9150

December 11, 2024

**VIA ECF**
Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Defendants are directed to submit letters not to exceed three pages explaining their positions on Lead Plaintiffs' request, by **December 16, 2024**.

Date:    December 12, 2024
New York, New York

**SO ORDERED.**

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**

Re:    *In re: Lottery.com, Inc. Sec. Lit.*, 1:22-cv-07111-JLR (S.D.N.Y.)

Dear Judge Rochon:

We represent Court-appointed Lead Plaintiffs RTD Bros LLC, Todd Benn, Tom Benn, and Tomasz Rzedzian ("Lead Plaintiffs") in connection with the above-referenced action. We write to lift the discovery stay under the Private Securities Litigation Reform Act of 1995 (the "PSLRA")[1] and to obtain documents that were produced to plaintiffs in a shareholder derivative action seeking remedies for breach of fiduciary duty claims in Delaware Chancery Court. *In re Lottery.com, Inc. S'Holders Litig.*, C.A. No. 2023-0395-MTZ (Del. Ch.) (the "Delaware Action").[2] On November 15, 2024, a stipulation and agreement of settlement was filed in the Delaware Action (the "Settlement Agreement"). The Settlement Agreement resolved claims against certain of the defendants in that action (the "Appearing Trident Defendants"), which includes Vadim Komissarov, but did not resolve the entire matter. Komissarov is one of the defendants here.

In the Delaware Action, the Appearing Trident Defendants agreed to settle their claims for $2.6 million. This settlement only came to be after the plaintiffs had received documents pursuant to a books and records demand under 8 *Del. C.* §220 (the "220 Documents") and in response to a subpoena dated October 8, 2024 served on Lottery.com (the "Subpoena Documents"). Additionally, according to the Settlement Agreement, the Appearing Trident Defendants produced 14,583 pages of documents in response to targeted requests from the plaintiffs in that action in advance of the mediation (the "Pre-Mediation Documents"), which enabled the plaintiffs to assess the strengths and weaknesses of the Appearing Trident Defendants' claims. Moreover, as part of the settlement in the Delaware Action, the Appearing Trident Defendants agreed produce to plaintiffs in that action all non-privileged documents that any of the Appearing Trident Defendants

---

[1] *See generally* 15 U.S.C. § 78u-4(b)(3)(B) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.").

[2] Counsel for Lead Plaintiffs attempted to confer with counsel for Defendants prior to filing this letter motion. Defendant Lottery.com indicated that it opposed the relief sought and that it was unsure if any documents were produced pursuant to the October 8 subpoena discussed herein. Counsel for the remaining Defendants did not provide their clients' positions.

Hon. Jennifer L. Rochon
December 11, 2024
Page 2

had produced or provided to any regulatory authority in connection with any investigation concerning AutoLotto[3] (the "Regulatory Documents").

Without partially lifting the discovery stay, Lead Plaintiffs will be unduly prejudiced. Defendants have limited resources. Thus, Lead Plaintiffs need to ensure that the settlement of the Delaware Action, which settles claims against one of the defendants here, does not exhaust the resources available for Lead Plaintiffs and the putative class. As such, Lead Plaintiffs seek an order partially lifting the discovery stay imposed by PSLRA for the limited purpose of allowing Lead Plaintiffs to obtain the 220 Documents, the Subpoena Documents, the Pre-Mediation Documents and the Regulatory Documents.

## The PSLRA authorizes the lifting of the automatic stay of discovery.

Under the PSLRA, discovery in a securities class action is stayed while a motion to dismiss is pending. *See* 15 U.S.C. § 78u–4(b)(3)(B). However, the statute explicitly provides for the stay to be lifted upon a showing that "***particularized discovery*** is necessary to preserve evidence or to ***prevent undue prejudice*** to that party." 15 U.S.C. § 78u–4(b)(3)(B) (emphasis added); *see e.g., Westchester Putnam Heavy & Highway Laborers Loc. 60 Benefit Funds v. Sadia S.A.*, No. 8 Civ. 9528, 2009 WL 1285845, at *1 (S.D.N.Y. May 8, 2009) (partially lifting PSLRA stay); *Waldman v. Wachovia Corp.*, No. 08 Civ. 2913, 2009 WL 86763, at *1 (S.D.N.Y. Jan. 12, 2009) (same).

## The discovery sought is particularized.

A discovery request is sufficiently "particularized" for purposes of lifting the PSLRA discovery stay when "it is directed at specific persons and identifies specific types of evidence that fall within its scope." *Mori v. Saito*, 802 F. Supp. 2d 520, 523–24 (S.D.N.Y. 2011) (internal quotations omitted); *see Fisher v. Kanas*, No. 06 Civ. 1187, 2006 WL 2239038, at *2 (E.D.N.Y. Aug. 4, 2006). Indeed, the stay is only lifted where a "clearly defined universe of documents" is sought. *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002). Here, Lead Plaintiffs seek a clearly defined, easily identifiable set of materials, specifically the 220 Documents, Subpoena Documents, Pre-Mediation Documents and the Regulatory Documents. *See Waldman*, 2009 WL 86763, at *1 (finding request sufficiently particularized where it was limited to an easily identifiable set of documents).

## Allowing Lead Plaintiffs access to the particularized documents will avoid undue prejudice.

The PSLRA permits a court to lift the discovery stay where doing so will prevent prejudice to the moving party. *See* 15 U.S.C. § 78u–4(b)(3)(B). Undue prejudice exists where failure to partially lift the stay would result in "improper or unfair treatment amounting to something less than irreparable harm." *In re Vivendi Universal, S.A., Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) (internal quotations omitted). "In this district, undue prejudice has been found in situations where plaintiffs are prejudiced by [their] inability to make informed decisions about [their] litigation strategy in a rapidly shifting landscape." *In re Labranche Sec. Litig.*, 333 F. Supp. 2d 178, 182-83 (S.D.N.Y. 2004)

Here, Lead Plaintiffs and the class will suffer undue prejudice if the discovery stay is not lifted because Defendants have approached the Lead Plaintiffs about settlement (*see, e.g.* Dkt. No. 138) and for any future discussion to be productive Lead Plaintiffs would need to have the same

---

[3] AutoLotto is the predecessor entity of Lottery.com.

Hon. Jennifer L. Rochon
December 11, 2024
Page 3

information as the Delaware Action plaintiffs. Additionally, the funds used to settle the Delaware Action would limit or exhaust the pool of funds available here. As such, the Lead Plaintiffs should be afforded the same information that the plaintiffs in the Delaware Action had in assessing that settlement. *See In re WorldCom*, 234 F. Supp. 2d at 306 (finding undue prejudice where plaintiff "faces the very real risk that it will be left to pursue its action against defendants who no longer have anything or at least as much to offer"); *see also Waldman*, 2009 WL 86763, at *2 (finding undue prejudice where "plaintiffs must determine whether to continue with this case despite the settlement reached between defendants and the SEC, which will afford some compensation to the plaintiff class"); *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d at 181-84 (finding undue prejudice because "the SEC and NYSE announced the initiation and settlement of enforcement actions against" the defendant and where "[t]he requested discovery is essential to determine [lead plaintiffs'] strategy and to assist in formulating an appropriate settlement demand"); *In re Delphi Corp. Sec., Derivative, & "ERISA" Litig.,* MDL No. 1725, 2007 WL 518626, at *7 (E.D. Mich. Feb. 15, 2007) (finding undue prejudice where "settlements have already occurred in the SEC case and settlement discussions are ongoing in the bankruptcy action").

**<u>Partially lifting the stay poses no undue burden upon Defendants.</u>**

When deciding whether to lift the stay, courts often consider whether the requested discovery "places an undue burden on the party from which it is requested." *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d at 183 (quoting *In re Worldcom*, 234 F. Supp. 2d at 306). The court then weighs the burden to defendants against the potential prejudice to plaintiffs, focusing on the costs in making the production and plaintiffs' need to review the documents. *See In re Bank of America Corp. Sec., Derivative, and Emp. Ret. Income Sec. Act (ERISA) Litig.*, No. 09 MDL 2058, 2009 WL 4796169, at *2 (S.D.N.Y. Dec. 14, 2009); *Waldman*, 2009 WL 86763, at *1; *Westchester Putnam Heavy & Highway Laborers Local 60 Benefit Funds*, 2009 WL 1285845, at *1.

The burden on the defendants "is slight when a defendant 'has already found, reviewed and organized the documents.'" *Waldman*, 2009 WL 86763, at *2 (quoting *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d at 183). That is precisely the situation here. These documents will have already been found, reviewed, and organized. There is therefore virtually no burden – much less an undue burden – on Defendants to produce to Lead Plaintiffs an identical copy of the materials produced to Delaware Action plaintiffs. *See id.*; *see also In re Bank of America*, 2009 WL 4796169, at *3 (the defendants "have already collected, reviewed, and organized the documents for production in other proceedings, and the burden of making another copy for plaintiffs here will be slight.").

\*      \*      \*

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court lift the PSLRA discovery stay for the limited purpose of permitting Lead Plaintiffs to obtain the 220 Documents, the Subpoena Documents, the Pre-Mediation Documents and the Regulatory Documents.

We appreciate the Court's continued attention to this matter.

Hon. Jennifer L. Rochon
December 11, 2024
Page 4

Respectfully Submitted,


_s/ Casey E. Sadler_
Casey E. Sadler


cc:     All Counsel of Record (via ECF)