

**JAY K. MUSOFF**
Partner

345 Park Avenue
New York, NY 10154

**Direct**  212.407.4212
**Main**  212.407.4000
**Fax**  212.407.4990
jmusoff@loeb.com

December 16, 2024

The Honorable Jennifer L. Rochon
United States District Judge
United States District Court for the
    Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York NY 10007

Re:    *In re: Lottery.com, Inc. Sec. Lit.*, 1:22-cv-07111-JLR (S.D.N.Y.):
        **Defendant Komissarov's Opposition to Letter Request to Lift PSLRA Stay**

Dear Judge Rochon:

We represent Defendant Vadim Komissarov in the above-captioned action.  We write pursuant to the Court's Order (ECF No. 196) and in response to Plaintiffs' letter (ECF No. 195) seeking an Order lifting the stay of discovery under the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  Because Plaintiffs' request is procedurally defective, and Plaintiffs will not be "prejudiced" by not receiving certain productions made in connection with a separate action in Delaware Chancery Court until a claim is sustained by this Court, Plaintiffs' request to lift the PSLRA stay should be denied in the entirety.

## I. Background

This securities action was filed following a business combination between Trident Acquisitions Corp. ("Trident") and AutoLotto, Inc. (n/k/a Lottery.com, Inc., or "Lottery").  Mr. Komissarov was a former director of Trident.  Each of the Defendants moved to dismiss Plaintiffs' amended claims for legal insufficiency, and the Court dismissed the action in the entirety by Order entered February 6, 2024 (ECF No. 131).  Plaintiffs thereafter filed a further amended pleading (ECF No. 153), and each of the Defendants again moved to dismiss.  Those motions are *sub judice*.

Separately, former stockholders of Trident filed claims before the Court of Chancery of the State of Delaware against certain Trident directors and officers (including Mr. Komissarov); certain officers of Lottery; and certain underwriters and financial advisors, captioned *In re Lottery.com, Inc. S'Holders Litig.,* C.A. No. 2023-0395-MTZ (Del. Ch.) (the "Delaware Action").  On November 15, 2024, a stipulation and agreement of settlement was filed in the Delaware Action that, if and when approved by that Court, would resolve claims against the Trident directors and officers, including Mr. Komissarov.

On December 11, 2024, Plaintiffs filed a letter with the Court requesting that the automatic PSLRA stay be lifted so that Plaintiffs could obtain discovery notwithstanding that dismissal motions are pending.  Plaintiffs seek four broad categories of documents connected to the Delaware Action: documents produced pursuant to a books and records demand (the "220 Documents"); documents produced pursuant to a subpoena to Lottery (the "Subpoena Documents"); documents

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.



produced in connection with mediation of the Delaware Action ("Pre-Mediation Documents"); and documents produced to regulatory authorities ("Regulatory Documents").  Plaintiffs claim that they would somehow be "prejudiced" because they need to ensure that the potential partial settlement of the Delaware Action "does not exhaust the resources available for Lead Plaintiffs and the putative class."  *See* Dkt. No. 195 at 2-3.

Given that: (1) by this "settlement" ruse, Plaintiffs are seeking the production of tens of thousands of pages of materials, wholly irrelevant to Defendants' "resources" – not to mention, also in large part irrelevant to Plaintiffs' claims – as part of a fishing expedition to find some basis to allege a sustainable claim; (2) there are no settlement discussions pending as between Plaintiffs and Mr. Komissarov (but, if there were, Mr. Komissarov would gladly provide Plaintiffs with relevant insurance policies and details of the remaining coverage amount); and (3) to the extent Plaintiffs seek information about Mr. Komissarov's insurance coverage, such insurer-related material is usually produced *after* the Court sustains a claim as part of party's Rule 26 initial disclosures, the request to lift the PSLRA stay should be denied in the entirety.

## II.    Plaintiffs' Letter Motion is Procedurally Defective

Rule 2.E of the Court's Rules required Plaintiffs' counsel to confer with the undersigned counsel by telephone or in person (and not by email) as to any discovery issue.  Plaintiffs did not comply with that requirement here.  Instead, Plaintiffs sent an initial email requesting that Lottery – not Mr. Komissarov – voluntarily produce certain documents and, when Lottery apparently refused to do so, Plaintiffs sent a follow-up email stating (without any conferral) that Plaintiffs would also "move" for the production of materials related to the separate Delaware Action involving Mr. Komissarov.  Such email "conferral" is insufficient and alone warrants the denial of Plaintiffs' application.  *See* Rule 2.E.  Separately, Plaintiffs' relief was to request a conference with the Court (not to file a "letter motion").  *See* Rule 3.A.

## III.    Plaintiffs Have Failed to Meet their Burden to Lift the Stay under the PSLRA

Aside from the forgoing procedural defects, Plaintiffs have failed to meet their heavy burden to lift the automatic stay under the PSLRA.  Lifting of the stay during the pendency of motions to dismiss and before any claim has been sustained is only statutorily permissible upon a showing that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u–4(b)(3)(B).

Plaintiffs do not claim, nor could they, that there is a need to preserve evidence.  Instead, Plaintiffs' attempt to argue that they will suffer undue prejudice if the stay is not lifted because "Defendants have limited resources" and Plaintiffs need to ensure that settlement "resources" remain available.  Such a claimed "prejudice" is insufficient, exists in almost all cases (where insurance coverage is available), and should be rejected because it would threaten to vitiate the PSLRA's statutory mandate.  *See In re Refco, Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 55639, at *8-9 (S.D.N.Y. Aug. 8, 2006) ("If the stay of discovery mandated by the PSLRA were lifted every time a third party, not subject to the stay, was engaged in settlement discussions with the defendant, then the 'undue prejudice' provision would essentially eviscerate the stay requirement. That is not what Congress intended.").  As the *Refco* Court further noted, plaintiffs seeking insurance information are not "prejudiced" by normal litigation delays and the requirement that such materials be produced *after*



a claim is sustained and during the normal discovery process.  *See id.* ("'Undue prejudice' does not arise from a delay in the gathering of evidence or the development of settlement or litigation postures [;] . . . because 'delay is an inherent part of every stay of discovery required by the PSLRA.'").

As it concerns Mr. Komissarov, Plaintiffs have failed to identify any *actual* prejudice that they will purportedly suffer.  There are no settlement discussions pending between Plaintiffs and Mr. Komissarov (especially given that Plaintiff reported to the Court that the parties' efforts towards a global mediation of the dispute failed).  *See* Dkt. No. 147 (May 22, 2024 letter to the Court from Plaintiffs' counsel advising that the parties did not participate in mediation).  Thus, any "prejudice" that Plaintiffs now attempt to assert is not actual, but only speculative and hypothetical.

Nor are Plaintiffs' requests – for Lottery's document production in a separate Delaware 220 action, Lottery's response to a subpoena requesting shareholder information, or the Trident Defendants' productions in the Delaware action – particularized or targeted to obtain information regarding remaining insurance coverage.  Plaintiffs' requests for all the documents produced in anticipation of mediation in the Delaware Action is not only overbroad, but ignores that no mediation is pending or even contemplated in respect to this action.

In any event, information as to Mr. Komissarov's remaining coverage will not be found in the requested materials.  As it concerns the other Defendants (Lottery and its former officers), the settlement in Delaware is wholly irrelevant to their remaining settlement "resources" because that settlement did not include the other Defendants and was funded solely by Trident's insurers.  Thus, the settlement of the Delaware Action (which remains contingent) does not raise a question as to whether resources will be extinguished, thus rendering the cases Plaintiffs rely upon inapposite.  For these separate reasons, Plaintiffs request should be denied.

Ultimately, Plaintiffs' request should be seen for what it is – an overbroad fishing expedition that Plaintiffs seek to unnecessarily impose upon Defendants as part of an attempt to resurrect Plaintiffs' dismissed claims.  That is exactly what a PSLRA stay prohibits.  Of course, and as stated above, in the event that Plaintiffs engage Mr. Komissarov in settlement discussions (in mediation or otherwise), Mr. Komissarov will make a confidential settlement disclosure to the Plaintiffs concerning remaining insurance coverage.  Given that, Plaintiffs cannot legitimately claim prejudice.

Accordingly, for each of the foregoing reasons and, to the extent applicable, the reasons set forth in co-Defendants' letters submitted in response to Plaintiffs' December 11 letter, Mr. Komissarov respectfully requests that the Court deny in the entirety Plaintiff's request to lift the PSLRA discovery stay.

Respectfully Submitted,

/s/  *Jay K. Musoff*

Jay K. Musoff

cc:      All Counsel of Record (via ECF)