

**mwe.com**

Franklin Monsour Jr.
Attorney at Law
fmonsour@mwe.com
+1 212 547 5554

December 16, 2024

**VIA ECF**

Hon. Jennifer Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     In re: Lottery.com, Inc. Sec. Lit., 1:22-CV-07111-JLR (SDNY)
        **Opposition to Plaintiffs' Motion to Lift Stay of Discovery**

Dear Judge Rochon:

We represent defendants Matthew Clemenson and Ryan Dickinson in this matter and are joined by counsel for defendant Anthony DiMatteo.  We write in opposition to Plaintiffs' motion (ECF No. 195, the "Motion") to lift the automatic stay of discovery under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") to permit discovery of documents produced in the Delaware Action.[1] Motion at 1-2. The Court should deny the Motion because Plaintiffs have not demonstrated that any exceptional circumstances exist to justify lifting the stay.

**<u>The Stay of Discovery Can Only Be Lifted in Exceptional Circumstances That Do Not Exist Here</u>**

Courts may only lift the PSLRA discovery stay where a party shows that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3). Because Plaintiffs do not raise any evidence preservation arguments, the key "question before the Court is whether Plaintiffs will suffer undue prejudice if discovery is stayed until the outcome of … Defendants' motions to dismiss." *380544 Canada, Inc. v. Aspen Tech., Inc.*, No. 07 CIV. 1204(JFK), 2007 WL 2049738, at *1 (S.D.N.Y. July 18, 2007).[2]

Plaintiffs contend that they are unduly prejudiced by the stay because (1) they would be disadvantaged in potential settlement discussions without the information; and (2) the "funds used to settle the Delaware Action would limit or exhaust the pool of funds available here." Motion at 2-3.  Essentially, Plaintiffs seek discovery to determine the strengths and weakness of their complaint and settlement strategy, which

---

[1] Capitalized terms are as defined in the Motion. The Motion seeks discovery of four categories of documents: the 220 Documents, the Subpoena Documents, the Pre-Mediation Documents, and the Regulatory Documents. Motion at 1-2.

[2] All internal quotation marks and citations are omitted unless otherwise stated.



**One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444**

*US practice conducted through McDermott Will & Emery LLP.*

Hon. Jennifer L. Rochon
December 16, 2024
Page 2

Courts in this District have found to be an improper reason to lift the stay. *See, e.g., Mangrove Partners Master Fund, LP v. 683 Cap. Partners, LP*, No. 20-CV-2290 (LJL), 2020 WL 7335313, at *4 (S.D.N.Y. Dec. 14, 2020) ("[Plaintiff] cannot obtain documents that it believes to be necessary to the prosecution of its case.").

The Motion does not present any "exceptional circumstances" that warrant lifting the stay. Courts in this district "have stated that exceptional circumstances must exist in order to justify lifting the stay" to prevent undue prejudice on a plaintiff. *See, e.g., Jiang v. Chirico*, No. 23 CIV. 1258 (PGG), 2024 WL 3104817, at *5 (S.D.N.Y. June 24, 2024).

"[T]he mere fact that settlement discussions involving the same defendants are taking place does not create the undue prejudice necessary to lift the stay." *Jiang*, 2024 WL 3104817, at *7 (refusing to lift stay even where settlement in parallel action could exhaust defendants' resources). If the automatic stay "were lifted every time a third party . . . was engaged in settlement discussions with the defendant, then the undue prejudice provision would essentially eviscerate the stay requirement." *Id.*; *see also Gruber v. Gilbertson*, No. 16CV9727, 2017 WL 3891701, at *2 (S.D.N.Y. Sept. 5, 2017) ("Plaintiffs' inability to gather evidence for settlement negotiations or to plan a litigation strategy at the present moment, without more, is not evidence of undue prejudice. . . . because delay is an inherent part of every stay of discovery required by the PSLRA."). Equally, the fact that non-PSLRA parties may not be subject to a discovery stay "is not evidence of undue prejudice, but rather is evidence of Congress's judgment that PSLRA actions should be treated differently than other actions . . . [and courts] may not second-guess that judgment." *Aspen Tech., Inc.*, 2007 WL 2049738, at *4.

Plaintiffs fail to articulate why they would suffer undue prejudice if they obtained the discovery after the Court rules on the pending motions to dismiss. Their failure to do so warrants denial of the Motion. *Gruber*, 2017 WL 3891701, at *2. Plaintiffs' contention that the documents are needed "for any future discussion to be productive" (Motion at 2-3) ignores that there might not be future settlement discussions. Such "mere speculation about highly contingent possibilities of future prejudice does not demonstrate that lifting the PSLRA discovery stay is necessary to prevent undue prejudice." *Jiang*, 2024 WL 3104817, at *8. Plaintiffs' reliance on *In re LaBranche Sec. Litig.* for the proposition that the stay unduly prejudices their ability "to make informed decisions about their litigation strategy" is misplaced. *See* Motion at 2, quoting *In re LaBranche*, 333 F. Supp. 2d 178, 182 (S.D.N.Y. 2004). *LaBranche* quoted *In re WorldCom, Inc.*, where the court lifted the stay based on the "unique circumstance" that the court had ordered the PSLRA plaintiff and plaintiffs in a related ERISA litigation to participate in coordinated settlement discussions with the insolvent defendant. *See* 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002). Absent such unique circumstances, Plaintiffs' Motion should be denied. *Aspen Tech., Inc.*, 2007 WL 2049738, at *3.

Without any legitimate basis for undue prejudice, Plaintiffs' sole purpose for lifting the stay can only be viewed as an effort to circumvent the PSLRA and uncover facts to support their complaint; however, these are insufficient grounds for lifting the stay because the PSLRA complaint "must stand or fall based on the allegations contained therein" and not on "information produced by defendants after the action has been filed." *Faulkner v. Verizon Commc'ns, Inc.*, 156 F. Supp. 2d 384, 403 (S.D.N.Y. 2001).



Hon. Jennifer L. Rochon
December 16, 2024
Page 3

## No Particularized Showing

A request to lift the stay is insufficiently particularized if it is overbroad or unrelated to the undue prejudice the movant will suffer. *See, e.g., Mori v. Saito*, 802 F. Supp. 2d 520, 524-25 (S.D.N.Y. 2011) (denying motion to lift stay because request for defendants' bank accounts was overbroad in time and scope and "[did] not explain what information … [the requests] can be expected to generate."). Here, for example, Plaintiffs do not explain how the documents at issue would "ensure that the settlement of the Delaware Action . . . does not exhaust the resources available" for potential settlement here. Motion at 2. Nor do they explain how a settlement in the Delaware Action involving only one defendant in this case, Vadim Komissarov, will affect such resources enough to warrant the extraordinary relief sought here.

Further, Plaintiffs' request for all the documents produced in the Delaware Action is the kind of blanket request for all documents produced in a parallel litigation that courts routinely reject. *See, e.g., Faulkner*, 156 F. Supp. 2d at 403 (request for "all documents" produced in parallel litigation amounting to "more than 45,000 pages" failed to meet particularized discovery threshold). Here, Plaintiffs seek what we understand to be tens of thousands of pages of documents that may have no relevance to the claims at issue in this action. The "Regulatory Documents," for example, concern "*any* investigation concerning AutoLotto" at any point in time and are, thus, overbroad. Motion at 2; *see also Aspen Tech., Inc.*, 2007 WL 2049738 at *2 (refusing to lift automatic stay even where request was limited to documents produced to government regulators). Plaintiffs' request for Pre-Mediation Documents also does not account for the fact that these documents were produced subject to a confidentiality order, as is typical for documents produced in advance of mediation. Such documents "cannot be disclosed unconditionally." *Faulkner*, 156 F. Supp. 2d at 404 (refusing to lift stay on documents produced in parallel action that were subject to a confidentiality order). Furthermore, none of these documents relate to the stated purpose of "ensur[ing]" that the settlement of the Delaware Action, which settles claims against one of the defendants here, does not exhaust the resources available for" Plaintiffs. Motion at 2.

## Undue Burden

While we cannot speak to the burden on defendants in producing these documents, other than the considerable breadth of the request, the Court need not reach this question. "The proper inquiry under the PSLRA is whether the plaintiff would be unduly prejudiced by the stay, not whether the defendant would be burdened by lifting the stay." *Faulkner*, 156 F. Supp. 2d at 404. Thus, the Motion fails without a showing of undue prejudice, irrespective of the degree of the burden imposed on defendants by Plaintiffs' request. *Mori*, 802 F. Supp. 2d at 527 ("[T]he absence of burden on the defendant should not be considered.").

***

For the foregoing reasons, and those set forth in the submissions by co-defendants (ECF Nos. 197 and 198), Clemenson, Dickinson, and DiMatteo respectfully request that the Court deny Plaintiffs' Motion.



Hon. Jennifer L. Rochon
December 16, 2024
Page 4

Respectfully Submitted,

*/s/ Franklin Monsour Jr.*
Franklin Monsour Jr.
Kenton Atta-Krah
Christopher J. Whalen
One Vanderbilt Avenue,
New York, NY 10017
Tel: (212) 547-5400
fmonsour@mwe.com
katta-krah@mwe.com
chwhalen@mwe.com

*Counsel for Defendants*
*Matthew Clemenson and Ryan Dickinson*

*/s/ Tara N. Tighe*
Tara N. Tighe (pro hac vice)
Danny C. Onorato (pro hac vice)
Schertler Onorato Mead & Sears LLP
555 13th Street, N.W. | Suite 500 West
Washington, DC 20004
ttighe@schertlerlaw.com
donorato@schertlerlaw.com
Phone: (202) 628-4199
Fax: (202) 628-4177

*Counsel for Defendant Anthony DiMatteo*

cc:      All Counsel of Record via ECF

