

Casey E. Sadler
csadler@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
T: 310.201.9150

December 18, 2024

**VIA ECF**
Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *In re: Lottery.com, Inc. Sec. Lit..*, 1:22-cv-07111-JLR (S.D.N.Y.)

Dear Judge Rochon:

We represent Lead Plaintiffs in the above-referenced matter.  We respectfully submit that the Court should grant the letter-motion to lift the statutory stay of discovery imposed by the Private Securities Litigation Reform Act of 1995 for the reasons set forth in the letter motion dated December 11, 2024 (ECF No. 195).  Defendants' responses (ECF Nos. 197-99) do not compel denial of the relief sought.

Lead Plaintiffs feel compelled to clarify a material inaccuracy contained in one of those responses.  Specifically, Defendant Komissarov argues that the letter-motion should be denied because it is procedurally defective in that Lead Plaintiffs did not hold an in-person or telephonic conference pursuant to Rule 2.E of the Court's Rules and this "alone warrants the denial of Plaintiffs' application."  ECF No. 198 at 2.[1]  But Rule 2.E applies to "Discovery Disputes" and Lead Plaintiffs' motion seeking to lift a statutory stay precluding discovery is not a "discovery dispute" as that term is defined.  As Rule 2.E explains, "[t]he parties must follow SDNY Local Civil Rule 37.2 with the following modifications," and Local Civil Rule 37.2 Discovery Disputes explains that:

> Unless the individual practices of the judge presiding over discovery require a different procedure, ***no motion under Fed. R. Civ. P. 26 through 37 inclusive and Fed. R. Civ. P. 45 will be heard unless counsel for the moving party has first requested an informal conference with the court by letter-motion for a pre-motion discovery conference*** and that request has either been denied or the discovery dispute has not been resolved as a consequence of the conference. (emphasis added).

---

[1] Defendants Matthew Clemenson, Ryan Dickinson, Anthony DiMatteo incorporate by reference the submissions of co-defendants, including of Defendant Komissarov. ECF No. 199 at 3.

Hon. Jennifer L. Rochon
December 18, 2024
Page 2

The instant letter-motion is not a motion brought under Fed. R. Civ. P. 26 through 37 inclusive or Fed. R. Civ. P. 45. Simply put, this action is not in discovery—Lead Plaintiff seeks to lift the mandatory discovery stay, which is permitted under circumstances such as this—so the letter-motion is not a discovery dispute. Thus, Rule 3.A applies. ("Pre-motion conferences are not required, except for motion concerning discovery, which are governed by Section 2.E above").

Lead Plaintiffs respectfully note that the Court Rule governing "Discovery Disputes" cites a good faith conferral obligation in an effort to resolve the dispute. Here, Lead Plaintiffs reached out to all Defendants' counsel for their position on the letter motion on November 27, 2024 and again on December 9, 2024. Counsel for Defendant Komissarov and counsel for the other individual defendants[2] simply *did not* respond to Lead Plaintiffs' communications. Accordingly, we respectfully submit that repeated failures to respond to a request should not give rise to a purported procedural deficiency in Lead Plaintiffs' request.[3]

Respectfully submitted,

 */s/ Casey E. Sadler*
Casey E. Sadler

cc:    All Counsel of Record (via ECF)

---

[2] Counsel for Lottery.com responded to Lead Plaintiffs' conferral email and, after speaking with counsel for Lead Plaintiffs, set out his client's position as to all of Lead Plaintiffs' requests.

[3] Even if Lead Plaintiffs' meet and conferral was deficient (it was not), there is certainly no prejudice to any Defendant as they were on notice of Lead Plaintiffs' motion prior to its filing and they filed timely responses.