UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE LOTTERY.COM, INC. SECURITIES LITIGATION

Case No. 1:22-cv-07111 (JLR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

This consolidated case involves two federal securities-fraud lawsuits brought against nine defendants. Motions to dismiss the latest amended complaints are presently pending, *see* Dkts. 160, 163, 166, 169, 172, 176, 180; and discovery was automatically stayed pursuant to the Private Securities Litigation Reform Act ("PSLRA") of 1995, *see* 15 U.S.C. § 78u-4(b)(3)(B).

On December 11, 2024, Plaintiffs RTD Bros LLC, Todd Benn, Tom Benn, and Tomasz Rzedzian (collectively, "Lead Plaintiffs") moved this Court to lift the stay of discovery. Dkt. 195 ("Mot."). Lead Plaintiffs seek to obtain four categories of documents produced in relation to a separate shareholder derivative action in the Delaware Chancery Court, *In re Lottery.com, Inc. S'Holders Litig.*, C.A. No. 2023-0395-MTZ (Del. Ch. filed Apr. 3, 2023) (the "Delaware Action"): (1) documents produced by certain defendants in the Delaware Action (the "Trident Defendants") under title 8, section 220 of the Delaware Code, Del. Code. Ann. tit. 8, § 220; (2) documents produced in response to an October 8, 2024 subpoena allegedly served on Defendant Lottery.com ("Lottery"); (3) documents produced by the Trident Defendants in advance of mediation in the Delaware Action; and (4) all nonprivileged documents that any of the Trident Defendants had produced or provided to any regulatory authority in connection with any investigation concerning AutoLotto, the predecessor entity of Lottery. Mot. at 1-2, 2 n.3. On December 12, 2024, the Court directed

Defendants to submit letters addressing the request by December 16, 2024. Dkt. 196. Defendants Lottery, Vadim Komissarov, Matthew Clemenson, Ryan Dickinson, and Anthony DiMatteo (collectively, "Defendants") filed letters opposing the request to lift the stay. *See* Dkt. 197 ("Lottery Opp."); Dkt. 198 ("Komissarov Opp."); Dkt. 199.[1] Lead Plaintiffs filed a reply on December 18, 2024. Dkt. 201.

For the reasons below, the Court denies Lead Plaintiffs' motion.

## LEGAL STANDARD

Under 15 U.S.C. § 78u-4(b)(3)(B), in any private action arising under the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." This statutory command "creat[es] a strong presumption that *no* discovery should take place until a court has affirmatively decided that a complaint *does* state a claim under the securities laws, by denying a motion to dismiss." *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004).

## DISCUSSION

Lead Plaintiffs' request to lift the stay of discovery is premised on their argument that the discovery is sufficiently particularized and that they will "suffer undue prejudice if the discovery stay is not lifted." Mot. at 2. The Court disagrees on both fronts.

### I. Particularization of Discovery Sought

Lead Plaintiffs contend that their document requests are sufficiently particularized because they seek a "clearly defined, easily identifiable set of materials." Mot. at 2.

---

[1] The remaining four defendants, Marat Rosenberg, Thomas Gallagher, Gennadii Butkevych, and Ilya Ponomarev have not been served and have not appeared in this action.

Defendants disagree, and argue that Lead Plaintiffs' requests are overbroad, have no relation to the claims at issue in this action, and insufficiently identify the types of evidence sought. *See* Lottery Opp. at 1-2; Komissarov Opp. at 3; Dkt. 199 at 3.  The Court agrees that the requested discovery is overbroad and that Lead Plaintiffs have not limited their requests to issues relevant to the claims before the Court.

"A request is considered 'particularized' for purposes of the PSLRA when 'it is directed at specific persons' and 'identifies specific types of evidence that fall within its scope.'" *Mori v. Saito*, 802 F. Supp. 2d 520, 523 (S.D.N.Y. 2011) (some internal quotation marks omitted) (quoting *Fisher v. Kanas*, No. 06-cv-01187 (ADS) (ETB), 2006 WL 2239038, at *2 (E.D.N.Y. Aug. 4, 2006)).  Lead Plaintiffs seek not only 14,583 pages of documents produced in advance of mediation in the Delaware Action, which were presumably produced pursuant to confidentiality parameters, but also an undefined quantity of documents (1) that the Trident Defendants "had produced or provided to *any* regulatory authority in connection with *any* investigation concerning AutoLotto," (2) that were produced — possibly by Trident Defendants, though the motion does not specify who produced the documents — pursuant to Section 220, and (3) documents purportedly produced by Lottery in connection with a subpoena dated October 8, 2024 that Lottery asserts was not served upon it.  Mot. at 1-2 (emphasis added); *see* Lottery Opp. at 1.  This broad swath of documents — which Defendants understand to encompass "tens of thousands of pages of documents," *see* Dkt. 199 at 3; Komissarov Opp. at 3 — are expansive and insufficiently particularized.  *See Mori*, 802 F. Supp. 2d at 524-25 (denying request to lift PSLRA stay of discovery where request for bank records did not specify particular documents or years); *Faulkner v. Verizon Commc'ns*, 156 F. Supp. 2d 384, 404 (S.D.N.Y. 2001) (finding discovery not sufficiently particularized and denying request for documents, testimony, and transcripts where request "amount[ed] to

3

more than 45,000 pages of documents"); *Mishkin v. Ageloff*, 220 B.R. 784, 793 (S.D.N.Y. 1998) (denying request where plaintiff requested "documents and testimony" from defendants, former customers, and third parties, but did not identify particular documents or names of customers whose documents or testimony was sought).

Lead Plaintiffs also do not explain why these documents are relevant to the securities fraud claims before this Court, other than to claim that they need the information for settlement discussions to be productive. *See* Mot. at 1-3. The request for documents produced to any regulatory authority in relation to any investigation risks producing documents irrelevant to the present action, and Lead Plaintiffs do not provide a sufficient explanation as to "what information these particular [requests] can be expected to generate," *Mori*, 802 F. Supp. 2d at 526, or why documents produced by third parties to this action in a Section 220 request or in advance of mediation are relevant either to this case or to ensuring "that the settlement of the Delaware Action . . . does not exhaust the resources available" for settlement in these actions, Mot. at 2. *See Faulkner*, 156 F. Supp. 2d at 404 (denying request to lift stay of discovery where documents produced in a separate action were not relevant to the claim at issue in case before the court); *Mori*, 802 F. Supp. 2d at 526 (denying request where plaintiffs did not explain what information the subpoenas could be expected to produce); *In re L.G. Phillips LCD Co. Sec. Litig.*, No. 07-cv-00909 (RJS), 2009 WL 10695549, at *1, *5 (S.D.N.Y. Feb. 19, 2009) (denying request for discovery of all documents produced in regulatory investigations where investigations were based on "conduct that was unrelated to securities fraud").

In sum, these broad requests are insufficiently particularized, and Lead Plaintiffs have not adequately explained why this broad swath of documents sought are relevant to the instant litigation.

4

## II. Undue Prejudice

Even if the discovery requests were sufficiently particularized, the Lead Plaintiffs have not demonstrated that they would be unduly prejudiced by the continued stay of discovery. Lead Plaintiffs make two arguments in support of their argument that the stay of discovery unduly prejudices them: (1) they need the same information as the plaintiffs in the Delaware Action to have productive settlement negotiations, and (2) the funds used to settle the Delaware Action might "limit or exhaust the pool of funds available here." Mot. at 2-3. Neither is persuasive.

As for the Lead Plaintiffs' settlement concerns, district courts in this Circuit have interpreted the term "undue prejudice" to mean "improper or unfair treatment amounting to something less than irreparable harm," *Mori*, 802 F. Supp. 2d at 524 (citation omitted), and have lifted stays of discovery under the PSLRA when "defendants would be unfairly shielded from liability through pursuit of their pending action" or in certain narrow circumstances "when plaintiffs would be placed at an unfair advantage to make informed decisions about litigation and settlement strategy without access to documents that form the core of the proceeding," *id.* (citation omitted), such as court-ordered global settlement proceedings where all other parties have access to certain documents central to those proceedings, *see In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305-06 (S.D.N.Y. 2002). However, the mere fact that a discovery stay could prevent plaintiffs "from collecting evidence to assist in potential settlement negotiations or plan their litigation strategy does not constitute undue prejudice . . . because the delay that [p]laintiffs will experience 'is an inherent part of every stay of discovery required by the PSLRA.'" *380554 Can., Inc. v. Aspen Tech., Inc.*, No. 07-cv-01204 (JFK), 2007 WL 2049738, at *4 (S.D.N.Y. July 18, 2007) (quoting *In re Smith*

5

*Barney Transfer Agent Litig.*, No. 05-cv-07583 (WHP), 2006 WL 1738078, at *2 (S.D.N.Y. June 26, 2006)). That is the case here.

Lead Plaintiffs' second argument is also unpersuasive. There is no indication, apart from Lead Plaintiffs' unsubstantiated assertions, that they are competing with the plaintiffs in the Delaware Action for "the limited assets of insolvent defendants." *Aspen Tech.*, 2007 WL 2049738, at *4. Lead Plaintiffs contend only that "Defendants have limited resources." Mot. at 2. Almost every entity necessarily has "limited" resources, and Lead Plaintiffs have not contended that Defendant Lottery or any of the individual Defendants are on the verge of insolvency or have claimed bankruptcy. *See, e.g.*, *Smith Barney*, 2006 WL 1738078, at *2 (refusing to find undue prejudice where plaintiffs offered "no evidence" that defendants "lack[ed] the resources needed to reach a settlement or satisfy a judgment").

Lead Plaintiffs' citations to *WorldCom*, *Waldman v. Wachovia Corp.*, *In re LaBranche Securities Litigation*, and *In re Delphi Corp.* are unavailing. *See* Mot. at 3 (citing *WorldCom*, 234 F. Supp. 2d at 306; *Waldman*, No. 08-cv-02913 (SAS), 2009 WL 86763, at *2 (S.D.N.Y. Jan. 12, 2009); *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 181-84 (S.D.N.Y. 2004); and *In re Delphi Corp.*, No. 05-md-01725, 2007 WL 518626, at *7 (E.D. Mich. Feb. 15, 2007)). In *WorldCom*, the court lifted the stay of discovery based on the "unique circumstances" of the case, in which plaintiffs might be "the only major interested party" in the various proceedings "without access to documents that currently form the core of those proceedings," putting them at a "disadvantage[]" in fast-approaching settlement discussions with an already bankrupt defendant. 234 F. Supp. 2d at 305-06. Those circumstances are not present here: Lead Plaintiffs are not participants in Court-ordered settlement discussions alongside non-PSLRA plaintiffs, as in *WorldCom*, nor is there any argument by Lead Plaintiffs that any of the Defendants are bankrupt. *LaBranche* and *Delphi Corp.* involved

6

similar extenuating circumstances. *See LaBranche*, 333 F. Supp. 2d at 182-84 (finding unique circumstances existed because defendant had agreed to a settlement of regulators' claims and if stay of discovery remained in place, plaintiffs would be "the only interested party without access" to sought-after documents); *Delphi Corp.*, 2007 WL 518626, at *6-7 (finding undue prejudice where several defendants had "already consented to substantial money judgments" in separate SEC action and parties in bankruptcy action had access to documents plaintiffs sought). Finally, in *Waldman*, the defendants and the SEC had reached a settlement that would "afford some compensation to the plaintiff class," forcing lead plaintiffs to determine whether to proceed with the case despite the settlement. 2009 WL 86763, at *2. The unique circumstances set forth in those cases are not present here. There is no settlement that will afford compensation to the plaintiff class requiring Lead Plaintiffs to decide whether to proceed with the case, *see id.*, nor is there any indication of a risk that Lead Plaintiffs could be prejudiced as a result of being the "only major interested party" without access to certain documents, *WorldCom*, 234 F. Supp.2d at 305. As a result, Lead Plaintiffs have failed to demonstrate that they will be unduly prejudiced by the stay of discovery.

## CONCLUSION

For the foregoing reasons, the Court denies the motion to lift the stay of discovery. The Clerk of Court is directed to terminate the motion at Dkt. 195.

Dated: December 26, 2024
      New York, New York

                                  SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge