UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: LOTTERY.COM, INC. SECURITIES LITIGATION | Civil Action No.: 1:22-cv-07111 (JLR)<br><br>**AFFIDAVIT OF STEVEN P. BENENSON IN SUPPORT OF JOINT MOTION TO WITHDRAW AS COUNSEL UNDER LOC. CIV. R. 1.4** |

Before me, the undersigned authority, personally appeared Steven P. Benenson, who being by me sworn, stated as follows:

1.     I am Of Counsel to Porzio, Bromberg & Newman, PC in New York City.  I and my firm serve as local counsel for defendant Lottery.com in the above-referenced securities fraud class action.  I have personal knowledge of the within matters, and they are true and correct.

2.     I was engaged by Lottery.com to represent it in this matter in January 2023, and filed my Notice of Appearance herein on March 20, 2023. [ECF No. 74].

3.     I submit this Affidavit under Loc. Civ. R. 1.4 in support of the joint motion with Lottery.com's lead counsel, Lars L. Berg of Kelly Hart & Hallman LLP, to withdraw as counsel.

4.     I have reviewed Mr. Berg's Affidavit, and based upon my knowledge and information, the statements contained therein are true and are incorporated herein.  The Court's attention is respectfully drawn to the Berg Affidavit for a detailed description of the bases for this motion.

1

7873983

5.    Lottery.com has failed to pay for significant legal services provided by Porzio in other matters related to this securities class action and a separate breach of fiduciary duty class action.

6.    These include four (4) separate matters responding to discovery demands filed in court under Delaware General Corporation Law Section 220 for the company's books and records,[1] and counseling on restructuring and insurance coverage matters. Monthly invoices totaling $25,381.22 for these services were rendered during the period from March 2023 through March 2024, and remain unpaid, despite numerous demands.

7.    In addition, my firm recently rendered a $3,978.63 invoice in this securities class action. Given the recent exhaustion of Lottery's insurance coverage that was willing to advance defense costs, it is unlikely that Lottery.com will be able to pay these fees.

8.    Porzio's standard engagement letter, several of which Lottery.com signed, reserves to the firm the right to withdraw as counsel *in any matter* if the client is in arrearages, even in an unrelated matter, and states that the client consents to our withdrawal:

> We will be submitting statements monthly, or as otherwise agreed. These statements will describe the services rendered, the attorney or paraprofessional rendering such services, and the amount of time spent performing such service. *Payment of these statements is not contingent upon any insurance coverage that the company may obtain absent a separate written agreement.*
>
> If you have any questions concerning any item appearing on your statement, it is your responsibility to bring your questions to our attention within 30 days of the date of the statement. Because we have our own expenses to pay on a regular basis, *we must reserve the right to suspend, postpone or defer the provision of additional services or discontinue our representation if our statements are not paid within 30 days.* If the firm is working on multiple matters for you simultaneously, the firm requires that billings on <u>all</u> matters be kept current as a condition of our continuing our work on those matters. Thus, *if payment of our fees is in arrears on one matter, we reserve the right to discontinue work on other matters we are handling for you, even if the other matters are unrelated to the matter in*

---

[1] The Court recently denied Plaintiffs' motion to lift the PSLRA's automatic discovery stay to obtain these and other materials. [ECF No. 202]

2

*arrears.* Any damage or loss suffered by you as a result of our failure to perform legal services or work in regard to this matter due to the failure to pay on time cannot be considered the fault of our firm. Likewise, *failure to pay an invoice within 30 days will constitute your consent for our withdrawal of our representation.* (emphasis added).

## Lottery.com Cannot Pay for Defense Costs

9.     Given the exhaustion of its insurance coverage, my firm has requested that Lottery.com advance a $125,000 retainer to continue representing it in the securities case and that it further bring current all of the other outstanding invoices. To date, Lottery.com has failed to respond to this request. Mr. Berg and I have had multiple communications with Lottery.com's General Counsel regarding this situation, beginning on October 11, 2024, and continuing through January 7, 2025. Although it was represented to us that Lottery.com is in discussions to obtain additional financing, we have not been notified that such financing has been finalized, or given any concrete assurances that the requested retainers would be paid, much less having actually received the retainers or been paid on the outstanding invoices. My efforts over the last three months to resolve this issue with Lottery.com's outside General Counsel — our only company contact — have been unavailing, leaving unpaid bills, exhausted insurance policies, and an unfulfilled request for a retainer.

## Conclusion

10.     For all of these reasons, and those also set forth in the Berg Affidavit and our joint letter memorandum, I respectfully request that the Court enter the submitted Order granting the joint motion of Kelly Hart & Hallman LLP and Porzio, Bromberg & Newman PC, and the individual lawyers in each firm, to withdraw as counsel for Lottery.com.

11.     Under Loc. Civ. R. 1.4, my firm is not asserting a retaining or charging lien.

3

7873983

Dated: January 9, 2025
New York, NY

Steven P. Benenson
PORZIO BROMBERG & NEWMAN, PC
1675 Broadway, Suite 1810
(973) 889-4339 phone
(973) 889-5146 fax
spbenenson@pbnlaw.com

Subscribed and sworn before me on January __9__, 2025

_____
(notary public signature)

_____
(notary public name)

DEBRA M. MIGLIORE
A Notary Public of New Jersey
My Commission Expires March 10, 2026

4

7873983