UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: LOTTERY.COM, INC. SECURITIES LITIGATION | Civil Action No.: 1:22-cv-07111 (JLR)<br><br>**AFFIDAVIT OF LARS L. BERG IN SUPPORT OF JOINT MOTION TO WITHDRAW AS COUNSEL UNDER LOC. CIV. R. 1.4** |

Before me, the undersigned authority, personally appeared Lars L. Berg, who being sworn, stated as follows:

**Introduction**

1.      I am a partner of Kelly Hart & Hallman LLP in Fort Worth, Texas.  I and my firm serve as lead counsel for defendant Lottery.com in the above-referenced securities fraud class action.  I have personal knowledge of the matters set forth herein, and they are true and correct.

2.      I was engaged by Lottery.com to represent it in this matter in January 2023, and was admitted *pro hac vice* herein on March 16, 2023. [ECF No. 72].

3.      I submit this Affidavit under Loc. Civ. R. 1.4 in support of the joint motion with Lottery.com's local counsel, Steven P. Benenson of Porzio, Bromberg & Newman, PC, to withdraw as counsel.

4.      The bases for this motion are that: 1) Lottery.com has not paid Kelly Hart's invoices in this matter, with a current balance of $48,735.72, despite repeated requests that the past due invoices be paid; 2) Lottery.com's first layers of insurance are exhausted and its remaining insurer has refused to pay the projected defense costs of Lottery.com and its individual covered former officers, who are also co-defendants in this action and the subjects of parallel governmental

1

7872531

investigations; 3) Lottery.com has not, despite repeated requests, advanced the requested substantial retainers required by both firms to defend this complex multi-party case; and, 4) Lottery.com has failed to pay for legal services provided by Porzio in other matters related to this securities class action and a separate breach of fiduciary duty class action.

### Lottery's Limited Insurance Coverage

5.      As the Court is aware, Lottery.com was formed by the merger of a Special Purpose Acquisition Corporation.  In conjunction with becoming a public company, Lottery.com obtained primary insurance coverage through XL Specialty ("XL") and secondary coverage through National Union Fire Insurance Company of Pittsburgh, PA ("National Union") for different periods.  For each security claim, XL's policy provided a maximum aggregate limit of $5 million and National Union's policy provided an aggregate limit of $2.5 million.  Both policies were subject to a $10 million self-insured retention ("SIR").  These are single limit policies, meaning that defense costs erode the amount available for damages, including any settlement or judgment. Under the policies, the SIR would not be required to be paid before the insurers began paying defense costs if Lottery.com could demonstrate that it was technically insolvent.  It is my understanding that Lottery.com provided financial records to both insurers that satisfied this requirement.[1]  Accordingly, those insurers were advancing defense costs up until those policies were recently exhausted, which occurred before my Firm's last two bills were paid.

6.      Under a reservation of rights, XL Specialty agreed to pay defense costs for Lottery.com and its separately represented former officers in this securities class action.  XL

---

[1] Lottery.com also obtained a second $2.5 million policy from Hudson above the National Union layer.  However, Hudson's counsel, Robert A. Benjamin of Kaufman Borgeest & Ryan LLP, advised me that Hudson required that Lottery.com satisfy the $10 million SIR by advancing defense costs *before* Hudson's coverage could be triggered. Because Lottery.com is technically insolvent, it cannot do so.

2

further agreed to pay the costs of responding to certain SEC subpoenas issued to the company's CEO, CFO and CRO as part of a single claim. The cumulative effect of these concurrent representations was to quickly deplete XL's primary insurance layer. National Union similarly agreed to pay the same defense costs subject to a reservation of rights. National Union's claim adjuster has recently advised that this policy is exhausted.[2]

### Lottery.com Cannot Pay for Defense Costs

7.      Given the exhaustion of all the insurance coverage for Lottery.com that was willing to advance defense costs, Kelly Hart requested that Lottery.com provide a $250,000 retainer to continue representing it. The Porzio firm has also requested a substantial retainer, as well as the payment of the firm's outstanding invoices in related matters. Mr. Benenson and I have had multiple communications with Lottery.com's General Counsel regarding this situation, beginning on October 11, 2024, and continuing through January 7, 2025. Although it was represented to us that Lottery.com is in discussions to obtain additional financing, we have not been notified that such financing has been finalized, or given any concrete assurances that the requested retainers would be paid, much less having actually received the retainers or been paid on the outstanding invoices. My efforts over the last three months to resolve this issue with Lottery.com's outside General Counsel — our only contact at Lottery.com —have been unavailing, leaving unpaid bills, exhausted insurance policies, and an unfulfilled request for a retainer.

---

[2] Because of the limited insurance assets available to Lottery.com, defense counsel raised with its insurers the prospect of exploring early mediation while the initial motions to dismiss were pending. I understand that National Union was willing to so participate, but then refused only *after* I approached plaintiffs' counsel and the parties had written a joint submission to the Court requesting a stay of the proceedings. [ECF Nos. 138 & 140]. The Court granted the stay [ECF No. 139 &141], but without National Union's participation, the mediation effort collapsed. Plaintiffs then sought to lift the stay and leave to file a Third Amended Complaint, which the Court granted. [ECF Nos. 147, 148]. Hoffman followed suit with his Second Amended Complaint. [ECF Nos. 149, 150]

7872531

## Conclusion

8.      For all of these reasons, and those also set forth in Mr. Benenson's Affidavit and our joint letter memorandum, I respectfully request that the Court enter the submitted Order granting the joint motion of Kelly Hart & Hallman LLP and Porzio, Bromberg & Newman PC, and the individual lawyers in each firm, to withdraw as counsel for Lottery.com.

9.      Under Loc. Civ. R. 1.4, my firm is not asserting a retaining or charging lien.


Dated: January **8**, 2025
Fort Worth, TX



Lars L. Berg
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
(817) 332-2500 phone
(817) 878-9280 fax
lars.berg@kellyhart.com


Subscribed and sworn before me on January 8, 2025


_____
(notary public signature)

Mary Ann Delf
_____
(notary public name)

MARY ANN DELF
Notary Public
STATE OF TEXAS
Notary ID # 1388457
My Comm. Exp. August 28, 2028

7872531