# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

RYAN DICKINSON,

Defendant.

**SUPERSEDING
INFORMATION**

S2 25 Cr. 61 (AKH)

## COUNT ONE

### (Conspiracy to Commit Securities Fraud, to Make False and Misleading Statements in Proxy Statements, and Make False Filings with the SEC)

The United States Attorney charges:

1.      From at least in or about November 2020 through at least in or about May 2022, in the Southern District of New York and elsewhere, RYAN DICKINSON, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5; solicitation of proxies through false and misleading statements, in violation of Title 15, United States Code, Sections 78n(a) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.14a-3 and 240.14a-9(a); and making false and misleading statements of material fact in applications, reports, and documents required to be filed with the Securities Exchange Commission ("SEC") under the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder, in violation of Title 15, United States Code, Sections 78m(a) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13, and 244.100(b).

2. It was a part and an object of the conspiracy that RYAN DICKINSON, the defendant, and others known and unknown, including a coconspirator not named as a defendant herein ("CC-1"), willfully and knowingly, directly and indirectly, by use of a means and instrumentality of interstate commerce and of the mails, and of a facility of a national securities exchange, would and did use and employ, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of material fact and omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

3. It was a further part and an object of the conspiracy that RYAN DICKINSON, the defendant, and others known and unknown, including CC-1, willfully and knowingly, by use of the mails and by a means and instrumentality of interstate commerce and of a facility of a national securities exchange and otherwise, would and did solicit and permit the use of the name of CC-1 to solicit a proxy and consent and authorization in respect of a security issued by Trident Acquisitions Corp. ("TDAC"), in violation of Title 17, Code of Federal Regulations, Sections 240.14a-3 and 240.14a-9, by soliciting by means of a proxy statement, form of proxy, notice of meeting and other communication, written and oral, containing a statement which, at the time and in light of the circumstances under which it is made, is false and misleading with respect to a material fact, and which omits to state a material fact necessary in order to make the statements therein not false and misleading and necessary to correct a statement in an earlier communication

2

with respect to the solicitation of a proxy for the same meeting and subject matter which has become false or misleading, in violation of Title 15, United States Code, Sections 78n(a) and 78ff.

4.      It was a further part and an object of the conspiracy that RYAN DICKINSON, the defendant, and others known and unknown, including CC-1, willfully and knowingly, would and did make, and cause to be made, a statement in an application, report, and document required to be filed with the SEC under the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder, which statement was false and misleading with respect to a material fact, in violation of Title 15, United States Code, Sections 78m(a) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13, and 244.100(b).

## Overt Acts

5.      In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed and caused to be committed in the Southern District of New York and elsewhere:

a.  On or about July 7, 2021, CC-1 signed and caused to be filed a Form S-4 registration statement and proxy statement for TDAC in connection with a contemplated acquisition of AutoLotto.[1]

---

[1] In this Information, "AutoLotto" refers to the private company AutoLotto, Inc., d/b/a Lottery.com, before its business combination with Trident Acquisitions Corp. ("TDAC"), and "Lottery.com" refers to Lottery.com Inc., the combined public company that resulted from business combination of TDAC and AutoLotto.

3

b. On or about August 12, 2021, CC-1 signed and caused to be filed a Form S-4 registration statement and proxy statement for TDAC in connection with a contemplated acquisition of AutoLotto.

c. On or September 20, 2021, CC-1 signed and caused to be filed a Form S-4 registration statement and proxy statement for TDAC in connection with a contemplated acquisition of AutoLotto.

d. On or about October 5, 2021, CC-1 signed and caused to be filed a Form S-4 registration statement and proxy statement for TDAC in connection with a contemplated acquisition of AutoLotto.

e. On or about October 18, 2021, CC-1 approved and caused to be filed a proxy statement for TDAC in connection with a contemplated acquisition of AutoLotto.

f. On or about April 1, 2022, RYAN DICKINSON, the defendant, and other executives of Lottery.com signed and caused to be filed an annual report on Form 10-K for Lottery.com.

g. On or about May 16, 2022, DICKINSON signed and caused to be filed a quarterly report on Form 10-Q for Lottery.com.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Securities Fraud)

The United States Attorney further charges:

6. From at least in or about November 2020 through at least in or about May 2022, in the Southern District of New York and elsewhere, RYAN DICKINSON, the defendant, willfully and knowingly, directly and indirectly, by use of a means and an instrumentality of interstate commerce and of the mails, and of a facility of a national securities exchange, used and employed,

4

in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, DICKINSON and others, including CC-1, engaged in a scheme to fraudulently inflate AutoLotto's and Lottery.com's reported revenue and, in the course of such scheme, made material misrepresentations and misleading omissions about (a) AutoLotto's and Lottery.com's revenue and financial condition and (b) the circumstances of AutoLotto's acquisition of ownership stakes in two gaming companies based in Mexico (together, the "Mexico Gaming Companies").

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## COUNT THREE
### (False SEC Filings)

The United States Attorney further charges:

7. From at least in or about November 2021 through in or about May 2022, in the Southern District of New York and elsewhere, RYAN DICKINSON, the defendant, willfully and knowingly, made, and caused to be made, a statement in an application, report, and document required to be filed with the SEC under the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder, which statement was false and misleading with respect to a material fact, to wit, DICKINSON caused to be filed with the SEC quarterly filings on Form 10-Q, press releases on Form 8-K, and an annual report on Form 10-K, regarding Lottery.com's

5

financial results for the third quarter of 2021, year-end 2021, and the first quarter of 2022, that omitted material facts and contained misleading statements.

(Title 15, United States Code, Sections 78m(a) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13, and 244.100(b); and Title 18, United States Code, Section 2)

## COUNT FOUR

### (Improperly Influencing the Conduct of Audits)

The United States Attorney further charges:

8.      From at least in or about 2021 through at least in or about 2022, in the Southern District of New York and elsewhere, RYAN DICKINSON, the defendant, willfully and knowingly, as an officer and director of an issuer, took an action to fraudulently influence, coerce, manipulate, and mislead an independent public and certified accountant engaged in the performance of an audit of the financial statements of the issuer for the purpose of rendering such financial statements materially misleading, by, directly and indirectly, (a) making, and causing to be made, materially false and misleading statements to an accountant, and (b) omitting to state, and causing another person to omit to state, a material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant; with these false statements and omissions being in connection with an audit, review and examination of the required financial statements of the issuer and the preparation and filing a document and report required to be filed with the SEC, to wit, DICKINSON made affirmative misrepresentations to Lottery.com's outside auditors and intentionally withheld information from those auditors, regarding (a) Lottery.com's reported

6

revenue, its financial condition and (b) the circumstances of its acquisition of ownership stakes in the Mexico Gaming Companies in 2021 and in 2022.

(Title 15, United States Code, Sections 7242, and 78ff; Title 17, Code of Federal Regulations, Section 240.13b2-2; and Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATIONS

9. As a result of committing the offenses alleged in Counts One, Two, and Three of this Information, RYAN DICKINSON, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853;
Title 28, United States Code, Section 2461.)

JAY CLAYTON
United States Attorney

7