GLANCY PRONGAY WOLKE & ROTTER

The request to lift the stay is GRANTED. This Court will continue to preside over the matter. The parites shall meet and confer and, by July 21, 2026, propose a briefing schedule for Defendants' response to Plaintiffs' Fifth Amended Complaint. The Clerk of Court is respectfully directed to lift the stay and to close the motion at Dkt. 255.

Casey E. Sadler
csadler@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, California 90067
T: (310) 201-9150

Dated: July 16, 2026
New York, New York

**SO ORDERED.**

Jennifer Rochon

**JENNIFER L. ROCHON**
**United States District Judge**

July 15, 2026

**VIA ECF**

Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *In re: Lottery.com, Inc. Sec. Litig.*, 1:22-cv-07111-JLR (S.D.N.Y.)

Dear Judge Rochon:

We represent Lead Plaintiffs RTD Bros LLC, Todd Benn, Tom Benn, and Tomasz Rzedzian in the above-referenced securities fraud class action. We write respectfully to ask the Court to: (i) lift the stay of proceedings the Court entered at the request of the United States Attorney's Office for the Southern District of New York to remain in place during the pendency of the parallel criminal proceedings in *United States v. Komissarov et al.*, 25 Cr. 61 (AKH) (S.D.N.Y.) (the "Criminal Case"), *see* ECF No. 251 (Stay Order); and (ii) refer this action to the Honorable Alvin K. Hellerstein, who presided over the Criminal Case, for his consideration of whether to accept transfer in the interest of judicial economy.

The Court stayed all proceedings in this action "until the completion of the Criminal Case." ECF No. 251. Two of the defendants in the Criminal Case, Ryan Dickinson and Matthew Clemenson, pled guilty to securities fraud on May 22, 2025. *See United States v. Komissarov et al.*, 25 Cr. 61 (AKH) (S.D.N.Y.), at ECF No. 30. The third defendant in the Criminal Case, Vadim Komissarov, pled guilty to securities fraud on February 3, 2026 (*see id.*, at ECF No. 58) and was sentenced on June 24, 2026. *See id.*, at Minute Entry 06/24/2026. Dickinson and Clemenson have not yet been sentenced. Nonetheless, we have conferred with Assistant United States Attorney Justin Rodriguez, the prosecutor responsible for the Criminal Case, and the Government does not oppose the entry of an Order lifting the stay.

Turning to the issue of transfer, we respectfully request that the Court refer this action to the Honorable Alvin K. Hellerstein for his consideration of whether to accept transfer pursuant to Rule 14 of the Rules for the Division of Business Among District Judges of the Southern District of New York ("Rule 14"). Judge Hellerstein has presided over the related criminal proceedings, including the guilty pleas of three of the four Individual Defendants in the instant action, and

accordingly has developed substantial familiarity with the underlying facts. In light of that familiarity, and to avoid consideration of arguments in this civil action that may be inconsistent with the positions taken by the defendants in the Criminal Case, Plaintiffs respectfully submit that referral to Judge Hellerstein for his consideration may promote judicial economy and serve the interests of justice.

We have conferred with Defendants. Defendants Komissarov and DiMatteo oppose the transfer of this action to Judge Hellerstein's docket, and Defendants Lottery.com, Inc., Dickinson and Clemenson did not state their position. Specifically, Defendant Komissarov stated:

> We are of the view that the case should stay with Judge Rochon.
>
> Judge Rochon has familiarity with the case, which she has been overseeing since 2022, and the matter has been stayed for a short time, only since September 2025. In any event, under the Court's Rules for the Division of Business Among District Judges, "Criminal cases are not treated as related to civil cases." Rule 13(a)(2)(C). *See also United States v. Siso*, 1998 U.S. Diet. LEXIS 7642, at *5 (S.D.N.Y. May 21, 1998) (same) (Chin, J.).

As noted above, however, Plaintiffs are requesting that this Court and Judge Hellerstein consider a discretionary transfer under Rule 14 due to the significant factual and legal overlap between the two cases, and are not seeking to have the cases deemed related or transferred pursuant to Rule 13. Though Your Honor has presided over this case since 2022, this matter is still in its early stages and the parties have not engaged in any discovery. *See* ECF No. 202 (denying Plaintiffs' letter-motion to lift the PSLRA discovery stay); *see generally* 15 U.S.C. § 78u-4(b)(3)(B) ("all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" subject to certain exceptions). Thus, Plaintiffs respectfully submit that the transfer of this action to Judge Hellerstein will not unduly delay the litigation.

We thank the Court for its consideration of these requests.

Respectfully submitted,

*/s/ Casey E. Sadler*

Casey E. Sadler

cc: All counsel of record (via ECF)